UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANGELICA JUNIOUS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | Honorable Judge Edmond E. Chang |
| **SGT. W. BAKER #3159,** ) | |
| **R/O C. CHENGARY #16269,** ) | |
| **R/LT PURCELL #758** ) | Magistrate Judge Maria Valdez |
| **JOHN DOE DEPUTY SHERIFFS,** ) | |
| **JANE DOE DEPUTY SHERIFFS** ) | |
| **COOK COUNTY SHERIFF** ) | |
| **TOM DART,** ) | |
| **and COOK COUNTY, ILLINOIS,** ) | **JURY DEMAND** |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANGELICA JUNIOUS, by and through her attorneys, C. NORRIS LAW GROUP, LLC, and in support of her First Amended Complaint against the Defendants, SGT. W. BAKER #3159, R/O C. CHENGARY #162679, R/LT PURCELL #758 and JOHN DOE DEPUTY SHERIFFS, JANE DOE DEPUTY SHERIFFS, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a Municipal Corporation, states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, the federal laws of the United States, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, ANGELICA JUNIOUS, accomplished by acts and/or omissions of the Defendants, SGT. W. BAKER #3159, R/O C. CHENGARY #162679, R/LT PURCELL #758 and JOHN DOE DEPUTY SHERIFFS, JANE DOE DEPUTY SHERIFFS,

COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 as this matter involves issues of federal law and supplemental jurisdiction of the State of Illinois is proper.

3. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(b) because it is the judicial district in which the events or omissions giving rise to the claims occurred.

## PARTIES

4. At all relevant times, the Plaintiff, ANGELICA JUNIOUS, was a resident of the state of Illinois who was incarcerated at the Cook County Jail as a pre-trial detainee.

5. The Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #162679, R/LT PURCELL #758, JOHN DOE DEPUTY SHERIFFS, and JANE DOE DEPUTY SHERIFFS were acting within their scope of employment and under color of law.

6. The Defendant COOK COUNTY SHERIFF TOM DART was acting in his individual and official capacity as the duly elected and authorized sheriff of Cook County, Illinois.

7. The Defendant COOK COUNTY, ILLINOIS is a municipal corporation duly incorporated in the State of Illinois.

## FACTS

8. On or about December 30, 2021, the Plaintiff, a female, was escorted from her cell in a female-only tier of the Cook County Jail by Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE DEPUTY SHERIFF, and JOHN DOE DEPUTY SHERIFF to a cell #3149 in Cermak Floor 3SE (Isolation Unit) in Cook County Jail.

9. On or about December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS knew that Detainee Steven McKinnie, a male, resided in cell #3151.

10. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFF, and JOHN DOE DEPUTY SHERIFF knew Plaintiff, a woman, resided in Cell #3149.

11. Defendants SGT. W. BAKER #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JOHN DOE DEPUTY SHERIFFS, JANE DOE DEPUTY SHERIFFS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, had been aware of a pervasive issue involving the lock of the door that connects cells #3149 and #3151.

12. Upon arrival at the cell in Cermak Floor 3SE (Isolation Unit) Plaintiff, ANGELICA JUNIOUS, informed DEFENDANT SGT. W. BAKER, #3159 that the window of her cell door connecting to cell #3151 had been broken open by the previous occupant, leaving glass on the floor.

13. When Defendant SGT. W. BAKER, #3159, JANE DOE SHERIFFS, and JOHN DOE SHERIFFS became aware of the broken window, they attempted to resolve this by placing a COVID medical gown over the broken, open window.

14. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE SHERIFFS and JOHN DOE SHERIFFS were patrolling for the entirety of Angelica's placement prior to the sexual assault and knew of the dangerous conditions she was subjected to. These conditions include, but are not limited to, a broken window on the separating door, a malfunctioning chuckhole and lock the separating door, a male detainee being housed in the adjoining cell, and lack of supervision between the two cells at the time of the assault.

15. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS did not ameliorate this situation despite the ample opportunity they had to protect Plaintiff.

16. Some time prior to McKinnie's entry into Plaintiff's cell, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS knew the door was broken, unsecured and open with ample time to fix the door to prevent Steven McKinnie's entry.

17. Detainee Steven McKinnie entered Plaintiff, Angelica Junious' cell.

18. Steven A. McKinnie sexually assaulted the Plaintiff after his entrance into Plaintiff's isolation cell.

19. It was only after the completion of the attack that Defendants R/O CHENGARY #16269, SGT. W. BAKER, #3159, and JOHN DOE SHERIFFS took Plaintiff's report and moved her from cell #3149 in Cermak Floor 3SE (Isolation Unit).

20. On December 30, 2021, detainee Steven McKinnie raped the Plaintiff, and she was severely injured as a result.

## COUNT I: 42 U.S.C. § 1983 - FAILURE TO PROTECT

21. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-20 as though fully set forth herein.

22. Defendants SGT. W. BAKER #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JOHN DOE DEPUTY SHERIFFS, JANE DOE DEPUTY SHERIFFS, had the duty and obligation to protect the Plaintiff ANGELICA JUNIOUS from being sexually assaulted by Inmate Steven McKinnie.

23. The Defendants strongly suspected facts showing that Plaintiff would be at risk for sexual assault and eventually harmed. These facts include but are not limited to housing Plaintiff among male inmates in a room with a failing locking mechanism and a broken window. The Defendants, in response to these harmful facts, failed to take reasonable measures to prevent this harm.

24. Defendants had the ability to prevent the harm they strongly suspected would occur to the Plaintiff ANGELICA JUNIOUS by measures including but not limited to housing the Plaintiff ANGELICA JUNIOUS in a different location in the jail upon learning of the broken door that they had repaired.

25. On December 30, 2021, Defendants Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS were aware that the inner door between cells #3149 and #3151 was broken, unsecured, and open with enough notice to have prevented the assault.

26. Even though Defendants strongly suggested that Plaintiff would be sexually assaulted as well as their ability to prevent the Plaintiff from experiencing a physical attack, the Defendants consciously and deliberately ignored the clear danger to the Plaintiff ANGELICA JUNIOUS and failed to protect the Plaintiff ANGELICA JUNIOUS from said sexual assault by detainee Steven McKinnie.

27. The actions of Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY OFFICERS and JOHN DOE DEPUTY SHERIFFS constituted a violation of the Plaintiff, ANGELICA JUNIOUS' Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

28. As a result of the actions, and/or omissions of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, and JOHN DOE SHERIFFS, suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

**WHEREFORE**, the Plaintiff, ANGELICA JUNIOUS respectfully prays for judgment in his favor against Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, and JOHN DOE SHERIFFS jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT II: 42 U.SC. § 1983 – STATE-CREATED DANGER

29. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-28 as though fully set forth herein.

30. Plaintiff ANGELICA JUNIOUS was in the custody of Defendants on or around December 30, 2021.

31. At all times mentioned herein, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE SHERIFFS and JOHN DOE SHERIFFS were employed by Defendant COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois.

32. At all times mentioned herein, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE SHERIFFS, and JOHN DOE SHERIFFS were acting within the scope of their employment with Defendant COOK COUNTY, ILLINOIS.

33. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS and JOHN DOE DEPUTY SHERIFFS, knew that inmate Steven McKinnie was a male housed in the cell that had a connecting door to the cell that Plaintiff, a female, was housed in.

34. Any knowledge of males and females being housed adjacent to each other during incarceration with any possibility of physical interaction, particularly of a male interacting with a female, creates a strong likelihood of harm.

35. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS, knew that the connecting door between the cell that Plaintiff was housed in and the cell that Steven McKinnie resided in was malfunctioning for a significant amount of time prior to Plaintiff's sexual assault.

36. Despite this awareness, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS SHERIFFS, and JOHN DOE DEPUTY SHERIFFS placed Plaintiff ANGELICA JUNIOUS in the faulty cell with insufficient protection from physical intrusion by a male inmate.

37. Prior to being transferred, Plaintiff ANGELICA JUNIOUS was in relative safety within her previous cell.

38. The actions of Defendants shock the conscience. Defendants took affirmative steps to order Plaintiff to stay in a cell separated by a male inmate with only a faulty and ajar door and proceeded to walk away from the situation without proper supervision in place.

39. Such affirmative actions taken by the Defendants violated Plaintiff ANGELICA JUNIOUS' due process rights under the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983.

40. As a result of the actions of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE OFFICERS, and JOHN DOE SHERIFFS, the Plaintiff, ANGELICA JUNIOUS, suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

**WHEREFORE**, the Plaintiff, ANGELICA JUNIOUS respectfully prays for judgment in his favor against Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS and JOHN DOE DEPUTY SHERIFFS, individually and jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT III: WILLFUL & WANTON NEGLIGENCE

41. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-40 as though fully set forth herein.

42. At all times herein mentioned, the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JOHN DOE DEPUTY SHERIFFS, and COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, through its employees and agents, acted with willful and wanton negligence towards Plaintiff.

43. At all times mentioned, Plaintiff ANGELICA JUNIOUS, was held in pre-trial detention at Cook County Jail by Defendants COOK COUNTY SHERIFF TOM DART and COOK COUNTY, ILLINOIS.

44. The Defendants strongly suspected facts showing that Plaintiff would be at risk for sexual assault and eventually harmed. These facts include but are not limited to housing Plaintiff among male inmates in a room with a failing locking mechanism and a broken window. The Defendants, in response to these harmful facts, failed to take reasonable measures to prevent this harm.

45. Defendants had the ability to prevent the harm they strongly suspected would occur to the Plaintiff ANGELICA JUNIOUS by measures including but not limited to housing the Plaintiff ANGELICA JUNIOUS in a different location in the jail upon learning of the broken door that they had repaired.

46. Despite the fact that Defendants strongly suggested that Plaintiff would be sexually assaulted as well as their ability to prevent the Plaintiff from experiencing a physical attack, the Defendants consciously and deliberately ignored the clear danger to the Plaintiff ANGELICA JUNIOUS.

47. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS ordered Plaintiff ANGELICA JUNIOUS to remain in the defective and dangerous cell despite the strong likelihood of harm being brought to Plaintiff.

48. On December 30, 2021, SGT. W. BAKER, #3159, R/O CHENGARY #16269, JOHN DOE DEPUTY SHERIFFS, and COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS knew that the window in the door separating the Plaintiff from male inmate McKinnie was broken and that the door itself was broken, unsecured, and open with ample time to correct said door to prevent McKinnie entry to Plaintiff's cell.

49. On or about December 30, 2021, inmate McKinnie raped Plaintiff ANGELICA JUNIOUS.

50. On or about December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS and JOHN DOE SHERIFFS learned of inmate McKinnie engaging in sexual acts with Plaintiff ANGELICA JUNIOUS.

51. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS knew that such acts or omissions had a substantial likelihood of creating or furthering serious bodily harm to Plaintiff ANGELICA JUNIOUS.

52. These acts and omissions by Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269,R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, JOHN DOE DEPUTY

SHERIFFS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS constituted willful and wanton conduct towards the safety and well-being of Plaintiff ANGELICA JUNIOUS in one or more of the following respects:

a.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to properly fix the problematic door separating Plaintiff from a detainee of the opposite sex.

b.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to acknowledge and resolve the broken window and chuckhole of the connecting door.

c.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to intervene when it was strongly suspected that inmate McKinnie would sexually assault the Plaintiff ANGELICA JUNIOUS.

d.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to monitor and ensure the connecting door between cells 3149 and 3151 was kept closed, allowing inmate McKinnie to sexually assault the Plaintiff ANGELICA JUNIOUS.

e.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to heed clear signs of danger when evaluating the broken door and window and proceeded to order Plaintiff ANGELICA JUNIOUS to remain in the hazardous cell.

f.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to take into consideration Inmate McKinnie's past violent interactions with other inmates.

g.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to take into consideration Inmate McKinnie's past history of aiding in breaking open locks within the prison facility.

53.  As a proximate result of the willful and wanton conduct of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE SHERIFFS, JOHN DOE DEPUTY SHERIFFS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, the Plaintiff, ANGELICA JUNIOUS, has suffered, and will continue to suffer severe physical harm, fear, anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms.

**WHEREFORE**, the Plaintiff, ANGELICA JUNIOUS respectfully prays for judgment in his favor against Defendant, COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY OFFICERS, and JOHN DOE DEPUTY SHERIFFS, individually and as agents of COOK COUNTY SHERIFF TOM DART and COOK COUNTY, ILLINOIS, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT IV: RESPONDEAT SUPERIOR

54. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-53 of Counts I-III as though fully set forth herein.

55. In committing the acts alleged in this First Amended Complaint, each of the individually named Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS and JOHN DOE DEPUTY SHERIFFS, were employees of and agents of COOK COUNTY SHERIFF TOM DART, acting at all relevant times within the scope of their employment.

56. Defendant COOK COUNTY SHERIFF TOM DART, is liable as principal for all torts in violation of state law committed by his agents and employees.

57. The Plaintiff, ANGELICA JUNIOUS, has suffered, and will continue to suffer severe physical harm, fear, anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms as a direct and proximate result of the conduct by the individual Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS employed by Defendant COOK COUNTY SHERIFF TOM DART.

**WHEREFORE**, the Plaintiff ANGELICA JUNIOUS, prays for judgment in his favor and against the Defendants COOK COUNTY SHERIFF TOM DART for the compensatory damages of its employees, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE SHERIFFS and JOHN DOE DEPUTY SHERIFFS, plus costs.

### COUNT V: INDEMNIFICATION - COOK COUNTY, ILLINOIS

58. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-57 as though fully set forth herein.

59. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

60. Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, JOHN DOE DEPUTY SHERIFFS acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS be found liable for the acts alleged above, the Defendant COOK COUNTY, ILLINOIS would be liable to pay the Plaintiff any judgment obtained against said Defendants.

### JURY DEMAND

The Plaintiff, ANGELICA JUNIOUS, hereby requests a trial by jury.

Respectfully submitted,

/s/ *Brian Orozco*
BRIAN OROZCO
Attorney for Plaintiff
C. Norris Law Group, LLC
900 West Jackson Blvd., Suite 6E
Chicago, Illinois 60607
P: 773-998-8861
E: brian@cnnorrislaw.com