# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGELICA JUNIOUS,<br><br>　　Plaintiff,<br><br>v.<br><br>SGT. W. BAKER, et al.<br><br><br>　　Defendants. | Case No. 22-cv-3681<br><br>Honorable Judge Edmond E. Chang<br>Magistrate Judge Maria Valdez<br><br>JURY DEMAND |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, SGT. W. BAKER, OFFICER C. CHENGARY, OFFICER PURCELL, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY ("Defendants"), through their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorneys ANTONIO LEE and AMANDA CHRISTINE GUERTLER, and answer Plaintiff ANGELICA JUNIOUS ("Plaintiff") Complaint, Dkt. No. 1, as follows:

## JURISDICTION AND VENUE

1.　This action is brought pursuant to the United States Constitution, the federal laws of the United States, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, ANGELICA JUNIOUS, accomplished by acts and/or omissions of the Defendants, SGT. W. BAKER #3159, R/O C. CHENGARY #162679, R/LT PURCELL #758 and JOHN DOE DEPUTY SHERIFFS, JANE DOE DEPUTY SHERIFFS,COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, committed under color of law.

**ANSWER: Defendants admit Plaintiff brings this lawsuit under 42 U.S.C. §1983, and**

1

**the laws of the State of Illinois.** *See* **Dkt. No. 1. Defendants deny the remaining allegations asserted in Paragraph 1.**

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 as this matter involves issues of federal law and supplemental jurisdiction of the State of Illinois is proper.

    **ANSWER: Defendants admit the allegations asserted in Paragraph 2.**

3.  Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(b) because it is the judicial district in which the events or omissions giving rise to the claims occurred.

    **ANSWER: Defendants admit venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division. Defendants deny the remaining allegations asserted in Paragraph 3.**

## PARTIES

4.  At all relevant times, the Plaintiff, ANGELICA JUNIOUS, was a resident of the state of Illinois who was incarcerated at the Cook County Jail as a pre-trial detainee.

    **ANSWER: Defendants admit the allegations asserted in Paragraph 4.**

5.  The Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #162679, R/LT PURCELL #758, JOHN DOE DEPUTY SHERIFFS, and JANE DOE DEPUTY SHERIFFS were acting within their scope of employment and under color of law.

    **ANSWER: Defendants admit they were acting in the scope of their employment under color of law during the alleged occurrence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations asserted in paragraph 5.**

6.  The Defendant COOK COUNTY SHERIFF TOM DART was acting in his individual and

official capacity as the duly elected and authorized sheriff of Cook County, Illinois.

**ANSWER: Defendant Cook County Sheriff Dart admits to acting in his individual and official capacities as the duly elected and authorized sheriff of Cook County, Illinois during the relevant time period for the alleged occurrence. Defendants deny the remaining allegations asserted in Paragraph 6.**

7. The Defendant COOK COUNTY, ILLINOIS is a municipal corporation duly incorporated in the State of Illinois.

**ANSWER: Defendants admit Defendant Cook County is a body politic and corporate under Illinois law. Defendants deny the remaining allegations asserted in Paragraph 7.**

## FACTS

8. On or about December 30, 2021, the Plaintiff, a female, was escorted from her cell in a female-only tier of the Cook County Jail by Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE DEPUTY SHERIFF, and JOHN DOE DEPUTY SHERIFF to a cell #3149 in Cermak Floor 3SE (Isolation Unit) in Cook County Jail.

**ANSWER: Defendants admit that Plaintiff was present in cell #3149 in Cermak on tier 3SE in Cook County Jail. Defendants deny the remaining allegations asserted in Paragraph 8.**

9. On or about December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS knew that Detainee Steven McKinnie, a male, resided in cell #3151.

**ANSWER: Defendant Chengary admits her knowledge of inmate Steven McKinnie's detention in cell #3151 on tier 3SE in Cook County Jail. Defendants deny the remaining allegations asserted in Paragraph 9.**

10. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758,

JANE DOE DEPUTY SHERIFF, and JOHN DOE DEPUTY SHERIFF knew Plaintiff, a woman, resided in Cell #3149.

**ANSWER: Defendant Chengary admits her knowledge of Plaintiff's detention in cell #3149. Defendants deny the remaining allegations asserted in Paragraph 10.**

11. Defendants SGT. W. BAKER #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JOHN DOE DEPUTY SHERIFFS, JANE DOE DEPUTY SHERIFFS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, had been aware of a pervasive issue involving the lock of the door that connects cells #3149 and #3151.

**ANSWER: Defendants deny the allegations asserted in Paragraph 11.**

12. Upon arrival at the cell in Cermak Floor 3SE (Isolation Unit) Plaintiff, ANGELICA JUNIOUS, informed DEFENDANT SGT. W. BAKER, #3159 that the window of her cell door connecting to cell #3151 had been broken open by the previous occupant, leaving glass on the floor.

**ANSWER: Defendants deny the allegations asserted in Paragraph 12.**

13. When Defendant SGT. W. BAKER, #3159, JANE DOE SHERIFFS, and JOHN DOE SHERIFFS became aware of the broken window, they attempted to resolve this by placing a COVID medical gown over the broken, open window.

**ANSWER: Defendants deny the allegations asserted in Paragraph 13.**

14. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE SHERIFFS and JOHN DOE SHERIFFS were patrolling for the entirety of Angelica's placement prior to the sexual assault and knew of the dangerous conditions she was subjected to. These conditions include, but are not limited to, a broken window on the separating door, a malfunctioning chuckhole and lock the separating door, a male detainee being housed in the adjoining cell, and lack of supervision between the two cells at the time of the assault.

4

**ANSWER: Defendants deny the allegations asserted in Paragraph 14.**

15. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS did not ameliorate this situation despite the ample opportunity they had to protect Plaintiff.

**ANSWER: Defendants deny the allegations asserted in Paragraph 15.**

16. Some time prior to McKinnie's entry into Plaintiff's cell, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS knew the door was broken, unsecured and open with ample time to fix the door to prevent Steven McKinnie's entry.

**ANSWER: Defendants deny the allegations asserted in Paragraph 16.**

17. Detainee Steven McKinnie entered Plaintiff, Angelica Junious' cell.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 17.**

18. Steven A. McKinnie sexually assaulted the Plaintiff after his entrance into Plaintiff's isolation cell.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 18.**

19. It was only after the completion of the attack that Defendants R/O CHENGARY #16269, SGT. W. BAKER, #3159, and JOHN DOE SHERIFFS took Plaintiff's report and moved her from cell #3149 in Cermak Floor 3SE (Isolation Unit).

**ANSWER: Defendants Chengary and Baker admit to being notified about the alleged occurrence. Defendants admit Plaintiff was transferred from cell #3149 in Cermak Floor 3SE. Defendants deny the remaining allegations asserted in Paragraph 19.**

5

20. On December 30, 2021, detainee Steven McKinnie raped the Plaintiff, and she was severely injured as a result.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 20.**

## COUNT I: 42 U.S.C. § 1983 - FAILURE TO PROTECT

21. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-20 as though fully set forth herein.

**ANSWER: Defendants incorporate and reassert their responses to Paragraphs 1-20 above, as though fully set forth herein.**

22. Defendants SGT. W. BAKER #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JOHN DOE DEPUTY SHERIFFS, JANE DOE DEPUTY SHERIFFS, had the duty and obligation to protect the Plaintiff ANGELICA JUNIOUS from being sexually assaulted by Inmate Steven McKinnie.

**ANSWER: Defendants Baker, Chengary, and Purcell acknowledge their duties and responsibilities imposed by law. Defendants deny the remaining allegations asserted in Paragraph 22.**

23. The Defendants strongly suspected facts showing that Plaintiff would be at risk for sexual assault and eventually harmed. These facts include but are not limited to housing Plaintiff among male inmates in a room with a failing locking mechanism and a broken window. The Defendants, in response to these harmful facts, failed to take reasonable measures to prevent this harm.

**ANSWER: Defendants deny the allegations asserted in Paragraph 23.**

24. Defendants had the ability to prevent the harm they strongly suspected would occur to the Plaintiff ANGELICA JUNIOUS by measures including but not limited to housing the Plaintiff

ANGELICA JUNIOUS in a different location in the jail upon learning of the broken door that they had repaired.

**ANSWER: Defendants deny the allegations asserted in Paragraph 24.**

25. On December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS were aware that the inner door between cells #3149 and #3151 was broken, unsecured, and open with enough notice to have prevented the assault.

**ANSWER: Defendants deny the allegations asserted in Paragraph 25.**

26. Even though Defendants strongly suggested that Plaintiff would be sexually assaulted as well as their ability to prevent the Plaintiff from experiencing a physical attack, the Defendants consciously and deliberately ignored the clear danger to the Plaintiff ANGELICA JUNIOUS and failed to protect the Plaintiff ANGELICA JUNIOUS from said sexual assault by detainee Steven McKinnie.

**ANSWER: Defendants deny the allegations asserted in Paragraph 26.**

27. The actions of Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY OFFICERS and JOHN DOE DEPUTY SHERIFFS constituted a violation of the Plaintiff, ANGELICA JUNIOUS' Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

**ANSWER: Defendants deny the allegations asserted in Paragraph 27.**

28. As a result of the actions, and/or omissions of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, and JOHN DOE SHERIFFS, suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

**ANSWER: Defendants deny the allegations asserted in Paragraph 28.**

## COUNT II: 42 U.SC. § 1983 – STATE-CREATED DANGER

29. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-28 as though fully set forth herein.

**ANSWER: Defendants incorporate and reassert their responses to Paragraphs 1-28 above, as though fully set forth herein.**

30. Plaintiff ANGELICA JUNIOUS was in the custody of Defendants on or around December 30, 2021.

**ANSWER: Defendants admit Plaintiff was a detainee at the Cook County Department of Corrections on or about December 30, 2021. Defendants deny the remaining allegations asserted in Paragraph 30.**

31. At all times mentioned herein, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE SHERIFFS and JOHN DOE SHERIFFS were employed by Defendant COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois.

**ANSWER: Defendants deny the allegations asserted in Paragraph 31.**

32. At all times mentioned herein, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE SHERIFFS, and JOHN DOE SHERIFFS were acting within the scope of their employment with Defendant COOK COUNTY, ILLINOIS.

**ANSWER: Defendants Baker, Chengary, and Purcell admit they were acting within the scope of their employment during the alleged occurrence. Defendants deny the remaining allegations asserted in Paragraph 32.**

33. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS and JOHN DOE DEPUTY SHERIFFS, knew that inmate

Steven McKinnie was a male housed in the cell that had a connecting door to the cell that Plaintiff, a female, was housed in.

  **ANSWER: Defendants deny the allegations asserted in Paragraph 33.**

34. Any knowledge of males and females being housed adjacent to each other during incarceration with any possibility of physical interaction, particularly of a male interacting with a female, creates a strong likelihood of harm.

  **ANSWER: Defendants deny the allegations asserted in Paragraph 34.**

35. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS, knew that the connecting door between the cell that Plaintiff was housed in and the cell that Steven McKinnie resided in was malfunctioning for a significant amount of time prior to Plaintiff's sexual assault.

  **ANSWER: Defendants deny the allegations asserted in Paragraph 35.**

36. Despite this awareness, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS SHERIFFS, and JOHN DOE DEPUTY SHERIFFS placed Plaintiff ANGELICA JUNIOUS in the faulty cell with insufficient protection from physical intrusion by a male inmate.

  **ANSWER: Defendants deny the allegations asserted in Paragraph 36.**

37. Prior to being transferred, Plaintiff ANGELICA JUNIOUS was in relative safety within her previous cell.

  **ANSWER: Defendants admit Plaintiff's safety during her detention at the Cook County Department of Corrections. Defendants deny the remaining allegations asserted in Paragraph 37.**

38. The actions of Defendants shock the conscience. Defendants took affirmative steps to order

Plaintiff to stay in a cell separated by a male inmate with only a faulty and ajar door and proceeded to walk away from the situation without proper supervision in place.

**ANSWER: Defendants deny the allegations asserted in Paragraph 38.**

39. Such affirmative actions taken by the Defendants violated Plaintiff ANGELICA JUNIOUS' due process rights under the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983.

**ANSWER: Defendants deny the allegations asserted in Paragraph 39.**

40. As a result of the actions of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE OFFICERS, and JOHN DOE SHERIFFS, the Plaintiff, ANGELICA JUNIOUS, suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

**ANSWER: Defendants deny the allegations asserted in Paragraph 40.**

## COUNT III: WILLFUL & WANTON NEGLIGENCE

41. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-40 as though fully set forth herein.

**ANSWER: Defendants incorporate and reassert their responses to Paragraphs 1-40 above, as though fully set forth herein.**

42. At all times herein mentioned, the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, JOHN DOE DEPUTY SHERIFFS, and COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, through its employees and agents, acted with willful and wanton negligence towards Plaintiff.

**ANSWER: Defendants deny the allegations asserted in Paragraph 42.**

43. At all times mentioned, Plaintiff ANGELICA JUNIOUS, was held in pre-trial detention at Cook County Jail by Defendants COOK COUNTY SHERIFF TOM DART and COOK COUNTY, ILLINOIS.

**ANSWER: Defendants admit Plaintiff was a pretrial detainee at Cook County Jail during the alleged occurrence. Defendants deny the remaining allegations asserted in Paragraph 43.**

44. The Defendants strongly suspected facts showing that Plaintiff would be at risk for sexual assault and eventually harmed. These facts include but are not limited to housing Plaintiff among male inmates in a room with a failing locking mechanism and a broken window. The Defendants, in response to these harmful facts, failed to take reasonable measures to prevent this harm.

**ANSWER: Defendants deny the allegations asserted in Paragraph 44.**

45. Defendants had the ability to prevent the harm they strongly suspected would occur to the Plaintiff ANGELICA JUNIOUS by measures including but not limited to housing the Plaintiff ANGELICA JUNIOUS in a different location in the jail upon learning of the broken door that they had repaired.

**ANSWER: Defendants deny the allegations asserted in Paragraph 45.**

46. Despite the fact that Defendants strongly suggested that Plaintiff would be sexually assaulted as well as their ability to prevent the Plaintiff from experiencing a physical attack, the Defendants consciously and deliberately ignored the clear danger to the Plaintiff ANGELICA JUNIOUS.

**ANSWER: Defendants deny the allegations asserted in Paragraph 46.**

47. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS ordered Plaintiff

ANGELICA JUNIOUS to remain in the defective and dangerous cell despite the strong likelihood of harm being brought to Plaintiff.

**ANSWER: Defendants deny the allegations asserted in Paragraph 47.**

48. On December 30, 2021, SGT. W. BAKER, #3159, R/O CHENGARY #16269, JOHN DOE DEPUTY SHERIFFS, and COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS knew that the window in the door separating the Plaintiff from male inmate McKinnie was broken and that the door itself was broken, unsecured, and open with ample time to correct said door to prevent McKinnie entry to Plaintiff's cell.

**ANSWER: Defendants deny the allegations asserted in Paragraph 48.**

49. On or about December 30, 2021, inmate McKinnie raped Plaintiff ANGELICA JUNIOUS.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 49.**

50. On or about December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS and JOHN DOE SHERIFFS learned of inmate McKinnie engaging in sexual acts with Plaintiff ANGELICA JUNIOUS.

**ANSWER: Defendants Baker, Purcell, and Chengary admit their awareness of Plaintiff's allegations against inmate McKinnie on December 30, 2021. Defendants deny the remaining allegations asserted in paragraph 50.**

51. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS knew that such acts or omissions had a substantial likelihood of creating or furthering serious bodily harm to Plaintiff ANGELICA JUNIOUS.

**ANSWER: Defendants deny the allegations asserted in Paragraph 51.**

52. These acts and omissions by Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, JOHN DOE DEPUTY SHERIFFS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS constituted willful and wanton conduct towards the safety and well-being of Plaintiff ANGELICA JUNIOUS in one or more of the following respects:

    a. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to properly fix the problematic door separating Plaintiff from a detainee of the opposite sex.

    b. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to acknowledge and resolve the broken window and chuckhole of the connecting door.

    c. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to intervene when it was strongly suspected that inmate McKinnie would sexually assault the Plaintiff ANGELICA JUNIOUS.

    d. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to monitor and ensure the connecting door between cells 3149 and 3151 was kept closed, allowing inmate McKinnie to sexually assault the Plaintiff ANGELICA JUNIOUS.

    e. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to heed clear signs of danger when evaluating the broken door and window and proceeded to order Plaintiff ANGELICA JUNIOUS to remain in the hazardous cell.

    f. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to take into consideration Inmate McKinnie's past violent interactions with other inmates.

    g. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to take into consideration Inmate McKinnie's past history of aiding in breaking open locks within the prison facility.

    **ANSWER: Defendants deny the allegations asserted in Paragraph 52.**

53. As a proximate result of the willful and wanton conduct of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE SHERIFFS, JOHN DOE DEPUTY SHERIFFS, COOK COUNTY SHERIFF TOM DART, and COOK

COUNTY, ILLINOIS, the Plaintiff, ANGELICA JUNIOUS, has suffered, and will continue to suffer severe physical harm, fear, anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms.

**ANSWER: Defendants deny the allegations asserted in Paragraph 53.**

### COUNT IV: RESPONDEAT SUPERIOR

54. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-53 of Counts I-III as though fully set forth herein.

**ANSWER: Defendants incorporate and reassert their responses to Paragraphs 1-53 of Counts I-III above, as though fully set forth herein.**

55. In committing the acts alleged in this First Amended Complaint, each of the individually named Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS and JOHN DOE DEPUTY SHERIFFS, were employees of and agents of COOK COUNTY SHERIFF TOM DART, acting at all relevant times within the scope of their employment.

**ANSWER: Defendants admit to acting in the scope of their employment during the alleged occurrence. Defendants deny the remaining allegations asserted in Paragraph 55.**

56. Defendant COOK COUNTY SHERIFF TOM DART, is liable as principal for all torts in violation of state law committed by his agents and employees.

**ANSWER: Defendants deny the allegations asserted in Paragraph 56.**

57. The Plaintiff, ANGELICA JUNIOUS, has suffered, and will continue to suffer severe physical harm, fear, anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms as a direct and proximate result of the conduct by the individual Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE

DOE DEPUTY SHERIFFS, and JOHN DOE DEPUTY SHERIFFS employed by Defendant COOK COUNTY SHERIFF TOM DART.

**ANSWER: Defendants deny the allegations asserted in Paragraph 57.**

### COUNT V: INDEMNIFICATION - COOK COUNTY, ILLINOIS

58. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-57 as though fully set forth herein.

**ANSWER: Defendants incorporate and reassert their responses to Paragraphs 1-57 of Counts I-III above, as though fully set forth herein.**

59. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Defendants deny the allegations asserted in Paragraph 59.**

60. Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, JANE DOE DEPUTY SHERIFFS, JOHN DOE DEPUTY SHERIFFS acted within the scope of their employment in committing the misconduct described herein.

**ANSWER: Defendants deny the allegations asserted in Paragraph 60.**

### AFFIRMATIVE DEFENSES

Further answering Plaintiff's complaint, Defendants allege the following separate affirmative defenses against Plaintiff.

### I.
### Qualified Immunity

1. With respect to the Plaintiff's claims, Defendants SGT. W. BAKER, OFFICER C. CHENGARY, OFFICER PURCELL, and COOK COUNTY SHERIFF THOMAS DART, in their individual capacities, did not cause the deprivation of any constitutional rights of Plaintiff.

2. The conduct of Defendants Sgt. W. Baker, Officer C. Chengary, Officer Purcell, and Cook County Sheriff Thomas Dart were at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

3. Accordingly, Defendants Sgt. W. Baker, Officer C. Chengary, Officer Purcell, and Cook County Sheriff Thomas Dart, in their individual capacities, are entitled to the defense of qualified immunity.

## II.
## Failure to Mitigate

4. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate her alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

5. Defendants reserve the right to amend the affirmative defenses at any point throughout the course of discovery.

## III.
## Section 2-201 of the Tort Immunity Act

6. Plaintiff claims a violation of Illinois state laws.

7. Section 2-201 of the Tort Immunity Act, 745 ILCS 10/2-201, provides immunity to the Defendants for all Plaintiff's state law claims. *See Payne v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998).

## IV.
## Immunity from Punitive Damages

8. To the extent Plaintiff seeks punitive damages from Defendants Sgt. W. Baker, Officer C. Chengary, Officer Purcell, and Cook County Sheriff Thomas Dart in their official capacities, Defendants assert immunity from same.

9. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

10. Second, a municipality is immune from punitive damages under 42 U.S.C. §

16

1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

11.     Thus, in their official capacities, Defendant SGT. W. BAKER, OFFICER C. CHENGARY, OFFICER PURCELL, and COOK COUNTY SHERIFF THOMAS DART are immune from punitive damages.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendants hereby demand a jury trial.

WHEREFORE, Defendants respectfully requests this Honorable Court enter judgment in their favor, against Plaintiff, and for any further relief the Court finds necessary and just.

**Dated: September 16, 2022.**

                      **Respectfully Submitted,**

                      KIMBERLY M. FOXX
                      State's Attorney of Cook County

By:     */s/ Antonio Lee*_____
        Antonio Lee
        Amanda C. Guertler
        Assistant State's Attorneys
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-5439
        Antonio.lee@cookcountyil.gov