UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELICA JUNIOUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-03681 |
| v. | ) | |
| | ) | Honorable Judge Edmond E. Chang |
| SGT. W. BAKER #3159, | ) | |
| R/O C. CHENGARY #16269, | ) | |
| R/LT PURCELL #758 | ) | Magistrate Judge Maria Valdez |
| JOHN DOE DEPUTY SHERIFFS, | ) | |
| JANE DOE DEPUTY SHERIFFS | ) | |
| COOK COUNTY SHERIFF | ) | |
| TOM DART, | ) | |
| and COOK COUNTY, ILLINOIS, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS RESOLUTION

**A. Nature of the Case**

1. The attorneys of record, including lead trial counsel, are as follows:

    a. Counsel for Plaintiff:
    Cierra N. Norris (Lead Attorney),
    Brian Orozco, (Lead Attorney)
    C. Norris Law Group, LLC
    900 West Jackson Blvd., Suite 6E
    Chicago, IL, 60607

    b. Counsel for Defendants:
    Amanda Christine Guertler
    Antonio C. Lee, (Lead Attorney),
    Cook County State's Attorney's Office
    500 Richard J Daley Center
    Chicago, IL 60602
    (312) 603-6299

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. 1331, as Plaintiff's Complaint includes causes of actions for violations of Plaintiff's rights under the federal Constitution, as enforced under federal law, 28 U.S.C. 1983.

3. Plaintiff's Complaint raises five causes of action:

      a. Count I - Fourteenth Amendment 42 U.S.C. § 1983 – Failure to Protect Claim by Defendants, brought under Section 1983.

      b. Count II - Fourteenth Amendment State Created Danger claim, brough under Section 1983.

      c. Count III - Illinois state law claim for willful and wanton negligence.

      d. Count IV -Illinois state law Respondeat Superior claim against Defendants. Cook County Sheriff Thomas Dart, as employer of individual Defendant officers.

      e. Count V - Indemnification claim against County of Cook.

4. Plaintiff asserts the principal factual issues in this case relate to whether the lock on the door separating the Plaintiff from her rapist was operable and whether Defendants knew said lock was operable as well as whether Defendants had an opportunity to prevent Plaintiff's sexual assault. Plaintiff further contends that another principal legal issue in this case is whether the Defendants had a duty to prevent the sexual assault under Federal Law and Illinois State Law.

      On the other hand, Defendants deny Plaintiff's claims and assert one of the major factual issues is whether Plaintiff willfully engaged in consensual sexual contact with another inmate; thereby defeating her legal claims in this case.

5. In addition, Plaintiff has demanded a trial by jury, seeks compensatory and punitive damages, and reasonable attorney's fees and costs as are incurred in prosecuting this case. Plaintiff strongly anticipates an itemization of medical records that has not yet been received. Investigation continues.

**B. Pending Motions and Case Plan**

    1. All named Defendants have been served with process.

2. Currently, there are no pending motions before the Court.

3. Plaintiff and Defendants propounded Initial Disclosures. No discovery requests were propounded. Both parties have engaged in preliminary independent investigations. At this time, the parties do not anticipate that discovery will encompass electronically stored information. To the extent that discovery is anticipated to encompass such materials, the parties will address this issue at that time. Proposed scheduling order:

    a. Rule 26(a)(1) disclosures on or before: September 30, 2022.

    b. Written discovery to be issued on or before October 14, 2022.

    c. Completion of fact discovery by June 30, 2023.

    d. The parties would like to set an expert discovery schedule, if needed, at the close of fact discovery.

    g. The parties would like to set a dispositive motion deadline for July 28, 2023.

4. Plaintiff and Defendants demanded a jury trial.

5. At this time, the parties do not expect trial to take more than five days.

6. The Parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

**C. Consent to Proceed Before a Magistrate Judge**

1. Plaintiff does not consent to proceed before a magistrate judge for all purposes.

**D. Status of Settlement Discussions**

1. Plaintiff propounded a settlement demand on August 5, 2022. Defendants rejected Plaintiff's demand during their meeting pursuant to Federal Rule of Civil Procedure 26(f) conference on September 21, 2022. Defendants will respond to Plaintiff's demand after investigation and discovery are complete.

2. The parties do not request a settlement conference at this time.

Dated: September 28, 2022

Respectfully submitted,

        For Plaintiff

        /s/ Brian Orozco
        **Brian Orozco**
        Plaintiff's Attorney

        C. NORRIS LAW GROUP, LLC
        900 W. Jackson Blvd., Ste. 6E
        Chicago, IL 60622
        W: (312) 625-6129
        T: (234) 525-8833
        E: cierra@cnnorrislaw.com


        For Defendants

        /s/Antonio Lee
        Antonio Lee
        Amanda Christine Guertler
        Assistant State's Attorneys
        Cook County State's Attorney's Office
        500 Richard J Daley Center
        Chicago, IL 60602