UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELICA JUNIOUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 22 CV 3681 |
| v. | ) |
| | ) Honorable Judge Edmond E. Chang |
| SGT. W. BAKER #3159, | ) |
| R/O C. CHENGARY #16269, | ) |
| R/LT PURCELL #758, | ) Magistrate Judge Maria Valdez |
| OFFICER NEALON # 18420 | ) |
| OFFICER WALZ #18563 | ) |
| OFFICER RAHN #17086, | ) |
| OFFICER GLAZIERS, | ) |
| COOK COUNTY SHERIFF TOM DART, | ) |
| and COOK COUNTY, ILLINOIS, | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, ANGELICA JUNIOUS, by and through her attorneys, and for her Amended Complaint against the Defendants, SGT.W. BAKER #3159, R/O C. CHENGARY #162679, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, OFFICER GLAZIERS, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a Municipal Corporation, states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, the federal laws of the United States, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, ANGELICA JUNIOUS, accomplished by acts and/or omissions of the Defendants, SGT. W. BAKER #3159, R/O C. CHENGARY #162679, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, OFFICER GLAZIERS, COOK COUNTY SHERIFF THOMAS DART, and COOK

1

COUNTY, committed under color of law.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 as this matter involves issues of federal law and supplemental jurisdiction of the State of Illinois is proper.

3.  Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(b) because it is the judicial district in which the events or omissions giving rise to the claims occurred.

## PARTIES

4.  At all relevant times, the Plaintiff, ANGELICA JUNIOUS, was a resident of the state of Illinois who was incarcerated at the Cook County Jail as a pre-trial detainee.

5.  The Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #162679, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, were acting within their scope of employment and under color of law.

6.  The Defendant COOK COUNTY SHERIFF TOM DART was acting in his individual and official capacity as the duly elected and authorized sheriff of Cook County, Illinois.

7.  The Defendant COOK COUNTY, ILLINOIS is a municipal corporation duly incorporated in the State of Illinois.

## FACTS

8.  On or about December 30, 2021, the Plaintiff, a female, was escorted from her cell in a female-only tier of the Cook County Jail by Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, to a cell #3149 in Cermak Floor 3SE (Isolation Unit) in Cook County Jail.

9. On or about December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, knew that Detainee Steven McKinnie, a male, resided in cell #3151.

10. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, knew Plaintiff, a woman, resided in Cell #3149.

11. Defendants SGT. W. BAKER #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, OFFICER GLAZIERS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, had been aware of a pervasive issue involving the lock of the door that connects cells #3149 and #3151.

12. Upon arrival at the cell in Cermak Floor 3SE (Isolation Unit) Plaintiff, ANGELICA JUNIOUS, informed DEFENDANTS SGT. W. BAKER #3159 and R/O CHENGARY #16269 that the window of her cell door connecting to cell #3151 had been broken open by the previous occupant, leaving glass on the floor.

13. When Defendants SGT. W. BAKER, #3159 and/or OFFICER NEALON #18420 and/or R/O CHENGARY #16269 and/or OFFICER GLAZIERS, became aware of the broken window, they attempted to resolve this by placing a COVID medical gown over the broken, open window.

14. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, were patrolling for the entirety of Angelica's placement prior to the sexual assault and knew of the dangerous conditions she was subjected to. These conditions include, but are not limited to, a broken window on the separating door, a malfunctioning chuckhole and lock on the separating door, a male detainee being housed in the adjoining cell, and lack of supervision between the two cells at the time

3

of the assault.

16. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, did not ameliorate this situation despite the ample opportunity they had to protect Plaintiff.

16. Some time prior to McKinnie's entry into Plaintiff's cell, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, knew the door was broken, unsecured and open with ample time to fix the door to prevent Steven McKinnie's entry.

17. Detainee Steven McKinnie entered Plaintiff, Angelica Junious' cell.

18. Steven A. McKinnie sexually assaulted the Plaintiff after his entrance into Plaintiff's isolation cell.

19. It was only after the completion of the attack that Defendants R/O CHENGARY #16269, SGT. W. BAKER, #3159 OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, took Plaintiff's report and moved her from cell #3149 in Cermak Floor 3SE (Isolation Unit).

20. On December 30, 2021, detainee Steven McKinnie raped the Plaintiff, and she was severely injured as a result.

**COUNT I: 42 U.S.C. § 1983 - FAILURE TO PROTECT**

21. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-20 as though fully set forth herein.

22. Defendants SGT. W. BAKER #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, had the duty and obligation to protect the Plaintiff ANGELICA JUNIOUS from being sexually assaulted by Inmate Steven McKinnie.

23.     The Defendants strongly suspected facts showing that Plaintiff would be at risk for sexual assault and eventually harmed. These facts include but are not limited to housing Plaintiff among male inmates in a room with a failing locking mechanism and a broken window. The Defendants, in response to these harmful facts, failed to take reasonable measures to prevent this harm.

24.     Defendants had the ability to prevent the harm they strongly suspected would occur to the Plaintiff ANGELICA JUNIOUS by measures including but not limited to housing the Plaintiff ANGELICA JUNIOUS in a different location in the jail upon learning of the broken door that they had repaired.

25.     On December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, were aware that the inner door between cells #3149 and #3151 was broken, unsecured, and open with enough notice to have prevented the assault.

26.     Even though Defendants strongly suspected that Plaintiff would be sexually assaulted as well as their ability to prevent the Plaintiff from experiencing a physical attack, the Defendants consciously and deliberately ignored the clear danger to the Plaintiff ANGELICA JUNIOUS and failed to protect the Plaintiff ANGELICA JUNIOUS from said sexual assault by detainee Steven McKinnie.

27.     The actions of Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, constituted a violation of the Plaintiff, ANGELICA JUNIOUS' Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

28. As a result of the actions, and/or omissions of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, ANGELICA JUNIOUS suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

**WHEREFORE**, the Plaintiff, ANGELICA JUNIOUS respectfully prays for judgment in his favor against Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT II: 42 U.SC. § 1983 – STATE-CREATED DANGER

29. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-28 as though fully set forth herein.

30. Plaintiff ANGELICA JUNIOUS was in the custody of Defendants on or around December 30, 2021.

31. At all times mentioned herein, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, were employed by Defendant COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois.

32. At all times mentioned herein, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, were acting within the scope of their employment with Defendant COOK COUNTY, ILLINOIS.

33. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and

OFFICER GLAZIERS, knew that inmate Steven McKinnie was a male housed in the cell that had a connecting door to the cell that Plaintiff, a female, was housed in.

34. Any knowledge of males and females being housed adjacent to each other during incarceration with any possibility of physical interaction, particularly of a male interacting with a female, creates a strong likelihood of harm.

35. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, knew that the connecting door between the cell that Plaintiff was housed in and the cell that Steven McKinnie resided in was malfunctioning for a significant amount of time prior to Plaintiff's sexual assault.

36. Despite this awareness, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, placed Plaintiff ANGELICA JUNIOUS in the faulty cell with insufficient protection from physical intrusion by a male inmate.

37. Prior to being transferred, Plaintiff ANGELICA JUNIOUS was in relative safety within her previous cell.

38. The actions of Defendants shock the conscience. Defendants took affirmative steps to order Plaintiff to stay in a cell separated by a male inmate with only a faulty and ajar door and proceeded to walk away from the situation without proper supervision in place.

39. Such affirmative actions taken by the Defendants violated Plaintiff ANGELICA JUNIOUS' due process rights under the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983.

40. As a result of the actions of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ

# 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, the Plaintiff, ANGELICA JUNIOUS, suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

**WHEREFORE**, the Plaintiff, ANGELICA JUNIOUS respectfully prays for judgment in his favor against Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, individually and jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III: WILLFUL & WANTON NEGLIGENCE

41. Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-40 as though fully set forth herein.

42. At all times herein mentioned, the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, and COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, through its employees and agents, acted with willful and wanton negligence towards Plaintiff.

43. At all times mentioned, Plaintiff ANGELICA JUNIOUS, was held in pre-trial detention at Cook County Jail by Defendants COOK COUNTY SHERIFF TOM DART and COOK COUNTY, ILLINOIS.

44. The Defendants strongly suspected facts showing that Plaintiff would be at risk for sexual assault and eventually harmed. These facts include but are not limited to housing Plaintiff among male inmates in a room with a failing locking mechanism and a broken window. The Defendants, in response to these harmful facts, failed to take reasonable measures to prevent this harm.

45. Defendants had the ability to prevent the harm they strongly suspected would occur to the Plaintiff ANGELICA JUNIOUS by measures including but not limited to housing the Plaintiff

ANGELICA JUNIOUS in a different location in the jail upon learning of the broken door that they had repaired.

46. Despite the fact that Defendants strongly suspected that Plaintiff would be sexually assaulted as well as their ability to prevent the Plaintiff from experiencing a physical attack, the Defendants consciously and deliberately ignored the clear danger to the Plaintiff ANGELICA JUNIOUS.

47. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, ordered Plaintiff ANGELICA JUNIOUS to remain in the defective and dangerous cell despite the strong likelihood of harm being brought to Plaintiff.

48. On December 30, 2021, SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, OFFICER GLAZIERS, and COOK COUNTY, ILLINOIS knew that the window in the door separating the Plaintiff from male inmate McKinnie was broken and that the door itself was broken, unsecured, and open with ample time to correct said door to prevent McKinnie entry to Plaintiff's cell.

49. On or about December 30, 2021, inmate McKinnie raped Plaintiff ANGELICA JUNIOUS.

50. On or about December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, learned of inmate McKinnie engaging in sexual acts with Plaintiff ANGELICA JUNIOUS.

51. Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, knew that such acts or omissions had a substantial likelihood of creating or furthering serious bodily harm to Plaintiff ANGELICA JUNIOUS.

52. These acts and omissions by Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS constituted willful and wanton conduct towards the safety and well-being of Plaintiff ANGELICA JUNIOUS in one or more of the following respects:

a. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to properly fix the problematic door separating Plaintiff from a detainee of the opposite sex.

b. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to acknowledge and resolve the broken window and chuckhole of the connecting door.

c. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to intervene when it was strongly suspected that inmate McKinnie would sexually assault the Plaintiff ANGELICA JUNIOUS.

d. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to monitor and ensure the connecting door between cells 3149 and 3151 was kept closed, allowing inmate McKinnie to sexually assault the Plaintiff ANGELICA JUNIOUS.

e. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to heed clear signs of danger when evaluating the broken door and window and proceeded to order Plaintiff ANGELICA JUNIOUS to remain in the hazardous cell.

f. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to take into consideration Inmate McKinnie's past violent interactions with other inmates.

g. With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to take into consideration Inmate McKinnie's past history of aiding in breaking open locks within the prison facility.

53. As a proximate result of the willful and wanton conduct of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, OFFICER GLAZIERS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, the Plaintiff, ANGELICA JUNIOUS, has suffered, and will continue to suffer severe physical harm, fear,

anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms.

**WHEREFORE**, the Plaintiff, ANGELICA JUNIOUS respectfully prays for judgment in his favor against Defendant, COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, individually and as agents of COOK COUNTY SHERIFF TOM DART and COOK COUNTY, ILLINOIS, jointly and severally, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT IV: RESPONDEAT SUPERIOR

54. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-53 of Counts I-III as though fully set forth herein.

55. In committing the acts alleged in this First Amended Complaint, each of the individually named Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, were employees of and agents of COOK COUNTY SHERIFF TOM DART, acting at all relevant times within the scope of their employment.

56. Defendant COOK COUNTY SHERIFF TOM DART, is liable as principal for all torts in violation of state law committed by his agents and employees.

57. The Plaintiff, ANGELICA JUNIOUS, has suffered, and will continue to suffer severe physical harm, fear, anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms as a direct and proximate result of the conduct by the individual Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, employed by Defendant COOK COUNTY SHERIFF TOM DART.

**WHEREFORE**, the Plaintiff ANGELICA JUNIOUS, prays for judgment in his favor and against the Defendants COOK COUNTY SHERIFF TOM DART for the compensatory damages of its employees, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, plus costs.

## COUNT V: INDEMNIFICATION - COOK COUNTY, ILLINOIS

58. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-57 as though fully set forth herein.

59. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

60. Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, be found liable for the acts alleged above, the Defendant COOK COUNTY, ILLINOIS would be liable to pay the Plaintiff any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiff, ANGELICA JUNIOUS, hereby requests a trial by jury.

Respectfully submitted,

/s/ Brian Orozco
**Brian Orozco**
**GREGORY E. KULIS & ASSOCIATES, LTD.**
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
(312) 580-1830
www.kulislawltd.com

/s/ Melvin L. Brooks
Melvin L. Brooks
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn Street
Suite 1020
Chicago, Illinois 60603
(312) 262-2880
mbrooks@cochranfirm.com
ccommito@henderson-parks.com

Cierra Norris
**THE LAW OFFICE OF C.N. NORRIS, LLC.**
900 W. Jackson Blvd., Suite 6E
Chicago, IL 60607
P:312.625.6129
F: 312.374.6441