**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANGELICA JUNIOUS, | |
| Plaintiff, | |
| v. | Case No. 22-cv-3681 |
| SGT. W. BAKER, et al. | Honorable Judge Edmond E. Chang<br>Magistrate Judge Maria Valdez |
| Defendants. | |

**OPPOSED COOK COUNTY'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, COOK COUNTY ("COOK County"), through its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorneys ANTONIO LEE and AMANDA C. GUERTLER, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, request that this Court dismiss all substantive claims brought by Plaintiff ANGELICA JUNIOUS' ("Plaintiff") First Amended Complaint. Dkt. No. 42. In support thereof, Cook County states as follows:

**INTRODUCTION**

Cook County respectfully moves this Honorable Court to dismiss all substantive claims with prejudice, because Plaintiff's First Amended Complaint attempts to hold Cook County liable for the alleged actions of officers employed by the Cook County Sheriff's Office. Dkt. No. 42. Pursuant to the Court's Standing Order, Cook County conferred with Plaintiff's counsel prior to filing this motion. Plaintiff believes the Amended Complaint does not assert substantive claims against Cook County, and the defense disagreed. Thus, Cook County files this opposed motion to dismiss all substantive claims asserted in the Amended Complaint, but does not object to remaining

1

in this action for indemnification purposes only.[1]

## STATEMENT OF FACTS

The following facts are taken from Plaintiff's First Amended Complaint and are presumed true solely for the consideration of this Motion to Dismiss.

On or about December 30, 2021, Plaintiff was escorted from her female-only tier of the Cook County Jail by Defendants Sgt. Baker, Officer Chengary, Officer Nealon, Officer Walz, Officer Rahn, and Officer Glaziers to cell #3149 of Tier 3SE. Dkt. No. 42, at pg. 2, ¶8. Plaintiff alleged Defendants Sgt. Baker, Officer Chengary, Lt. Purcell, Officer Nealon, Officer Walz, Officer Rahn, and Officer Glaziers knew Plaintiff resided in cell #3149 and inmate Steven McKinnie resided in cell #3151. *Id*. at pg. 3, ¶¶9-10. Plaintiff further asserted that all named defendants in this lawsuit—including Cook County—"had been aware of a pervasive issue involving the lock of the door that connects cells #3149 and #3151." *Id*. at pg. 3, ¶11.

Upon arriving at her cell, Plaintiff allegedly informed Defendant Sgt. Baker and Officer Chengary that the window of her cell "had been broken open" by the previous occupant, which left glass on the floor. *Id*. at pg. 3, ¶12. Plaintiff asserted that Defendants Sgt. Baker, Officer Nealon, Officer Chengary and/or Officer Glaziers attempted to resolve the "broken, open window" with a COVID medical gown. *Id*. at pg. 3, ¶13. Plaintiff further alleged that all "Defendants," including Sgt. Baker, Lt. Purcell, Officer Chengary, Officer Nealon, Officer Walz, Officer Rahn, and Officer Glaziers, knew Plaintiff was subjected to conditions that included a broken window, malfunctioning chuckhole and lock, male detainee on her tier, and lack of supervision, but consciously and deliberately ignored the danger. *Id*. at pgs. 4-10, ¶¶14-16, 23-24, 26, 30, 38-39, 41-53. On December 30, 2021, Steven McKinnie allegedly entered Plaintiff's cell and sexually assaulted and/or raped her.

---

[1] Cook County, if required, request to remain in this action only for the purpose of indemnification, and hereby requests that it not have any discovery obligations going forward. *Wallace v. Masterson*, 04 C 1827, 345 F. Supp. 2d 917, 926-27 (N.D. Ill. Nov. 23, 2004)(Filip, J.)(granting Cook County's request that it not be subject to discovery where it was named in the lawsuit solely for purposes of indemnification).

*Id*. at pg. 4, ¶¶17-18, 20.

During the relevant time period, Plaintiff asserted that Defendants Sgt. Baker, Officer Chengary, Lt. Purcell, Officer Nealon, Officer Walz, Officer Rahn, and Officer Glaziers were employed by Cook County and Cook County Sheriff Thomas Dart. *Id*. at pgs. 6, 8, ¶¶31-32, 42. Plaintiff alleged that Cook County and Cook County Sheriff Dart held Plaintiff at Cook County Jail. *Id*. at pg. 8, ¶43. The Amended Complaint further contended that the acts and omissions of all Defendants—including Cook County—constituted willful and wanton conduct towards her safety and well-being, and was the proximate cause of her alleged injuries. *Id*. at pgs. 10-11 ¶¶52-53.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain allegations that, if taken as true, plausibly suggest that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555- 56 (2007). Plaintiffs need not provide detailed factual allegations but must provide enough factual support to raise their right to relief above a speculative level. *Id.* at 555. Claims must be facially plausible and must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Claims must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 678.

## ARGUMENT

**I. PLAINTIFF FAILED TO STATE A CLAIM AGAINST COOK COUNTY BECAUSE THE SHERIFF AND HIS EMPLOYEES HAVE NO EMPLOYMENT RELATIONSHIP WITH COOK COUNTY**

Through many allegations, and Count III explicitly, Plaintiff attempts to hold Cook County

liable for the actions of Sheriff's officers and Sheriff Dart in his official capacity. However, the Amended Complaint fails to demonstrate a substantive cause of action against Cook County.

Under Illinois law, it is the sheriff who is exclusively charged with the "custody and care" of the county Jail. 55 ILCS 5/3-6017; *Moy v. County of Cook*, 159 Ill. 2d 519, 640 N.E.2d 926, 929, 203 Ill Dec. 776 (Ill. 1994); *DeGenova v. Sheriff of Dupage County*, 209 F.3d 973, 976 (7th Cir. 2000) ("Illinois sheriffs have final policymaking authority over jail operations."). Notably, Illinois sheriffs are "independently elected officials not subject to the control of the county" and the sheriff is not in an employment relationship with the county. *Moy*, 640 N.E.2d at 931.; *see also Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 636 (7th Cir. 2010) ("Illinois law establishes that the Sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves." (citation and quotation marks omitted)). Because the sheriff is independently-elected official, Cook County cannot be vicariously liable for the acts of the sheriff and his employees under a *respondeat superior* theory. *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998); *Moy*, 640 N.E.2d at 928-29; *Riley v. Cnty of Cook*, 682 F. Supp. 2d 856, 860 (N.D. Ill. 2010) ("Since the County cannot control the actions taken by Dart's office, it cannot be charged with vicarious liability." (citation omitted)).

In this case, Plaintiff alleged Defendants Sgt. Baker, Lt. Purcell, Officer Chengary, Officer Nealon, Officer Walz, Officer Rahn, and Officer Glaziers were employed by Defendant Cook County, and were acting in the scope of their employment during the alleged incident. *Id*. at pgs. 6, 8 ¶¶31-32, 42. Plaintiff further alleged that Cook County held Plaintiff at the Cook County Jail, and possessed knowledge of the alleged conditions that included a broken window, malfunctioning chuckhole and lock, male detainee on her tier, and lack of supervision, but consciously and deliberately ignored the danger. *Id*. at pgs. 8-11 ¶¶43, 48, 52-53. Moreover, Count III of the Amended Complaint is expressly asserted against Cook County. Because Cook County does not control the Cook County Sheriff's

Office or the employees, Cook County cannot be held vicariously liable for the alleged actions of the remaining Defendants in this lawsuit. Accordingly, all substantive claims against Cook County should be dismissed with prejudice.

## II. PLAINTIF FAILED TO DEMONSTRATE A *MONELL* CLAIM AGAINST COOK COUNTY

The only alleged event stemming from this lawsuit occurred on December 30, 2021. Accordingly, Plaintiff failed to meet the pleading requirements to establish a *Monell* claim against Cook County.

A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred because of an official policy, custom, or practice. *Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). The plaintiff must allege that a policy, custom, or practice was the moving force behind the constitutional deprivation. *Spearman v. Elizondo*, 230 F. Supp. 3d 888, 894-96 (N.D. Ill. 2016). To adequately allege a *Monell* claim, a plaintiff must "plead [] factual content that allows the court to draw the reasonable inference' that the [municipality] maintained a policy, custom, or practice" that violated his constitutional rights. *Kozbiel v. Sheriff of Cook Cty.*, 2018 U.S. Dist. LEXIS 205427, 2018 WL 6327003 *6. In order to demonstrate liability under a *Monell* claim, there must exist "(1) an official policy adopted and promulgated by the officers of the governmental body; (2) an unofficial governmental practice or custom that is widespread and well settled; or (3) an act by an official with final policy-making authority." *Johnson* v. *Cook Cty. Sheriff's Office*, 2018 U.S. Dist. LEXIS 80592, at * 5 (N.D.Ill. May 14, 2018); *Thomas v. Cook Cty. Sheriff's Dep't*, 603 F.3d 293, 303 (7th Cir. 2010). Notably, a widespread practice cannot be demonstrated by an isolated incident. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). The gravamen of a *Monell* claim "is not individual misconduct" by certain employees, but "a widespread practice that permeates a critical mass of an institutional body." *Rossi*

*v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) (emphasis in original).

Here, the Amended Complaint fails to allege any policies, practices, or customs of Cook County, which served as the driving force behind Plaintiff's alleged injuries. Plaintiff's claims only rest on an isolated incident that occurred on or about December 30, 2021. Dkt. No. 42, at pgs. 2-4. Accordingly, the Amended Complaint fails to plead facts that demonstrate a viable *Monell* claim, and should therefore be dismissed against Cook County pursuant to Rule 12(b)(6). To the extent Plaintiff relies on her indemnity claim against Cook County, the Seventh Circuit recognized that in Section 1983 claims against Illinois sheriffs, Illinois counties have a duty to indemnify judgments or settlements entered against sheriffs or their deputies, and are accordingly necessary and indispensable parties for purposes of indemnification only. *Carver v. Sheriff of LaSalle Co.*, 324 F.3d 947 (7th Cir. 2003). Thus, Cook County does not object to remaining in the lawsuit for indemnification purposes only; however, all substantive claims against Cook County should be dismissed.

## CONCLUSION

Plaintiff fails to plead a substantive claim against Cook County. Therefore, all substantive claims against Cook County should be dismissed with prejudice because Plaintiff's allegations are predicted on the alleged actions of Sheriff Dart and his employees.

WHEREFORE, Cook County respectfully request that the Court dismiss all substantive claims brought in Plaintiff's First Amended Complaint with prejudice, for failure to state a claim upon which relief may be granted, and grant any necessary and proper relief.

**Dated: February 10, 2023**

                                                                    Respectfully Submitted,
                                                                    KIMBERLY M. FOXX
                                                                    State's Attorney of Cook County

        By: */s/ Antonio Lee*
           Antonio Lee
           Amanda Guertler
           Assistant State's Attorney
           500 Richard J. Daley Center
           Chicago, IL 60602
           (312) 603-5439
           Antonio.lee@cookcountyil.gov