UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELICA JUNIOUS, | ) |
|    Plaintiff, | ) ) ) |
| | ) Case No. 22 CV 3681 |
| v. | ) |
| | ) Honorable Judge Edmond E. Chang |
| SGT. W. BAKER #3159, | ) |
| R/O C. CHENGARY #16269, | ) |
| R/LT PURCELL #758, | ) Magistrate Judge Maria G. Valdez |
| OFFICER NEALON # 18420 | ) |
| OFFICER WALZ #18563 | ) |
| OFFICER RAHN #17086, | ) |
| OFFICER GLAZIERS, | ) |
| COOK COUNTY SHERIFF TOM DART, | ) |
| and COOK COUNTY, ILLINOIS, | ) JURY DEMAND |
| | ) |
|    Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDNANT
COOK COUNTY'S MOTION TO DISMISS**

Plaintiff Angelica Junious, by and through her counsel, responds to Defendant Cook County's Motion to Dismiss, as follows:

**I.   ARGUMENT**

The facts of this case are bad for the Defendants. The gist of Plaintiff's lawsuit is simple: Plaintiff is a former pre-trial detainee who was being held at the Cook County Jail. She was sexually assaulted when one or more of the Defendants placed her in a cell that had an adjoining cell. The two cells were separated by a single door that contained a glass window. The glass window was missing and/or broken. The Defendants put a male pre-trial detainee in the adjoining cell. The male entered Plaintiff's cell through a connecting, unsecured and cell door and raped Plaintiff. Choosing to ignore those facts, Defendant Cook County has instead decided to move to dismiss a claim that Plaintiff is not attempting to bring and never has.

1

Despite Defendant Cook County's vocal assertions to the contrary, Plaintiff is *not* suing Defendant Cook County "substantively" in Count III of Plaintiff's Amended Complaint. (Dkt. 53, Page ID #261-262)   As was explained to Defendant Cook County in a pre-filing "meet and confer," the law is clear. Per *Carver v. LaSalle County*, 324 F.3d 947 (7th Cir. 2003), when civil rights/personal injury actions (such as this) are brought against agents and employees of a sheriff's department, the proper party is the sheriff, but the county is also a proper party for purposes of indemnification of the sheriff's office for any resulting verdict, judgment and/or settlement.  Plaintiff is well aware of this law.  So much so, that Plaintiff shared this very case authority with opposing counsel when Plaintiff explicitly told Defense counsel that Plaintiff is *not* seeking to sue Cook County directly.

Defendant's counsel obviously knows this law too.  As such, Defendant's counsel would also know that any attempt to directly sue Cook County is an action that would be void *ab initio*.[1]  In other words, even if Plaintiff's Amended Complaint was attempting to allege a direct cause of action against Cook County (which it is not), it would have no legal meaning or effect. And how can this Court and counsel be certain that Defendant's counsel clearly knows this to be the case?  Because the same set of lawyers previously answered identical allegations on behalf of Cook County when filing Defendants' Answer to Plaintiff's *Original* Complaint. (*See* Defendants' Answer to Original Complaint, Dkt. #21, attached as Exhibit 1)

Defendant Cook County is correct: **if** Plaintiff brought a *Monell* claim against Cook County, then it could be held directly liable for Plaintiff's constitutional claims.  But that is beside the point because Plaintiff has elected not to pursue a *Monell* claim.  So, Defendant's reliance on *Monell* as a

---

[1] Trying to directly sue Cook County is no different than trying to hold Cook County liable in *respondeat superior* for a constitutional violation:  that is a non-starter.  No plaintiff can do it because the law is beyond clear that there is no such thing as *respondeat superior* liability against municipalities for constitutional claims.  This Court is well aware that *Monell* and its progeny sets forth this clear proposition of law.  This legal proposition is just as clear as that espoused in *Carver*, which is why Plaintiff is suing Cook County for indemnification only and Defendant Cook County knows it.

basis to dismiss Defendant Cook County is a straw man argument intended to make the Defendant look "strong" by "defeating" claims never brought or intended to be brought in Plaintiff's Amended Complaint. It is easy to defeat something that does not exist.

This begs the question: why would lawyers who previously answered these identical allegations on behalf of Defendant Cook County now want to move to dismiss them, erroneously accusing Plaintiff of bringing claims she clearly has not brought and never intended to bring?

The likely answer is cabined in Footnote No. 1 of Defendant Cook County's motion: Defendant Cook County wants to avoid identifying other individual defendants who could be liable for Plaintiff's injuries or be obligated to aid in facilitating their depositions.[2] (Dkt. #53, Page ID# 260 – "Cook County . . . hereby requests that it not have any discovery obligations going forward.")

Relying on *Wallace v. Masterson,* 345 F. Supp.2d 917 (N.D. Ill. 2004) (Filip, J.), Defendant Cook County claims it should not answer *any* discovery if it is only a party for purposes of indemnification. Defendant conveniently ignores how the *Wallace* plaintiff was relieved from answering *Monell* discovery after the court dismissed the plaintiff's *Monell* claim. This Court is well aware of the substantive difference in burdens of answering *Monell* discovery versus identifying names of county employees and producing them for depositions. *Wallace* is silent about the issue presented here: if this motion is granted, should Cook County be permitted to not cooperate in the identification and effectuation of service of employees of Cook County who are not employed by the Sheriff of Cook County? Defendant Cook County cites no case authority relieving any county from the obligation of identifying county employees and/or providing their contact information for the

---

[2] The operative complaint identifies "Officer Glaziers" as a defendant. During a recent meet and confer, Defendant Cook County stated Sergio Vargas and Stephen Kriskovich -- glaziers who had some involvement in the repair and/or maintenance of the glass window in the jail cell door at issue in this litigation -- are who Plaintiff sought to sue. Based on this development, whether Plaintiff can, consistent with Rule 11, further amend her complaint to name these individuals remains to be seen. Plaintiff will want to take their depositions first, but anticipates that timely scheduling and completing their depositions will be impeded if Plaintiff must pursue third-party subpoenas in the event Cook County is relieved of any obligation to cooperate with discovery of this most basic nature.

3

purpose of identifying and serving potential defendants with third-party subpoenas. There is no such case law because judges do not like to reward mischievous behavior, much less, encourage its pursuit by parties.

Plaintiff is genuinely concerned that the motivation for Defendant Cook County's motion is not about seeking to dismiss Cook County as a Defendant, but rather to give it a *legal* basis to relieve Cook County from its affirmative obligation to identify newly added defendants and/or impose the barriers of having to issue third-party subpoenas to Cook County employees not employed by the Sheriff, which will only cause delay. Defendant Cook County surely will deny this motivation, but it nonetheless remains a concern of Plaintiff.

**II.     CONCLUSION**

Plaintiff acknowledges how absurd it is to oppose dismissal of a claim Plaintiff never brought. So, if the Court is inclined to grant the motion, then Plaintiff requests that, consistent with Fed. R. Civ. P. 1, the Court simultaneously order the Office of the Cook County State's Attorney to cooperate with Plaintiff's counsel to take the depositions of Stephen Kriskovich and Sergio Vargas, including but not limited to: (1) providing Plaintiff with their last known contact information to facilitate service of third-party deposition subpoenas; or (2) accepting service of third-party deposition subpoenas on their behalf and present them for depositions at a mutually agreed upon time.

Not only will such relief aid Plaintiff in determining whether they will be converted into parties through subsequent amendment of the pleadings, but possibly spare Messrs. Kriskovich and Vargas the inconvenience and annoyance of being improvidently named as parties in a lawsuit (particularly this lawsuit), if discovery reveals that there is no basis to seek to hold them personally liable for Plaintiff's injuries due to the nature and scope of their respective involvement in the underlying events.

                                      Respectfully submitted,

                                      PLAINTIFF ANGELICA JUNIOUS

                                      By: *Devlin Joseph Schoop*_____
                                              Devlin Joseph Schoop
                                              One of Plaintiff's Attorneys

Melvin L. Brooks
Devlin Joseph Schoop
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn Street
Suite 1020
Chicago, Illinois 60603
(312) 262-2880
mbrooks@cochranfirm.com
dschoop@henderson-parks.com

Brian Orozco
**GREGORY E. KULIS & ASSOCIATES, LTD.**
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
(312) 580-1830
www.kulislawltd.com


Cierra Norris
**THE LAW OFFICE OF C.N. NORRIS, LLC.**
900 W. Jackson Blvd., Suite 6E
Chicago, IL 60607
P:312.625.6129
F: 312.374.6441

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 27, 2023, the foregoing **PLAINTIFF'S REPONSE TO COOK COUNTY DEFENDANT'S MOTION TO DISMISS** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

Amanda Christine Guertler
**Cook County State's Attorney's Office**
500 Richard J Daley Center
Chicago, IL 60602
(312) 603-6299
Email: amanda.guertler@cookcountyil.gov

Antonio C. Lee
**Cook County State's Attorney's Office**
50 W. Washington St.
Chicago, IL 60602
(312) 603-5439
Email: antonio.lee@cookcountyil.gov

/s/ Devlin Joseph Schoop