**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELICA JUNIOUS, <br><br> Plaintiff, <br><br> v. <br><br> SGT. W. BAKER, et al. <br><br><br> Defendants. | Case No. 22-cv-3681 <br><br> Honorable Judge Edmond E. Chang <br> Magistrate Judge Maria Valdez |

**COOK COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, COOK COUNTY ("COOK County"), through its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorneys ANTONIO LEE and AMANDA C. GUERTLER, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, submit the following response in support of its motion to dismiss all substantive claims brought by Plaintiff ANGELICA JUNIOUS' ("Plaintiff"), Dkt. No. 53 (hereinafter "Motion"), and state as follows:

**ARGUMENT**

At the outset, Plaintiff admits a failure to assert *any* substantive claims against Cook County. Dkt. No. 65, Pl.'s Resp. at pg. 1 ("Defendant Cook County has instead decided to move to dismiss a claim that Plaintiff *is not attempting to bring and never was*.") (emphasis added); at pg. 2 ("…Plaintiff is suing Cook County for indemnification only…."); *Id*. ("In other words, even if Plaintiff's Amended Complaint was attempting to allege a direct cause of action against Cook County (which it is not), it would have no legal meaning or effect."); *Id*. ("But that is beside the point because Plaintiff has elected not to pursue a *Monell* claim.").

1

Yet, Plaintiff audaciously concedes, "any attempt to directly sue Cook County is an action that would be void *ab initio*." *Id*. at pg. 2. If Plaintiff heeded this advice, briefing this Motion would not be necessary. Indeed, the operative complaint *clearly* asserts substantive claims against Cook County—including Count III—contending Cook County employed Sheriff's officers and deliberately ignored alleged conditions that included a broken window, malfunctioning chuckhole and lock, male detainee on Plaintiff's tier, and lack of supervision. Dkt. No. 42, at pgs. 6, 8-11 ¶¶31-32, ¶¶43, 48, 52-53. Even with direct citations and quoted language presented in Cook County's Motion, Plaintiff continues to ignore these truths. Dkt. No. 65, Pl.'s Resp. at pg. 2 ("Despite Defendant Cook County's vocal assertions to the contrary, Plaintiff is *not* suing Defendant Cook County "substantively" in Count III of Plaintiff's Amended Complaint."); at pg. 4 ("Plaintiff acknowledges how absurd it is to oppose dismissal of a claim Plaintiff never brought."). Plaintiff knows all too well that an individual cannot simply allege claims against an entity, then act as if those claims don't exist without avoiding the consequences of a motion to dismiss when legal sufficiency is tested. Such actions are akin to throwing rocks then hiding one's hand. Accordingly, Plaintiff's clear concessions permit the Court to grant Cook County's Motion, which could have easily been resolved during the party's conferral or voluntary dismissal.

Next, Plaintiff asserts that Cook County seeks to use this Motion to "avoid identifying other individual defendants who could be liable for Plaintiff's injuries or be obligated to aid in facilitating their depositions." Dkt. No. 65, Pl.'s Resp. at 3. This baseless assertion is patently false, accusatory, unprofessional, and should be admonished. Because Plaintiff failed to state a claim against Cook County, Cook County should not be a party to this lawsuit because it is only a necessary party for purposes of indemnification only—to which Plaintiff concedes. *Wallace v. Masterson*, 04 C 1827, 345 F. Supp. 2d 917, 926-927 (N.D. Ill. Nov. 23, 2004); 745 ILCS 10/9-102. Plaintiff further contends that Cook County "conveniently ignores how the *Wallace* plaintiff was relieved from

2

answering *Monell* discovery after the court dismissed the plaintiff's *Monell* claim." Dkt. No. 65, Pl.'s Resp. at 3. However, in *Wallace* the plaintiff alleged both *respondeat superior* and *Monell* claims against Cook County. *Wallace*, 345 F. Supp 2d at 920-928. The court dismissed Cook County as a substantive defendant in *Wallace* because (1) under *Moy* the plaintiff's *respondeat* claim failed and (2) under *Monell* counties are not liable for the sheriff's actions. *Id.* at 922, 927-928. Cook County remained solely in *Wallace* for indemnification purposes and was not subject to any discovery obligations. *Id.* at 926-927.

Here, Plaintiff has not named any Cook County employees in this case, and the other Sheriff's employees denied their employment with Cook County. Dkt. No. 52, at pgs. 8, 10, 15. Like in *Wallace*, Cook County would be liable if a judgment was entered against Cook County Sheriff Dart or his employees, and for that purpose only, Cook County would be a necessary party. *Wallace*, 345 F. Supp 2d at 927-28. Plaintiff bears responsibility to identify individuals responsible for her alleged injuries. *Hunt v. Dart*, 754 F. Supp. 2d 962, 977 (N.D. Ill. Dec. 6, 2010). Still, Plaintiff can issue any subpoenas to Cook County if further discovery is needed from Cook County employees, and a timely response will be provided without purported impediment. Thus, Plaintiff's unfounded concern that Cook County would not cooperate with a subpoena by "identifying county employees and/or providing their contact information" is completely speculative, premature, and meritless given the pending Motion. Dkt. No. 65, Pl.'s Resp. at pgs. 3-4.

Nevertheless, courts routinely excuse indemnitors such as Cook County from any discovery obligations. *Wallace*, 345 F. Supp 2d at 926-27; *see also Williams v. Cook Cty.*, 20 CV 1537, 2022 U.S. Dist. LEXIS 22774, at * 2 (N.D. Ill. Feb. 8, 2022) ("The Court nonetheless finds that the County is a nominal defendant solely for the purpose of indemnification and thus has no further discovery obligations. Should [plaintiff] determine that he has discovery to pursue against the County, he can petition the Court for relief."); *see also Bramwell v. Cortez*, 21 CV 6219, 2022 U.S. Dist. LEXIS

3

150051, at *18 (N.D. Ill. Aug. 22, 2022) ("The Court will…grant County Defendants' request that Cook County not have any discovery obligations going forward."). Therefore, the only proper purpose for Cook County to remain in this case is for indemnification purposes, and only if Plaintiff prevails in this matter will Cook County be obligated to indemnify the Sheriff's Office or its employees. 745 ILCS 10/9-102.

If the Court grants this Motion, Cook County respectfully requests the Court to deny Plaintiff's request to "order the Office of the Cook County State's Attorney to cooperate with Plaintiff's counsel to take the depositions of Stephen Kriskovich and Sergio Vargas, including but not limited to: (1) providing Plaintiff with their last known contact information to facilitate service of third party deposition subpoenas; or (2) accepting service of third-party deposition subpoenas on their behalf and present them for depositions at a mutually agreed upon time." Dkt. No. 65, Pl.'s Resp. at pg. 4. Plaintiff's request, which would in essence create a backdoor approach for Plaintiff's compliance with L.R. 37.2 if a discovery impasse existed, is premature at best because Plaintiff has not issued any notices to depose Stephen Kriskovich or Sergio Vargas nor requested their contact information. Therefore, Cook County respectfully moves this Honorable Court to dismiss all substantive claims brought in Plaintiff's First Amended Complaint, for failure to state a claim upon which relief may be granted, and grant any necessary and proper relief.

**Dated: March 15, 2023.**

                Respectfully Submitted,

                KIMBERLY M. FOXX
                State's Attorney of Cook County

By:   */s/ Antonio Lee*____
       Antonio Lee
       Amanda Guertler

Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5439
Antonio.lee@cookcountyil.gov

5