## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGELICA JUNIOUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 CV 3681 |
| v. | ) | |
| | ) | Honorable Judge Edmond E. Chang |
| SGT. W. BAKER #3159, | ) | |
| R/O C. CHENGARY #16269, | ) | |
| R/LT PURCELL #758, | ) | Magistrate Judge Maria Valdez |
| OFFICER NEALON # 18420 | ) | |
| OFFICER WALZ #18563 | ) | |
| OFFICER RAHN #17086, | ) | |
| OFFICER GLAZIERS, | ) | |
| COOK COUNTY SHERIFF TOM DART, | ) | |
| and COOK COUNTY, ILLINOIS, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## JACQUETTA NEALON'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES, Defendant, OFFICER JACQUETTA NEALON #18420, by and through her attorney, KIMBERLY M. FOXXX, State's Attorney of Cook County, through her Assistant State's Attorneys, JOHNSON & BELL, LTD., and in answer to Plaintiff's Amended Complaint states as follows:

## JURISDICTION AND VENUE

1.     This action is brought pursuant to the United States Constitution, the federal laws of the United States, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, ANGELICA JUNIOUS, accomplished by acts and/or omissions of the Defendants, SGT. W. BAKER #3159, R/O C. CHENGARY #162679, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563,

OFFICER RAHN #17086, OFFICER GLAZIERS, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, committed under color of law.

**ANSWER**: **Defendant Nealon admits that Plaintiff has set forth the statutory basis of her claim but denies any liability.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 as this matter involves issues of federal law and supplemental jurisdiction of the State of Illinois is proper.

**ANSWER**: **Defendant Nealon admits that Plaintiff has set forth the statutory basis of her claim but denies any liability.**

3. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(b) because it is the judicial district in which the events or omissions giving rise to the claims occurred.

**ANSWER**: **Defendant Nealon admits that Plaintiff has set forth the statutory basis of her claim but denies any liability.**

## PARTIES

4. At all relevant times, the Plaintiff, ANGELICA JUNIOUS, was a resident of the state of Illinois who was incarcerated at the Cook County Jail as a pre-trial detainee.

**ANSWER:** **Upon information and belief, Defendant admits that, at all relevant times, Plaintiff Angelica Junious was incarcerated at the Cook County Jail as a pre-trial detainee. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.**

5. The Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #162679, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN

#17086, and OFFICER GLAZIERS, were acting within their scope of employment and under color of law.

**ANSWER: Defendant Nealon admits that she is employed by the Cook County Sheriff's Office and was acting within the scope of her employment at all relevant times referenced in Plaintiff's Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

6.     The Defendant COOK COUNTY SHERIFF TOM DART was acting in his individual and official capacity as the duly elected and authorized sheriff of Cook County, Illinois.

**ANSWER: Defendant Nealon admits that Thomas Dart is the Sheriff of Cook County, and that Sheriff Dart was acting in his official capacity as the duly elected and authorized sheriff of Cook County, Illinois. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

7.     The Defendant COOK COUNTY, ILLINOIS is a municipal corporation duly incorporated in the State of Illinois.

**ANSWER**:     **Admitted.**

## FACTS

8.     On or about December 30, 2021, the Plaintiff, a female, was escorted from her cell in a female-only tier of the Cook County Jail by Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, to a cell #3149 in Cermak Floor 3SE (Isolation Unit) in Cook County Jail.

**ANSWER: Upon information and belief, Defendant Nealon admits that Plaintiff is a female and that at some point, on or about December 30, 2021, she was housed in cell #3149 in Cermak, Floor 3SE. Defendant Nealon denies that she escorted Plaintiff to cell #3149 that day. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.**

9.     On or about December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, knew that Detainee Steven McKinnie, a male, resided in cell #3151.

**ANSWER: Defendant Nealon admits that on or about December 30, 2021, she knew that Detainee Steven McKinnie, a male, resided in cell #3151. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.**

10.     Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, knew Plaintiff, a woman, resided in Cell #3149.

**ANSWER: Defendant Nealon admits that she knew that Plaintiff, a woman, resided in Cell #3149. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.**

11.     Defendants SGT. W. BAKER #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, OFFICER GLAZIERS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, had been aware of a pervasive issue involving the lock of the door that connects cells #3149 and #3151.

4

      **ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

      12.     Upon arrival at the cell in Cermak Floor 3SE (Isolation Unit) Plaintiff, ANGELICA JUNIOUS, informed DEFENDANTS SGT. W. BAKER #3159 and R/O CHENGARY #16269 that the window of her cell door connecting to cell #3151 had been broken open by the previous occupant, leaving glass on the floor.

      **ANSWER**: **Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

      13.     When Defendants SGT. W. BAKER, #3159 and/or OFFICER NEALON #18420 and/or R/O CHENGARY #16269 and/or OFFICER GLAZIERS, became aware of the broken window, they attempted to resolve this by placing a COVID medical gown over the broken, open window.

      **ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

      14.     Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, were patrolling for the entirety of Angelica's placement prior to the sexual assault and knew of the dangerous conditions she was subjected to. These conditions include, but are not limited to, a broken window on the separating door, a malfunctioning chuckhole and lock on the separating door, a male detainee being housed in the adjoining cell, and lack of supervision between the two cells at the time of the assault.

      **ANSWER**: **Defendant Nealon admits that she was patrolling by doing security checks during her shift. Defendant Nealon denies that she knew of the allegedly dangerous conditions, including the "broken window on the separating door, a malfunctioning chuckhole and lock on the separating door, and a male detainee being housed in the adjoining**

cell." Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

15.     Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, did not ameliorate this situation despite the ample opportunity they had to protect Plaintiff.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

16.     Some time prior to McKinnie's entry into Plaintiff's cell, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, knew the door was broken, unsecured and open with ample time to fix the door to prevent Steven McKinnie's entry.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

17.     Detainee Steven McKinnie entered Plaintiff, Angelica Junious' cell.

**ANSWER**: **Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

18.     Steven A. McKinnie sexually assaulted the Plaintiff after his entrance into Plaintiff's isolation cell.

**ANSWER**: **Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

19.     It was only after the completion of the attack that Defendants R/O CHENGARY #16269, SGT. W. BAKER, #3159 OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, took Plaintiff's report and moved her from cell #3149 in Cermak Floor 3SE (Isolation Unit).

**ANSWER**: **Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

20.     On December 30, 2021, detainee Steven McKinnie raped the Plaintiff, and she was severely injured as a result.

**ANSWER**: **Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

## COUNT I: 42 U.S.C. § 1983 - FAILURE TO PROTECT

21.     Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-20 as though fully set forth herein.

**ANSWER**: **Defendant Nealon answers and incorporates her answers to the allegations contained in paragraphs 1-20 as though fully set forth herein.**

22.     Defendants SGT. W. BAKER #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, had the duty and obligation to protect the Plaintiff ANGELICA JUNIOUS from being sexually assaulted by Inmate Steven McKinnie.

**ANSWER**: **Defendant Nealon acknowledges the duties and responsibilities imposed on her by the law.  Defendant denies the remaining allegations contained in this paragraph.**

23.     The Defendants strongly suspected facts showing that Plaintiff would be at risk for sexual assault and eventually harmed. These facts include but are not limited to housing Plaintiff among male inmates in a room with a failing locking mechanism and a broken window. The Defendants, in response to these harmful facts, failed to take reasonable measures to prevent this harm.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

24. Defendants had the ability to prevent the harm they strongly suspected would occur to the Plaintiff ANGELICA JUNIOUS by measures including but not limited to housing the Plaintiff ANGELICA JUNIOUS in a different location in the jail upon learning of the broken door that they had repaired.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

25. On December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, were aware that the inner door between cells #3149 and #3151 was broken, unsecured, and open with enough notice to have prevented the assault.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

26. Even though Defendants strongly suspected that Plaintiff would be sexually assaulted as well as their ability to prevent the Plaintiff from experiencing a physical attack, the Defendants consciously and deliberately ignored the clear danger to the Plaintiff ANGELICA JUNIOUS and failed to protect the Plaintiff ANGELICA JUNIOUS from said sexual assault by detainee Steven McKinnie.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

27. The actions of Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, constituted a violation of the Plaintiff, ANGELICA JUNIOUS' Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

28. As a result of the actions, and/or omissions of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563,

OFFICER RAHN #17086, and OFFICER GLAZIERS, ANGELICA JUNIOUS suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

### COUNT II: 42 U.SC. § 1983 – STATE-CREATED DANGER

29.    Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-28 as though fully set forth herein.

**ANSWER**:    **Defendant Nealon answers and incorporates her answers to the allegations contained in paragraphs 1-28 as though fully set forth herein.**

30.    Plaintiff ANGELICA JUNIOUS was in the custody of Defendants on or around December 30, 2021.

**ANSWER**: **Defendant Nealon admits the allegations contained in this paragraph.**

31.    At all times mentioned herein, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, were employed by Defendant COOK COUNTY, ILLINOIS, a municipal corporation duly incorporated in the State of Illinois.

**ANSWER**: **Defendant Nealon admits that she was employed by Defendant Cook County at all times mentioned in Plaintiff's Amended Complaint. Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

32.    At all times mentioned herein, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, were acting within the scope of their employment with Defendant COOK COUNTY, ILLINOIS.

**ANSWER**: **Defendant Nealon admits that, at all relevant times, she was acting within the scope of her employment with Defendant Cook County, Illinois. Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

33.     Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, knew that inmate Steven McKinnie was a male housed in the cell that had a connecting door to the cell that Plaintiff, a female, was housed in.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

34.     Any knowledge of males and females being housed adjacent to each other during incarceration with any possibility of physical interaction, particularly of a male interacting with a female, creates a strong likelihood of harm.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

35.     Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, knew that the connecting door between the cell that Plaintiff was housed in and the cell that Steven McKinnie resided in was malfunctioning for a significant amount of time prior to Plaintiff's sexual assault.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

36.     Despite this awareness, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, placed Plaintiff ANGELICA JUNIOUS in the faulty cell with insufficient protection from physical intrusion by a male inmate.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

37.     Prior to being transferred, Plaintiff ANGELICA JUNIOUS was in relative safety within her previous cell.

**ANSWER**: **Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

38.     The actions of Defendants shock the conscience. Defendants took affirmative steps to order Plaintiff to stay in a cell separated by a male inmate with only a faulty and ajar door and proceeded to walk away from the situation without proper supervision in place.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

39.     Such affirmative actions taken by the Defendants violated Plaintiff ANGELICA JUNIOUS' due process rights under the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

40.     As a result of the actions of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, the Plaintiff, ANGELICA JUNIOUS, suffered severe physical harm, fear, anxiety, pain, suffering, and emotional distress.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

**COUNT III: WILLFUL & WANTON NEGLIGENCE**

41.     Plaintiff ANGELICA JUNIOUS realleges and incorporates the allegations contained in paragraphs 1-40 as though fully set forth herein.

**ANSWER**:     **Defendant Nealon answers and incorporates her answers to the allegations contained in paragraphs 1-40 as though fully set forth herein.**

42.     At all times herein mentioned, the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, and COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, through its employees and agents, acted with willful and wanton negligence towards Plaintiff.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

43.     At all times mentioned, Plaintiff ANGELICA JUNIOUS, was held in pre-trial detention at Cook County Jail by Defendants COOK COUNTY SHERIFF TOM DART and COOK COUNTY, ILLINOIS.

**ANSWER**: **Upon information and belief, Defendant Nealon admits the allegations contained in this paragraph.**

44.     The Defendants strongly suspected facts showing that Plaintiff would be at risk for sexual assault and eventually harmed. These facts include but are not limited to housing Plaintiff among male inmates in a room with a failing locking mechanism and a broken window. The Defendants, in response to these harmful facts, failed to take reasonable measures to prevent this harm.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

45.     Defendants had the ability to prevent the harm they strongly suspected would occur to the Plaintiff ANGELICA JUNIOUS by measures including but not limited to housing the Plaintiff ANGELICA JUNIOUS in a different location in the jail upon learning of the broken door that they had repaired.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

46.     Despite the fact that Defendants strongly suspected that Plaintiff would be sexually assaulted as well as their ability to prevent the Plaintiff from experiencing a physical attack, the Defendants consciously and deliberately ignored the clear danger to the Plaintiff ANGELICA JUNIOUS.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

47.     Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, ordered Plaintiff ANGELICA JUNIOUS to remain in the defective and dangerous cell despite the strong likelihood of harm being brought to Plaintiff.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

48.     On December 30, 2021, SGT. W. BAKER, #3159, R/O CHENGARY #16269, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, OFFICER GLAZIERS, and COOK COUNTY, ILLINOIS knew that the window in the door separating the Plaintiff from male inmate McKinnie was broken and that the door itself was broken, unsecured, and open with ample time to correct said door to prevent McKinnie entry to Plaintiff's cell.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

49.     On or about December 30, 2021, inmate McKinnie raped Plaintiff ANGELICA JUNIOUS.

**ANSWER**: **Defendant Nealon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

50.     On or about December 30, 2021, Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ #

18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, learned of inmate McKinnie engaging in sexual acts with Plaintiff ANGELICA JUNIOUS.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

51.     Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086 and OFFICER GLAZIERS, knew that such acts or omissions had a substantial likelihood of creating or furthering serious bodily harm to Plaintiff ANGELICA JUNIOUS.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

52.     These acts and omissions by Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS constituted willful and wanton conduct towards the safety and well-being of Plaintiff ANGELICA JUNIOUS in one or more of the following respects:

    a.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to properly fix the problematic door separating Plaintiff from a detainee of the opposite sex.

    b.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to acknowledge and resolve the broken window and chuckhole of the connecting door.

    c.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to intervene when it was strongly suspected that inmate McKinnie would sexually assault the Plaintiff ANGELICA JUNIOUS.

    d.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to monitor and ensure the connecting door between cells 3149 and 3151 was kept closed, allowing inmate McKinnie to sexually assault the Plaintiff ANGELICA JUNIOUS.

e.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to heed clear signs of danger when evaluating the broken door and window and proceeded to order Plaintiff ANGELICA JUNIOUS to remain in the hazardous cell.

f.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to take into consideration Inmate McKinnie's past violent interactions with other inmates.

g.  With utter indifference, and/or conscious disregard for the safety of Plaintiff ANGELICA JUNIOUS, failed to take into consideration Inmate McKinnie's past history of aiding in breaking open locks within the prison facility.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph including subparts "a" through "g".**

53.  As a proximate result of the willful and wanton conduct of the Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, OFFICER GLAZIERS, COOK COUNTY SHERIFF TOM DART, and COOK COUNTY, ILLINOIS, the Plaintiff, ANGELICA JUNIOUS, has suffered, and will continue to suffer severe physical harm, fear, anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms.

**ANSWER**: **Defendant Nealon denies the allegations contained in this paragraph.**

**COUNT IV: RESPONDEAT SUPERIOR**

54.  The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-53 of Counts I-III as though fully set forth herein.

**ANSWER**: **Defendant Nealon answers and incorporates her answers to the allegations contained in paragraphs 1-53 of Counts I-III as though fully set forth herein.**

55.  In committing the acts alleged in this First Amended Complaint, each of the individually named Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT

PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, were employees of and agents of COOK COUNTY SHERIFF TOM DART, acting at all relevant times within the scope of their employment.

**ANSWER**: **The allegations in this paragraph are not directed to Defendant Nealon and therefore this Defendant makes no answer thereto. To the extent an answer to this paragraph is required; Defendant Nealon admits that she was an employee and agent of the Cook County Sheriff's Office and at all relevant times, was acting within the scope of her employment but denies any wrongdoing. Defendant Nealon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

56. Defendant COOK COUNTY SHERIFF TOM DART, is liable as principal for all torts in violation of state law committed by his agents and employees.

**ANSWER**: **The allegations in this paragraph are not directed to Defendant Nealon and therefore this Defendant makes no answer thereto. To the extent an answer is required, Defendant Nealon denies the allegations contained in this paragraph.**

57. The Plaintiff, ANGELICA JUNIOUS, has suffered, and will continue to suffer severe physical harm, fear, anxiety, pain, suffering, loss of normal life, emotional distress, and continuing medical harms as a direct and proximate result of the conduct by the individual Defendants SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, employed by Defendant COOK COUNTY SHERIFF TOM DART.

**ANSWER**: **The allegations in this paragraph are not directed to Defendant Nealon and therefore this Defendant makes no answer thereto. To the extent an answer is required, Defendant Nealon denies the allegations contained in this paragraph.**

### COUNT V: INDEMNIFICATION - COOK COUNTY, ILLINOIS

58.     The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-57 as though fully set forth herein.

**ANSWER**:     **Defendant Nealon answers and incorporates her answers to the allegations contained in paragraphs 1-57 as though fully set forth herein.**

59.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**: **The allegations in this paragraph are not directed to Defendant Nealon and therefore this Defendant makes no answer thereto.  To the extent an answer is required, Defendant Nealon denies the allegations contained in this paragraph.**

60.     Defendants, SGT. W. BAKER, #3159, R/O CHENGARY #16269, R/LT PURCELL #758, OFFICER NEALON #18420, OFFICER WALZ # 18563, OFFICER RAHN #17086, and OFFICER GLAZIERS, acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**:     **The allegations in this paragraph are not directed to Defendant Nealon and therefore this Defendant makes no answer thereto. To the extent an answer is required, Defendant Nealon admits that she was employed by the Cook County Sheriff's Office and was acting within the scope of her employment but denies any wrongdoing.**

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

## AFFIRMATIVE DEFENSES

Defendant, Nealon, by her attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, Johnson & Bell, Ltd., hereby sets forth the following Affirmative Defenses:

### I. Qualified Immunity

1.      As to the plaintiff's federal claims, Defendant Nealon is a government official who performed discretionary functions. The conduct of Defendant Nealon was at all times objectively reasonable and did not violate Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant Nealon is entitled to the defense of qualified immunity.

### II. Failure to Exhaust Administrative Remedies

2.      The Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Plaintiff failed to properly exhaust her administrative remedies and therefore her claims are barred.

### III. Failure to Mitigate

3.      To the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, No. 07 C 3372, 2009 WL 528307, at *8 (N.D. Ill. Feb. 25, 2009). Without waiving her denials to Plaintiff's allegations and to the extent Plaintiff

has failed to mitigate her damages, any award of damages must be reduced or eliminated for her failure to mitigate.

## IV.  State Comparative and Contributory Negligence Law

4.      As to the state law claims, to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case.

5.      In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 was in effect and reduces Plaintiff's recovery according to the plaintiff's contributory negligence, and bars her recovery entirely when Plaintiff is more than 50% of the proximate cause of the injury or damages for which recovery is sought.

## V.  Tort Immunity Act

6.      As to the plaintiff's state law claims, under the Illinois Tort Immunity Act, Defendant Nealon is not liable for any of these claims because Nealon's acts and/or omissions were based upon the information and circumstances known to her at the time, and any decision made by her was a discretionary decision for which she is immune from liability, even if said discretion was abused.  745 ILCS 10/2-201.

7.      Defendant Nealon is not liable, pursuant to the Illinois Tort Immunity Act, for the state law claims alleged because a public employee is not liable for her acts or omissions in the executed or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

8. Defendant Nealon was acting in the scope of her employment as an officer at all times relevant to this Complaint, and as such is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

9. Each of the Tort Immunities herein noted, as well as numerous other Tort Immunities, apply to local public entities, and public employees, including Defendant, and therefore provide immunity for all claims/allegations alleged in Plaintiff's Amended Complaint.

10. Pursuant to the Tort Immunities specifically quoted herein and all the Tort Immunities in the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, *et seq.,* Defendant is immune from liability and Plaintiff is barred from recovering any sum whatsoever from Defendant. *Payne v. Churchich,* 161 F.3d 1030, 1038 (7th Cir. 1998).

## VI.  Immunity from Punitive Damages

11. To the extent Plaintiff seeks punitive damages from Defendant Nealon in her official capacity, Defendant asserts immunity from the same.

## <u>JURY DEMAND</u>

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

WHEREFORE, based on the foregoing, Defendant, OFFICER JACQUETTA NEALON, denies that Plaintiff is entitled to any damages, injunctive relief, costs, attorney's fees, witness fees, or other relief. Defendant prays that this Honorable Court grant judgment in her favor and against Plaintiff on all aspects of her complaint and further requests that this Honorable Court grant judgment of Defendant's fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

Dated: April 17, 2023

/s/ *Lisa M. McElroy*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Nancy Dueñez (duenezn@jbltd.com)
Aleeza Mian (miana@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on **April 17, 2023**, I caused to be served the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

KIMBERLY M. FOXX

State's Attorney of Cook County

/s/ *Lisa M. McElroy*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Nancy Dueñez (duenezn@jbltd.com)
Aleeza Mian (miana@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770