UNITED STATES DISTRICT FOR
THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ANGELICA JUNIOUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22 CV 3681 |
| v. ) | |
| ) | Honorable Judge Chang |
| SGT. W. BAKER #3159, ) | |
| R/O C. CHENGARY #16269, ) | |
| R/LT PURCELL #758, ) | Magistrate Judge Valdez |
| OFFICER NEALON # 18420 ) | |
| OFFICER WALZ #18563 ) | |
| OFFICER RAHN #17086, ) | |
| OFFICER GLAZIERS, COOK COUNTY ) | |
| SHERIFF TOM DART, ) | |
| and COOK COUNTY, ILLINOIS, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION
TO EXTEND THE FACT DISCOVERY CUT-OFF**

Defendants' Joint Motion to Extend the Fact Discovery Cut-Off is replete with factual omissions. For the reasons set forth below, Defendants' Joint Motion for Discovery Extension should be **DENIED**, the Defendants should be barred from taking any depositions apart from expert witnesses to be disclosed pursuant to a Rule 26(a)(2) scheduling order set by Judge Chang. In support, Plaintiff further states:

1. Fact discovery **closed today**, June 30, 2023.[1] It closed today without any party -- including all of the Defendants -- taking any depositions of fact witnesses.

---

[1] Defendant Jacquetta Nealon is represented by separate counsel, due to her obvious conflict of interest with the Cook County Sheriff. The source of the conflict is twofold: (1) Nealon was an intervenor in the *Howard v. Cook County*, 17-cv-8146, wherein Sheriff Dart was sued by 529 female employees, including Defendant Nealon herself, alleging that Sheriff Dart was allowing jail inmates to sexually harass female employees that included serial masturbation and threatening women with rape; and (2) Sheriff Dart is pursuing disciplinary proceedings against Defendant Nealon before the Sheriff's Merit Board.

1

2. The parties have known about this fact discovery cut-off since October 5, 2022 when Judge Chang entered the fact discovery cut-off. (ECF #24)

3. The parties have, however, conducted significant written discovery, including the production of comprehensive reports concerning a post-incident investigation concerning how Plaintiff was raped on December 30, 2021 while in jail custody.

3. At no time since October 5, 2022 up to and including today, June 30, 2023, have any of the Defendants expressed any desire to take the deposition of any witness, including but not limited to Plaintiff. <u>At least not until today, and not until filing Defendants' Joint Motion to Extend Fact Discovery after Plaintiff filed a motion to set an expert disclosure schedule and trial-related scheduling dates</u>.

4. On Tuesday, June 27, 2023 – three days before the fact cut-off – ASA Antonio Lee sent an email asking "[d]id anyone plan to draft a motion?" because "[f]act discovery closes Friday." ASA Lee then referenced Judge Chang's October 5, 2022 order. (ECF #24). *See* **Group Exhibit 1**.

5. What ASA Lee did ***not*** say was:

(1) that he wanted to discuss whether an extension was necessary;

(2) that any of the Defendants that he represented wanted to take depositions; or

(3) what, if any, specific fact discovery issues required further action in this case from his perspective, much less, anyone else's.

6. ASA Lee could have done any of those things, but, inexplicably, without prior discussion with any of his opposing counsel, simply asked "did anyone plan to draft a motion?"

7. By Friday afternoon, June 30, 2023, at 1:46 PM, after hearing no response from any of his opposing counsel, ASA Lee sent another email, asking "can you please respond to my

email below?" *See* **Group Exhibit 1**.

8. Four minutes later, Lisa McElroy, counsel for Defendant Nealon, responded "Defendant Nealon would not oppose any motion to extend fact discovery that ***plaintiff*** intends to file." *See* **Group Exhibit 1**.

9. What Attorney McElroy did ***not*** say was:

(1) why she believed Plaintiff was seeking an extension;

(2) that Defendant Nealon wanted to take depositions; or

(3) what, if any, specific fact discovery required further action in this case.[2]

10. Attorney McElroy could have done any of those things, but, inexplicably, without prior discussion with any of her opposing counsel, simply assumed Plaintiff would seek an extension of time.

11. On June 30, 2023, Attorney Melvin Brooks, counsel for Plaintiff, sent an email to ASA Lee and Attorney McElroy, stating that he had been in depositions early that week, but would be available to discuss the matter at 4:30.

12. Attorney Brooks attempted to initiate the phone call with counsel at 4:30, but was unable to connect with ASA Lee and Attorney McElroy until shortly after 5:00, after a round of "phone tag."

13. By the time that phone call was had, Plaintiff had: (1) supplemented Plaintiff's earlier Rule 26(a)(1) Disclosures; and (2) filed Plaintiff's Motion to Set an Expert Discovery Cut-Off and a Trial-Related Schedule. (ECF #73) That motion clearly and correctly stated that fact discovery had closed. That statement was obviously true due to Judge Chang's October 5, 2022

---

[2] Defendant Nealon had already sought, and secured, an extension to provide her overdue responses to written discovery. They were originally due June 2, 2022. But as professional courtesy, Plaintiff agreed to extend the due date to July 7, 2023, shortly after the Fourth of July holiday.

Order and because nobody sought to extend it previously.

14. When Attorney Brooks spoke with ASA Lee and Attorney McElroy it was a pleasant, but short conversation. During that telephone conversation, Mr. Brooks informed opposing counsel that because fact discovery had closed today, Plaintiff would **not** be joining the Defendants' Motion for Extension of Time.

15. What Mr. Brooks did **not** say in that conversation was:

(1) that Plaintiff was "waiving" the right to take any depositions <u>if</u> fact discovery was later extended by the Court. At no time did Mr. Brooks say that Plaintiff was waiving defendants' depositions if fact discovery was later extended. Thus, the assertion contained in Paragraph 5 of Defendants' Motion -- "Plaintiff's counsel agreed to waive taking the Defendants' depositions" – <u>is simply untrue</u>. And Plaintiffs' counsel is reasonably confident that the Court would accept counsel's assertion at face value, but an affidavit can be provided if necessary.

16. So, what's really going on here? Apparently, from Defendants' perspective "[d]epositions of the parties have not been scheduled due to ongoing written discovery and document production." That is only partly true. A more complete and accurate statement would be as follows:

(1) that written discovery between Plaintiff and all of the County Defendants with exception of Defendant Nealon is complete;

(2) Defendant Nealon's written discovery responses are due July 7, 2023 due to a prior agreement;

(3) clear animosity between the Defendant Nealon and Cook County (the parties, not their respective lawyers) has caused some delay in completing written discovery with respect to <u>Defendant Nealon only</u>; and

4

(4) that Defendant Cook County is not being <u>proactive</u> about engaging in <u>substantive</u> communication to formulate <u>a specific discovery plan about whose deposition should be taken and when</u>, which in turn creates delay in discovery, which in turn, delays a trial. From Plaintiff's perspective, if no fact depositions are allowed to be taken, then Plaintiff is ready to proceed to trial upon completion of expert discovery.

17. Defendants have articulated no valid explanation for their lack of diligence in securing depositions if they truly wanted or needed them.

18. Plaintiff's counsel has expressed prior concerns about how perceived actions (or inaction, as the case has been) of the Cook County Defendants has delayed the progress of this case (e.g., delay in informing Plaintiff's counsel about representation for Defendant Nealon, which required Plaintiff to issue a separate waiver of service and placed Defendant Nealon's answer and discovery responses to essentially be on a different track).

18. So, Plaintiff's position is very clear: fact discovery closed today and Judge Chang should enforce that fact discovery cut-off and set a schedule for expert disclosures and trial-related dates. Defendants have not been proactive in their communication or formulating a comprehensive plan to address discovery, as is evidenced by sending emails a mere three days before a fact discovery cut-off which has been known for the past eight (8) months. And if fact discovery does, in fact, remain closed, then that means that none of the parties – Plaintiff, Defendant Nealon and/or any of the other Cook County Defendants – take depositions. What's good for one is good for all.

19. Alternatively, if Judge Chang is inclined to extend fact discovery, then it should be extended for everyone, which means that everyone is permitted to take depositions, including Plaintiff. Because, again, Plaintiff never "waived" taking Defendants' depositions <u>if the court extended fact discovery</u>. Counsel was simply told that fact discovery was closed and because it

5

was closed, Plaintiff won't be taking any depositions.

20. Additionally, if Judge Chang is inclined to extend fact discovery, then candidly, <u>the parties need to specify, by name, who is going to be deposed and when, by dates certain</u>. We are far beyond the point of not knowing who the relevant players are. It is for that reason that Defendants' representation that "it is anticipated that there will be 9 depositions[3] of the parties and several witness depositions" is woefully insufficient. Who? What are their names? What dates are Defendants proposing for the actual deposition? *And why, specifically, is it going to take until October 31, 2023 to get it done?* That's simply too long. Defendants' motion raises more questions than it answers and relies on boiler plate assertions that no delay is intended and this course of action is necessary for "effective representation." That's hardly the case. The parties exchanged extensive disclosures and interrogatory answers and we know (or should know) who is truly material or not. For instance, Sheriff Dart, himself, has already been identified as a WILL CALL witness for purposes of trial by Plaintiff. If fact discovery is extended, Plaintiff has every intention to issue a deposition notice for Sheriff Dart because he is anticipated to have personal knowledge about the hyper-sexualized atmosphere at the County Jail and how conditions are so bad that it took an order from Judge Matthew F. Kennelly in the *Howard* class action litigation – mandating the shackling and hand-cuffing of serial masturbating inmates – before Sheriff Dart would take action. Sheriff Dart is also anticipated to have personal knowledge about why he is (and has been) trying to discipline Jacquetta Nealon for over a year because of what happened to Plaintiff.

---

[3] ASA Lee's original proposed draft motion specified taking up to 9 party depositions and other witnesses without specifying a number. See **Group Exhibit 1**. Because that would exceed the numerical limitation for depositions and require a separate motion for leave, the Defendants really should be required to specify who, why and when. It's long past time for them to provide such specifics.

6

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court enter an order: (1) **denying** Defendants' Joint Motion to Extend Fact Discovery; (2) **entering** an expert disclosure schedule, as proposed, in Plaintiff's pending Motion to Set an Expert Discovery Schedule and Trial-Related Dates; and; (3) **alternatively**, if fact discovery is extended, that all Parties are to provide witness names and dates certain for anticipated witness depositions, no later, than **Friday, July 7, 2023** and for those depositions to be completed no later than **September 8, 2023**.

    Respectfully submitted,

    PLAINTIFF ANGELICA JUNIOUS

    By: *Devlin Joseph Schoop*
        Devlin Joseph Schoop
        One of Plaintiff's Attorneys

Melvin L. Brooks
Devlin Joseph Schoop
Colin Q. Commito
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn Street
Suite 1020
Chicago, Illinois 60603
(312) 262-2880
mbrooks@cochranfirm.com
dschoop@henderson-parks.com

Brian Orozco
**GREGORY E. KULIS & ASSOCIATES, LTD.**
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
(312) 580-1830
www.kulislawltd.com

Cierra Norris
**THE LAW OFFICE OF C.N. NORRIS, LLC.**
900 W. Jackson Blvd., Suite 6E
Chicago, IL 60607
P:312.625.6129
F: 312.374.6441

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 30, 2023, the foregoing **Plaintiff's Response in Opposition to Defendants' Joint Motion to Extend the Fact Discovery Cut-Off** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

Monica Burkoth
Lisa McElroy
Johnson & Bell
33 West Monroe Street
Suite 2700
Chicago, IL 60603-5404
burkoth@jbltd.com


Antonio C. Lee
James O'Conner
**Cook County State's Attorney's Office**
50 W. Washington St.
Chicago, IL 60602
(312) 603-5439
antonio.lee@cookcountyil.gov

/s/ *Devlin Joseph Schoop*