UNITED STATES DISTRICT FOR
THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ANGELICA JUNIOUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22 CV 3681 |
| v. ) | |
| ) | Honorable Judge Chang |
| SGT. W. BAKER #3159, ) | |
| R/O C. CHENGARY #16269, ) | |
| R/LT PURCELL #758, ) | Magistrate Judge Valdez |
| OFFICER NEALON # 18420 ) | |
| OFFICER WALZ #18563 ) | |
| OFFICER RAHN #17086, ) | |
| OFFICER GLAZIERS, COOK COUNTY ) | |
| SHERIFF TOM DART, ) | |
| and COOK COUNTY, ILLINOIS, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
PURSUANT TO FED. R. CIV. P. 26(c)(1)(E)**

Plaintiff, Angelica Junious, pursuant to Fed. R. Civ. P. 26(c)(1)(E), moves for a protective order: (1) permitting the presence of Amerantha Skinner, a licensed social worker and qualified mental health professional, to be present for the deposition of Angelica Junious; (2) for the deposition to be conducted at the office of Plaintiff's counsel. In support, Plaintiff states:

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 37.2**

On July 31, 2023, counsel of record,[1] met and conferred <u>telephonically</u> to engage in a good faith attempt to resolve the issues presented by this dispute. Despite best efforts, the parties are genuinely at impasse and require a ruling from the Court to resolve this disputed issue. As such,

---

[1] Participating in the call were Attorneys Brooks and Schoop (for Plaintiff) and Attorneys Lee and O'Connor (for the County Defendants). There is a pending motion to withdraw by counsel for Defendant Nealon (Dkt. 78), so they did not participate. As such, for purposes of this motion, "Defendants" is intended to refer to all defendants except Defendant Jacquetta Nealon.

1

by agreement of the parties, Plaintiff is presenting this Motion for Protective Order.

**ISSUE PRESENTED FOR DECISION BY THE COURT**

The issue is simple: Plaintiff will be presented for her video deposition on August 10, 2023 at 10:00 a.m. Plaintiff wants her mental health counselor to be available on a standby basis to assist Plaintiff if she has a mental health episode while giving her testimony. To be clear, Plaintiff is **not** asking that the mental health professional: (1) be physically present inside the room where Plaintiff's video deposition will be taken; and (2) be allowed to discuss the substance of Plaintiff's testimony during breaks. However, Plaintiff is requesting that the deposition proceed at the office of Plaintiff's counsel, so that the mental health professional be readily available to assist Plaintiff, during a break, if the deposition examination should trigger a mental health episode for Plaintiff, requiring the assistance of a professional so that Plaintiff can regain and maintain her composure and complete the deposition, without discussing the substance of testimony. That is sole scope of the of the relief Plaintiff is seeking in this motion.

Defendants object to this request on the basis that a "deposition testimony is akin to trial testimony" and that a counselor would not be physically present inside a courtroom at trial, so no such accommodation should not be permitted for Plaintiff's deposition.

**RELEVANT FACTS**

This is a civil rights/personal injury lawsuit filed by Plaintiff Angelica Junious who was sexually assaulted in December 2021, while she was a pre-trial detainee at Cook County Jail. There is no genuine dispute about whether the sexual assault happened. Cook County State's Attorney Kimberly Foxx is prosecuting the assailant and would not be doing so without probable cause to believe the assault happened. What is at issue is the nature and extent of Plaintiff's injuries. Unsurprisingly, Plaintiff has been seeing a mental health counselor – Amerantha Skinner,

a licensed clinical social worker and qualified mental health professional -- to cope with the obvious stress and trauma caused by the incident.

As an accommodation to the schedule for Defendants' lead counsel,[2] Plaintiff has agreed to make herself available for her deposition on August 10, 2023. What is disputed is whether Plaintiff's deposition will proceed at the office of Plaintiff's counsel with -- or without -- her mental health professional available on standby for Plaintiff, in the event Plaintiff should experience a mental health episode during the witness examination.

**ARGUMENT**

**1. Defendants' Objection to the Presence of Ms. Skinner.**

Defendants object to this request on the basis that a deposition testimony is "akin to trial testimony" and that a counselor would not be available to be present in the courtroom at trial, so according to Defendants' logic, no such accommodation should be permitted here. As a legal proposition, Defendants are mistaken. Rule 30(c)(1) provides in relevant part "the examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1) (emphasis added); *see also J.H. v. School Town of Munster*, Case No. 2:12-CV-69-PPS-PRC, 2013 U.S. Dist. LEXIS 206593, *6 (N.D. Ind., May 24, 2013) (holding Fed. R. Evid. 103 [rulings on evidence] and 615 [exclusion of witnesses] do not govern depositions and the proper vehicle for relief concerning witness presence at depositions is a protective order through Fed. R. Civ. P. 26(c)(1)(E)). Therefore, Defendants' reliance on Fed. R. Evid. 103 and/or 615 is a non-starter.

---

[2] Originally, Plaintiff offered to present for deposition on July 31 or August 1, 2023, but Defendants' lead counsel declined those dates based on his unavailability. To accommodate lead counsel's understandable desire to be present for the deposition, Plaintiff is willing to proceed August 10th provided the deposition occurs at the office for Plaintiff's counsel and Plaintiff's mental health counselor be available on standby. Plaintiff wants to get this deposition completed, preferably by August 10, 2023. It is for that reason that Plaintiff is filing this motion to secure a ruling as quickly as possible so that the August 10, 2023 date does not result in further disputes about the locale or presence of the counselor, causing a delay on the day in question.

3

## 2. Good Cause Exists to Permit Ms. Skinner to Be On Standy By to Assist Plaintiff in the Event of an Emotional Incident.

Next, Rule 26(c)(1)(E) provides that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . **(E) designating the persons who may be present while the discovery is conducted**." Fed. R. Civ. P. 26(c)(1)(E) (emphasis added). Gone are the days of the old federal rules where there were presumptive exclusions of non-parties attending depositions. *Id*. Non-parties can attend if there is a good reason for it. *Id*. Here, good cause is satisfied because Plaintiff is a sexual assault victim still reeling from the horrors of her attack and is an emotionally fragile position, like any human being in her situation would be. The Defendants will clearly inquire about the details of Plaintiff's assault (as is their right), which will almost certainly trigger an emotional response from Plaintiff. It would not only be counterproductive, but inhumane, to prevent Plaintiff from having her mental health counselor present, on a standby basis, if or when Plaintiff should experience a mental health episode during her deposition.

Plaintiff is not asking for her mental health counselor to be present in the room during her testimony. Plaintiff is asking for her counselor to be <u>*outside* and readily available to console Plaintiff if she needs it during a *break*</u>. Undersigned counsel does not wish to sound alarmist or hyperbolic. Concerns about Plaintiff are genuine for the reasons that Ms. Skinner related in her correspondence, which is attached as **Exhibit 1**, filed under seal.[3]

The "logic" driving Defendants' objection is premised on unfounded factual assumptions, so let's address the Defendants' actual, albeit unstated, concern that is obviously motivating this

---

[3] Ms. Skinner provided correspondence to tender to necessary parties, including the Court, concerning this issue. That letter was only recently received by undersigned counsel and has been shared with the Defendants. A copy will be filed under seal as it involves confidential protected health information concerning Plaintiff. The exhibit has been redacted to conceal Plaintiff's date of birth and housing-related information prohibited from public disclosure pursuant to the Illinois Domestic Violence Act.

dispute: unfounded fear that, during a break, Plaintiff and her mental health counselor will discuss the actual substance of her testimony.

**That concern is easily addressed: it will not happen.**

Between them, lead counsel for Plaintiff – Attorneys Melvin Brooks and Devlin Schoop – have sixty-four years of legal experience and certainly know the acceptable (and unacceptable) parameters for deposition conduct; witness coaching is not acceptable and will not happen at this deposition (or any other). Plaintiff's counsel will be present with Plaintiff during breaks to ensure that there is no discussion with Plaintiff about the substance of her testimony with ***anybody***. While depositions might be akin to a trial, they are not identical to trial -- as is readily contemplated by Rule 30(c)(1) -- because neither the judge nor jury are present in real-time (a presence which almost always yields the best behavior by all counsel). Therefore, depositions are conducted with an honor system that all lawyers can and should be expected to follow, which necessarily includes no abuse of witnesses and no coaching witnesses during the actual examination and/or breaks (which necessarily includes no coaching witnesses to take breaks), to interfere with the examination. Just as Plaintiff would presume that opposing counsel won't be coaching their witnesses in future depositions, Defendants can presume the same with respect to Plaintiff's deposition examination. Indeed, Defendants have less reason to be concerned about witness coaching at Plaintiff's deposition because, unlike the Defendants' virtual depositions, Plaintiff will be examined in person by Defendants' lead counsel, Mr. Lee.

Unfounded concerns about witness coaching premised on unsubstantiated conjecture, should not deprive Plaintiff of the opportunity to have her mental health counselor readily available in the very real chance that a question triggers a mental health episode. Defendants will suffer no prejudice with Ms. Skinner being present, outside the conference room in the office of Plaintiff's

5

counsel where Plaintiff's deposition will be taken, because Ms. Skinner: (1) is not an occurrence witness per se, *i.e.*, she was not present for the sexual assault and has no first-hand knowledge about the underlying incident; and (2) is not going to be inside the room, listening to testimony and would not discuss testimony without Plaintiff during any breaks.

**WHEREFORE**, pursuant to Fed. R. Civ. P. 26(c)(1)(E), Plaintiff respectfully requests that this Honorable Court enter a protective order <u>before August 10, 2023</u>:

(1) setting the location for Plaintiff's August 10, 2023 deposition to proceed in person at the Law Office of the Cochran Firm Chicago, 140 South Dearborn, Suite 1020, Chicago, Illinois, to be taken via stenographic and video means consistent with the July 31, 2023 Amended Notice of Deposition;

(2) allowing Plaintiff's mental health counselor, Amerantha Skinner, to be available on a standby basis to meet with Plaintiff during breaks, to provided emotional support to Plaintiff and assist Plaintiff in maintaining and regaining her composure in the event that the deposition examination should trigger an emotional event for Plaintiff;

(3) prohibiting Amerantha Skinner from being inside the room where Plaintiff's deposition is being taken during the course of the actual witness examination;

(4) prohibiting Amerantha Skinner from discussing with anyone, including but not limited to Plaintiff, the substance of the testimony during the course of Plaintiff's deposition; and

(5) granting the parties any other further relief that the Court deems just, appropriate and necessary under the circumstances.

Respectfully submitted,

PLAINTIFF ANGELICA JUNIOUS

By: <u>*Devlin Joseph Schoop*</u>
    Devlin Joseph Schoop
    One of Plaintiff's Attorneys

Melvin L. Brooks
Devlin Joseph Schoop
Colin Q. Commito
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn Street
Suite 1020
Chicago, Illinois 60603
(312) 262-2880
mbrooks@cochranfirm.com
dschoop@henderson-parks.com


Brian Orozco
**GREGORY E. KULIS & ASSOCIATES, LTD.**
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
(312) 580-1830
www.kulislawltd.com


Cierra Norris
**THE LAW OFFICE OF C.N. NORRIS, LLC.**
900 W. Jackson Blvd., Suite 6E
Chicago, IL 60607
P:312.625.6129
F: 312.374.6441

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 31, 2023, the foregoing **Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1)(E)** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

Monica Burkoth
Lisa McElroy
Johnson & Bell
33 West Monroe Street
Suite 2700
Chicago, IL 60603-5404
burkoth@jbltd.com


Antonio C. Lee
James O'Conner
**Cook County State's Attorney's Office**
50 W. Washington St.
Chicago, IL 60602
(312) 603-5439
antonio.lee@cookcountyil.gov

/s/ *Devlin Joseph Schoop*