UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELICA JUNIOUS, | |
| Plaintiff, | |
| v. | Case No. 22-cv-3681 |
| SGT. W. BAKER, et al. | Honorable Judge Edmond E. Chang<br>Magistrate Judge Maria Valdez |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)(1)(E)**

Defendants LT. PURCELL, SGT. W. BAKER, OFFICER C. CHENGARY, OFFICER WALZ, OFFICER RAHN, and COOK COUNTY SHERIFF THOMAS DART ("Defendants"), through their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorneys ANTONIO LEE and JAMES O'CONNOR, pursuant to Court Order on August 1, 2023 (Dkt. No. 85), submit the following response to Plaintiff's ANGELICA JUNIOUS ("Plaintiff") (collectively the "Parties") Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1)(E) (hereinafter "Motion"). In support thereof, Defendants state as follows:

**INTRODUCTION**

The central issue presented before the Court is whether Plaintiff's counselor can *intervene during* Plaintiff's video deposition scheduled on August 10, 2023, and discuss her testimony during the proceeding. This issue was the main contention during the Parties' L. R. 37.2 Conference, and served as the basis in prior discussions. Defendants objected to Plaintiff's request because the counselor's interference could jeopardize Plaintiff's testimony and unfairly prejudice the defense. Instead, Plaintiff attempts to amend the request through the pending Motion by setting additional

1

parameters for Plaintiff's deposition that were not discussed during the conference, and force Defendants to respond on short notice. Lastly, the location of Plaintiff's deposition is not a genuine issue before the Court, as the Parties did not reach an impasse on this topic during their 37.2 conference, and any perceived impasse regarding the location of Plaintiff's deposition is not articulated in the Motion.

Accordingly, Defendants respectfully request the Court to deny Plaintiff's Motion. Defendants are amendable to conduct Plaintiff's deposition at the office of Plaintiff's counsel, but object to the intervention of Ms. Skinner *during* the deposition and discussing Plaintiff's testimony.

## ARGUMENT

### PLAINTIFF'S MOTION FAILED TO DEMONSTRATE GOOD CAUSE TO SATISFY THE REQUIREMENTS PURSUANT TO FED. R. CIV. P. 26(c)(1)

Defendants object to Ms. Skinner inserting herself *during* Plaintiff's deposition, which could jeopardize Plaintiff's testimony, because "a deposition is intended to record under oath a witness's own personal knowledge without the prodding or help of a third party including the witness's counsel." *Simkus v. United Airlines*, 2015 U.S. Dist. LEXIS 22014, *3, (N. D. Ill. Feb. 24, 2015). The Parties agreed to exclude Ms. Skinner's presence from the room where the Parties would conduct Plaintiff's deposition. Accordingly, Plaintiff's Motion should be dismissed because these reasonable circumstances do not pose any "annoyance, embarrassment, oppression, or undue burden or expense" to Plaintiff during the deposition, and Plaintiff failed to demonstrate "good cause" to issue a protective order. Fed. R. Civ. P. 26(c)(1).

Pursuant to the Federal Rules of Civil Procedure, a court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). However, protective orders should be awarded upon demonstration of "good cause," which includes the potential to "interfere with accuracy" of

2

deposition testimony. *Simkus*, 2015 U.S. Dist. LEXIS at 2; *Monroe v. Sisters of St. Francis Health Servs., Inc.*, 2010 U.S. Dist. LEXIS 124488, 2010 WL 4876743, at *3 (N.D. Ind. Nov. 23, 2010).

Courts have excluded witnesses from depositions based on the individual's potential to interfere with the deposition proceeding. In *Simkus v. United Airlines*, the plaintiff, Paul Simkus, advised the defendant that he intended to have a friend, Marty Watters, present at his deposition to "'keep [him] focused because [he] has a problem with focusing, attention deficit/hyperactivity disorder,' and 'help [][him] remember the history' of the case." *Simkus*, 2015 U.S. Dist. LEXIS at 1. The defendant filed a motion for a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(E), which the court granted. *Id*. at 2. The court reasoned that "examination of a witness at a deposition proceeds as at trial under the Federal Rules of Evidence" and that "if a witness cannot confer with his counsel about questions and answers once the deposition starts, then it stands to reason that the deponent may not confer with a third party for the purpose, for example, of refreshing his recollection." *Id*. at 2-3. It is well settled that "once a deposition starts, counsel has no right to confer [with his client witness] during the deposition [except to determine if a privilege should be involved]." *Id*.; *LM Insurance Corp. v. ACEO, Inc.*, 275 F.R.D. 490, 491 (N.D. 111. 2011). The court further highlighted that Mr. Watters previously interposed himself during oral and written communication between the parties and would likely interfere with testimony. *Id*. at 3.

Here, Defendants seek to maintain the same decorum during Plaintiff's deposition, as it would proceed at trial, because Ms. Skinner is not a party to this lawsuit. The Parties genuinely dispute the allegations regarding Plaintiff's alleged sexual assault on or about December 30, 2021. *See* Dkt. No. 52. Defendants recognize that Plaintiff could be triggered by discussing the alleged incident, as with any other plaintiff or party discussing their alleged injuries. Still, Defendants will approach Plaintiff with respect and integrity given the allegations in this case.

Defendants do not object to: (1) The location of Plaintiff's deposition to occur at the Law Office of the Cochran Firm Chicago; (2) Prohibiting Ms. Skinner from being inside the room where Plaintiff's deposition will be held during Plaintiff's deposition; (3) Prohibiting Ms. Skinner from discussing with anyone, including but not limited to Plaintiff, Plaintiff's testimony during the course of Plaintiff's deposition; and (4) Prohibiting Ms. Skinner from listening to Plaintiff's testimony during the deposition. Defendants also do not object if Ms. Skinner needs to assist Plaintiff in maintaining and regaining her composure in the event that the deposition examination may trigger a serious emotional event, such as a seizure or asthma attack referenced in Ms. Skinner's letter. Dkt. No. 83.

However, the parameters of Ms. Skinner's letter in comparison to the assertions in Plaintiff's Motion differ. *See* Dkt. No. 82, at pg. 6 ("Prohibiting Amerantha Skinner from discussing with anyone, including but not limited to Plaintiff, the substance of the testimony during the course of Plaintiff's deposition:"); *compare to* Dkt. No. 83, Skinner Ltr. ("It is therefore my clinical judgement that *during such deposition*, it would be in Ms. Junious' best interest to *have a clinical staff*, that she is familiar with, *in attendance*. The staff would *serve to support* any mental health decline, as well as *processing feelings related to* the procedure as well as *the trauma she may feel as a result*.")(emphasis added). Such riddled ambiguity serves as the basis for Defendants' objection to ensure Ms. Skinner's actions do not extend beyond mere assistance with a seizure disorder, to discussing the alleged trauma from the event. At this juncture, Ms. Skinner's coping techniques are unknown, in addition to whether such techniques would alter or have a substantial effect on Plaintiff's candid testimony if Ms. Skinner were not present. Such actions could unfairly prejudice the defense if Ms. Skinner is allowed to intervene during proceedings, and communicate with Plaintiff in a way that could limit or suppress testimony during the deposition.

Defendants recognized there is no attorney client privilege during the break for a deposition,

4

and likewise, there will be no privilege extended to Plaintiff and Ms. Skinner during Plaintiff's deposition. If the substance of Plaintiff's testimony is discussed during the break, Defendants are permitted to inquire about the discussions once the deposition resumes. Defendants will also issue a subpoena for Ms. Skinner's medical notes, as her identity was not disclosed, along with her letter, until July 31, 2023. By Monday, August 7, 2023, Defendants will issue an amended notice of deposition to reflect the new location.

If the Court is inclined to grant Plaintiff's Motion, Defendants respectfully request the Court to provide parameters regarding the Ms. Skinner's involvement during the deposition, so that Ms. Skinner's actions will not interfere with Plaintiff's testimony and unfairly prejudice the defense.

## CONCLUSION

Plaintiff fails to demonstrate "good cause" in filing this Motion. Defendants are actively preparing to complete Plaintiff's deposition on August 10, 2023, but request parameters of Plaintiff's counselor, given the contradiction and ambiguity presented in Plaintiff's request.

WHEREFORE, Defendants respectfully request the Court to: (1) Deny Plaintiff's Motion for a Protective Order; (2) Clarify parameters for any involvement of Ms. Skinner during Plaintiff's deposition; and (3) Grant any necessary and proper relief.

**Dated: August 3, 2023**

                                              Respectfully Submitted,
                                              KIMBERLY M. FOXX
                                              State's Attorney of Cook County

By:    */s/ Antonio Lee*
           Antonio Lee
           James O'Connor
           Assistant State's Attorney
           500 Richard J. Daley Center
           Chicago, IL 60602

                                                          (312) 603-5439
                                          Antonio.lee@cookcountyil.gov

## **CERTIFICATE OF SERVICE**

     I, Assistant State's Attorney, Antonio Lee, hereby certify that the above and foregoing was served upon all counsel of record through the CM/ECF filing system on August 3, 2023.

                                                */s/Antonio Lee*_____
                                                Antonio Lee