**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELICA JUNIOUS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 CV 3681 |
| | ) | |
| SGT. W. BAKER #3159, | ) | Judge Edmond E. Chang |
| R/O C. CHENGARY #16269, | ) | |
| R/LT PURCELL #758, | ) | Magistrate Judge Maria Valdez |
| OFFICER NEALON #18420, | ) | |
| OFFICER WALZ #18563, | ) | |
| OFFICER RAHN #17086, | ) | |
| OFFICER GLAZIERS, | ) | |
| COOK COUNTY SHERIFF TOM DART, | ) | |
| And COOK COUNTY, ILLINOIS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants, | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 15 AND FOR OTHER MISCELLANEOUS RELIEF
THAT THE COURT DEEMS JUST AND RIGHT UNDER THE CIRCUMSTANCES**

Pursuant to Fed. R. Civ. P. 15, Plaintiff Angelica Junious, by and through her counsel, moves for leave to file Plaintiff's Second Amended Complaint, attached, stating the following in support:

1.     This is a Section 1983 civil rights action. Originally, the case was (or should have been) factually straightforward, albeit emotionally-charged. On December 30, 2021, Plaintiff was raped while she was housed at Cook County Jail. The Defendants denied they were liable for the rape. So, the factual and legal issues were about: (a) whether the Defendants failed to adequately protect Plaintiff from being sexually assaulted while she was a pre-trial detainee at Cook County Jail; (b) whether the Defendants' willful and want conduct in failing to protect Plaintiff from being raped constituted a state-created danger, rendering them liable to Plaintiff for a violation of the

Fourteenth Amendment; and (c) whether that same willful and wanton conduct was a violation of Illinois common law.

2.     Based on the initial disclosures that the parties exchanged pursuant to Rule 26(a), the main factual issue was whether Plaintiff was housed in a cell in the Isolation Unit at Cermak Medical Center that had an adjoining cell – connected by a common hallway that was not routinely monitored by corrections officers and were secured solely by a single deadbolt lock inside the hallway – that gave a male detainee the obvious opportunity to rape Plaintiff, which is precisely what happened. Cook County State's Attorney thinks so, as her office is currently prosecuting the rapist.

3.     But then things got complicated. Very complicated.

4.     First, the Defendants failed to take any depositions before the original June 30, 2022 fact discovery cut-off. Just as they were about to blow that deadline, the Defendants moved for an extension, making the dubious assertion that an extension would not unduly delay the case because Plaintiff had "waived" the right to take any depositions during a Rule 37.2 telephonic conference had at 4:30 on June 30th, just moments before the Defendants filed their motion for extension.

5.     On July 5, 2022, Magistrate Judge Valdez -- who is supervising discovery -- made short work of Defendants' dubious "waiver" assertion and begrudgingly extended the fact cut-off for all parties to September 1, 2022, instead of the October 30, 2022 date sought by the Defendants.

6.     Magistrate Judge Valdez also ordered the parties to submit a status report on discovery by August 10, 2022 with the expectation that depositions would be noticed and "well underway" by August 10, 2022.

7.      Instead, more problems ensued.  On July 5, 2022, Plaintiff promptly propounded Notices of Deposition for several witness, including Defendants William Baker, Corrine Chengary, Jacquetta Nealon, Jessica Rahn, in addition to a non-party occurrence witness, Investigator Ochoa.  Mr. Ochoa conducted the jail's post-incident investigation of Plaintiff's rape and interviewed multiple witnesses.  Initially, Lead counsel for the Defendants -- ASA Antonio Lee -- waited over a week to respond to the deposition notices for his clients, but was very quick to inform everyone he was unable to participate for an alternative date to take the deposition of Defendant Nealon.  To accommodate ASA Lee's schedule, Plaintiff agreed to be presented for her deposition before any of the other defendants.  This was done to ensure that the parties could begin depositions as ordered by Judge Valdez.  By agreement of the parties, Plaintiff was to be presented for her deposition on August 10, 2023.

8.      But in the interim, counsel for Defendant Nealon was granted leave to withdraw from the case, citing some apparent lack of cooperation from Defendant Nealon.  Allegedly, Defendant Nealon had gone dark and was not communicating with the outside law firm that Cook County was paying to represent her.  To avoid potential prejudice to Plaintiff, Judge Chang ordered that if Defendant Nealon did not answer outstanding written discovery and appear for her deposition by August 16, 2023, then Defendant Nealon would have a default entered against her.

9.      On August 10, 2022 at 4:01 a.m. -- approximately six (6) hours before Plaintiff was to be presented for her deposition -- ASA Lee did a "document dump," disclosing approximately 2,000+ pages of documents concerning Plaintiff's case.  Plaintiff's counsel twice attempted to confer with ASA Lee, as required by Local Rule 37.2, to determine whether any of the documents were intended to be used at Plaintiff's deposition.  ASA Lee ignored those email inquiries.  *See* **Exhibit 1** (8/10/2023 Rule 37.2 email attempts from Schoop to Lee.)

10.     After determining that the documents were *mostly* comprised of Plaintiff's own medical records, which would not prejudice Plaintiff, the deposition proceeded. Plaintiff fully cooperated and answered ASA Lee's questions.

11.     But then more problems ensued.  Included in the August 10, 2023 4:01 a.m. "document dump" was a 300+ page investigative report authored by the Office of Professional Review for the Cook County Sheriff's Office.  **The report was dated May 11, 2023**.  No explanation has yet to be given by ASA Lee about why there was such a significant delay in producing it.  It obviously existed before the original June 30, 2023 fact cut-off and was produced a mere 21 days before the rapidly approaching September 1, 2023 cut-off.

12.     The OPR Report puts many of the facts revealed in the Defendants' original disclosures in a whole new light, radically changing core facts that are material to the claims and defenses of the litigation.

13.     Specifically, the OPR report contained the shocking revelation that it was a "standing practice" -- implemented at the direction of senior jail officials, including former Assistant Director Marlena Jentz -- to house detainees of the opposite sex in adjoining cells despite how everyone at the jail knew that: (1) isolation cells had anterooms where, if left unlocked, would enable detainees to move freely and unmonitored between cells without being seen by corrections officers; (2)  everyone at the jail knew that the anterooms were left unguarded and that corrections officers, as a matter of routine and protocol, never checked to ensure that the doors to the anteroom cells were, in fact, secured.  In short, the Sheriff and his staff had effectively created a "Rape Trap." And it was only a matter of time before a woman would be raped by a male detainee.

13.     The OPR report also provides rather damning evidence that the jail's post-incident investigation was at best, lax, but more likely a white-wash intended to conceal how Plaintiff's

4

injury was the result of a *systemic failure* of multiple jail personnel from top to bottom.  Senior staff created the practice to allow detainees of the opposite sex to be housed together and the front-line jail staff never checked the anteroom deadbolt locks, despite an explicit Cook County Department of Corrections Policy that strictly mandates that corrections officers shall "[e]nsure all locking mechanisms are clear of any obstructions and securely locked."  This was routinely **not** done for anteroom doors in the Isolation Unit by numerous corrections officers, including Defendants Chengary, Rahn, Walz and Nealon.  Those details, and an excerpt of the OCR Report, are set forth in Plaintiff's Proposed Second Amended Complaint, which is attached as **Exhibit 2**.

14.     The damning nature of the OPR report is corroborated by the outrageous incident that occurred on Friday, August 11, 2022, twenty minutes before Plaintiff was scheduled to take the deposition of Defendant William Baker.  ASA Lee sent an email unilaterally cancelling the deposition <u>without explanation</u>.

15.     When Plaintiff's counsel Melvin Brooks and Devlin Schoop spoke with ASA Lee to learn the basis for the cancellation, ASA Lee declined to give an explanation.  When asked to specify when Defendant William Baker would be produced for his deposition, ASA merely said he would respond "next week," without offering any other details or explanation about the sudden cancellation on such short-notice, on the heels of a "document dump" of materials that radically changed how this case could be presented to a jury at trial.  Attorney Schoop sent an email confirming the contents of the Rule 37.2 telephone call with ASA Lee.  ASA Lee did not respond, which given the history of prior Rule 37.2 communication, was quite out of character for him. *See* **Exhibit 3** (8/11/2023 Rule 37.2 email attempts from Schoop to Lee.)

16.     Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted.

17.     Unless there is prejudice to the other party, the Court should allow amendment of the pleadings.  *See Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865, 871 (4th Cir. 1941) ("Where the opposing party will not be prejudiced, the liberal allowance of amendment of pleadings is a desirable complement to restriction of objections for substance and form."); *accord United States v. Hougham*, 364 U.S. 310, 316-17 (1960) ("The applicable rule is Rule 15 of the Federal Rules of Civil Procedure, which was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result. Despite respondents' argument to the contrary, we see this case as one where there plainly was no such prejudice.").

18.     "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

19.     Here, Plaintiff presents facts and circumstances that should be afforded an opportunity to be tested on the merits.  Moreover, the Defendants cannot claim "prejudice" where it was their dilatory failure to produce the OPR report – which existed as early as May 13, 2023 – until August 10, 2023, a mere 21 days before the fact discovery cut-off.  Indeed, leave must be granted to prevent prejudice to Plaintiff, so that she can present facts and theories, including naming three (3) additional defendants: (1) Marlena Jentz (the creator of the "standing practice"); (2) Roxane Boutte (the jail superintendent who knew about the policy and likely coordinated efforts to conceal or otherwise downplay how systemic failures perpetuated by multiple defendants employed at Cook County Jail which caused Plaintiff to be raped); and (3) Carl Sutton, a supervisor of the jail's environmental services department who gave clearly false and misleading statements

about the incident to promote the Sheriff's narrative that this was a random occurrence that could be placed solely on the shoulders of Defendant Jacquetta Nealon.[1]

20.    The attached proposed Second Amended Complaint reflects how: (1) Cook County Jail implemented this standing practice to house male and female detainees together; (2) allowed corrections officers to forego checking the anteroom doors between the cells to ensure that they were locked -- which is in direct violation of express CCDOC policy; and (3) lied about and/or omitted material facts in post-incident reports to conceal how systemic failures in the jail procedures, with the assistance of individual defendants who simply did not care and were readily willing to not check anteroom locks, was the horrific recipe for disaster that proximately caused Plaintiff to be raped while housed in the Isolation Unit on December 30, 2021.

21.    Because leave to amend is freely allowed, absent prejudice, bad faith, or undue delay, this Court should grant Plaintiff's leave to file the attached proposed Amended Complaint.

22.    Plaintiff also requests that this Court grant Plaintiff other miscellaneous relief, including but not limited to: (1) sanctions, pursuant to Fed. R. Civ. P. 37 and/or 28 U.S.C. §1927, to be imposed against the Cook County Defendants for unilaterally cancelling the August 11, 2021 deposition of Defendant William Baker; (2) a protective order, pursuant to Fed. R. Civ. 26, compelling the Cook County Defendants to present all other witnesses for their previously confirmed deposition dates on the pain of sanctions if the Cook County Defendants do not honor those future dates; and (3) a narrowly-tailored extension of the fact discovery cut-off, so that Plaintiff can secure service on newly added Defendants Jentz, Sutton and Boutte and to complete additional depositions whose need were not clearly evident until receiving the May 11, 2023 OPR

---

[1] This revelation might explain why Defendant Jacquetta Nealon was purportedly not cooperating with her outside counsel that was being paid for by an employer trying to conceal its responsibility for the systemic failures at the jail.

Report, including but not limited to Investigator Angela Sanders, the apparent author of the OPR Report.

23.    <u>Plaintiff does not want to extend the life of this case</u>.  That course of action more often than not is the objective of governmental defendants.  And Plaintiff is an emotionally damaged woman who wants to get on with her life.  But Plaintiff is entitled and determined to discover the truth and additional time is necessary to wade through what is increasingly appearing to be obfuscation by the Cook County Defendants.

24.    Due to the complexity of these issues[2], and the nature of the circumstances in which they arise, Plaintiff respectfully requests that the Court schedule an in-person hearing to consider the nature and scope of the miscellaneous relief Plaintiff requests herein.  That will enable the Court to inquire in real-time fashion what, if any, credible explanation can be given for this recent behavior and what, if any, consequences should happen as a result, including crafting the appropriate relief that the Court deems just and proper given the totality of the circumstances.

---

[2] Plaintiff predicts that one complication will be the likely need for the Individual Defendants to acquire separate counsel due to likely conflicts of interest if they continue to be represented by the same counsel.  For that reason, the Court must inquire because the Defendants certainly are not telling Plaintiff.

**WHEREFORE**, for the reasons set forth above, Plaintiff ANGELICA JUNIOUS respectfully requests that this Honorable Court enter an order: (1) granting Plaintiff leave to file the Second Amended Complaint which is attached hereto; and (2) to set an in-person hearing date to consider Plaintiff's request for sanctions and other appropriate relief concerning extensions of time to complete discovery and to compel the Defendants' compliance with discovery.

Respectfully submitted,

PLAINTIFF ANGELICA JUNIOUS

By: *Devlin Joseph Schoop*_____
            Devlin Joseph Schoop
            One of Plaintiff's Attorneys

Melvin L. Brooks
Devlin Joseph Schoop
Colin Q. Commito
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn Street
Suite 1020
Chicago, Illinois 60603
(312) 262-2880
mbrooks@cochranfirm.com
dschoop@henderson-parks.com

Brian Orozco
**GREGORY E. KULIS & ASSOCIATES, LTD.**
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
(312) 580-1830
www.kulislawltd.com

Cierra Norris
**THE LAW OFFICE OF C.N. NORRIS, LLC.**
900 W. Jackson Blvd., Suite 6E
Chicago, IL 60607
P:312.625.6129
F: 312.374.6441

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 14, 2023, the foregoing **Plaintiff's Motion for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15 and for Other Miscellaneous Relief that the Court Deems Just and Right Under the Circumstances** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

Antonio C. Lee
James O'Conner
**Cook County State's Attorney's Office**
50 W. Washington St.
Chicago, IL 60602
(312) 603-5439
antonio.lee@cookcountyil.gov
james.oconnor@cookcountyil.gov

/s/ *Devlin Joseph Schoop*