UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Angelica Junious, | |
| Plaintiff, | No. 22 C 3681 |
| v. | Magistrate Judge Maria Valdez |
| Sgt. W. Baker #3159, et al., | |
| Defendants. | |

### DEFENDANTS' MOTION TO STAY

Defendants, LT. PURCELL, OFFICER CHENGARY, OFFICER WALZ, OFFICER RAHN, and COOK COUNTY SHERIFF TOM DART, (collectively, "Defendants"), by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys, ANTONIO LEE and JAMES O'CONNOR, respectfully move this Honorable Court to stay these proceedings pending resolution of Steven McKinnie's criminal charges pending in the Circuit Court of Cook County, Illinois, Case No. 22CR0658801 (hereinafter "Motion"). In support of this Motion, Defendants state as follows:

### SATISFISFACTION OF LOCAL RULE 37.2

This Motion is contested by Plaintiff Angelica Junious (hereinafter "Plaintiff"). On August 18, 2023, Plaintiff and Defendants, (hereinafter the "Parties"), met and conferred via email correspondence and then telephone conference. During the conference, Plaintiff was represented by Devlin Schoop and Colin Commito. Defendants were represented by Assistant State's Attorneys Antonio Lee and James O'Connor. Assistant State's Attorney Miguel Larios also joined on behalf of Defendant Sgt. Baker. Defendants explained that proceeding with additional discovery would substantially interfere with underlying criminal proceedings and investigation

1

against Steven McKinnie, which serve as the main basis for the allegations in the above-captioned lawsuit. From Plaintiff's perspective, Steven McKinnie is not a party to this lawsuit, and therefore, the doctrine of *Younger v. Harris* is not applicable. Defendants disagreed based on numerous ongoing factors further explained below. Therefore, Defendants complied with Local Rule 37.2 and the Court's Standing Orders before filing this Motion. Additionally, Defendants notified Plaintiff's counsel that this Motion would be filed by Friday, August 18, 2023, in anticipation of discussing further discovery aspects relating to the fact discovery deadline at the upcoming in-person status hearing on Tuesday, August 22, 2023. Dkt. No. 102.

## INTRODUCTION

The central dispute stemming from the factual allegations in this civil lawsuit is whether Steven McKinnie sexually assaulted Plaintiff on December 30, 2021. However, the Cook County State's Attorney's Office, through the Criminal Prosecutions Bureau, is still actively prosecuting and investigating the occurrence between Plaintiff and Steven McKinnie on December 30, 2021. The subject matter concerning Steven McKinnie's criminal prosecution and Plaintiff's civil lawsuit are the *same*, in which both cases involve the alleged sexual assault on December 30, 2021. As a result, the *Younger v. Harris* abstention doctrine applies, and a stay of this case's proceedings is mandatory in order to avoid further impact and any comity concerns.

Defendants respectfully request this Honorable Court to stay all proceedings in this civil lawsuit, pending resolution of Steven McKinnie's criminal case, and grant any necessary and proper relief.

## FACTUAL BACKGROUND

On or about March 31, 2022, Plaintiff filed a *pro se* lawsuit in the Northern District of Illinois under Case No. 22-cv-1702, alleging in part that officers violated Plaintiff's constitutional

2

rights under 42 U.S.C. § 1983 ("Section 1983") by failing to protect her from a sexual assault initiated by an inmate, now identified as Steven McKinnie. *See* Pl. Compl. attached as Ex. A. After retaining counsel, Plaintiff refiled her lawsuit stemming from the same incident on December 30, 2021. Dkt. No. 1. On February 10, 2023, Defendants answered Plaintiff's First Amended Complaint. Dkt. No. 52.

At the outset of this litigation, the Parties received limited documents concerning the investigation by the Cook County Sheriff's Police Department and incident reports from officers working on December 30, 2021. The Parties exchanged initial disclosures and engaged in written discovery based on the information provided thus far. However, more documents that included different points of view about the underlying alleged assault were provided in the Cook County Sheriff's Office's Office of Professional Review ("OPR") Report, which was produced by Defendants on August 10, 2023. Shortly after the production of that Report, on August 14, 2023, Plaintiff filed a motion for leave to amend the operative complaint because "the OPR Report puts many of the facts revealed in the Defendants' original disclosures in whole new light, radically changing core facts that are material to the claims and defenses in this litigation." Dkt. No. 98, at pg. 4. Plaintiff's proposed Second Amended Complaint names new parties and asserts new theories—including alleging that Plaintiff was in a "Rape Trap"—stemming from the alleged sexual assault between Steven McKinnie and Angelica Junious on December 30, 2021. Dkt. No. 98-2. Fact discovery is set close September 1, 2023, and Steven McKinnie has not been convicted of rape.

The criminal case against Steven McKinnie is currently pending in the Circuit Court of Cook County, Illinois under Case No. 22CR0658801, before Judge Laura Ayala-Gonzalez. Cook County Assistant State's Attorney Dominique Marshall (Criminal Prosecutions Bureau) is prosecuting the charges against Steven McKinnie, who is represented by defense attorney Nir

Basse. Steven McKinnie was indicted on June 13, 2022, and charged with 13 counts of Aggravated Criminal Sexual Assault, all Class X, and one count of Aggravated Criminal Sexual Abuse, Class 2. Discovery in Steven McKinnie's criminal proceedings is ongoing and the case is set for a status hearing on August 24, 2023. There is no date set for his criminal trial. Steven McKinnie remains in custody throughout the pendency of the criminal matter and currently has a bond set at $200,000.00.

## ARGUMENT

The factual dispute regarding whether Steven McKinnie sexually assaulted or raped Plaintiff remains unresolved in this case, yet serves as a main component of Plaintiff's claims against Defendants. While it initially appeared that this matter could be litigated by focusing solely on the reasonableness of Defendants' actions, discovery in this suit to date, including information that has let Plaintiff to want to amend her complaint, has altered that landscape. It now appears that the resolution of this civil action will hinge to a large degree on the underlying state court criminal prosecution of Steven McKinnie, which triggers the *Younger v. Harris* abstention doctrine.

Because there is an ongoing investigation and prosecution of Steven McKinnie regarding the alleged sexual assault, there exists substantial interference by this civil case that will taint the criminal proceeding against Steven McKinnie. Shockingly, Plaintiff issued a subpoena on August 18, 2023, to depose Assistant State's Attorney Dominque Marshall scheduled on August 30, 2023. *See* Subpoena and Notice of Dep. attached hereto as Ex. B. Examples such as this glaring taint would include more depositions of key witnesses and investigators with knowledge of the alleged occurrence, which could only hinder the progression of the state court criminal proceeding.

Similarly, the Parties here would have limited access to physical evidence necessary for

this case. Further, Steven McKinnie's testimony about the alleged sexual assault is crucial to the litigation of this civil action, but he may well refuse to be deposed or testify due to the impact it would have on his criminal case. Due to the possibility that Plaintiff's constitutional claims involve, or even call into question, the ongoing state criminal case pending in the Circuit Court of Cook County under Case No. 22CR0658801, this Court should stay these proceedings until judgment has been rendered and all appeals have been exhausted in Steven McKinnie's criminal case. *Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369, 105 L. Ed. 2d 298, 109 S. Ct. 2506 (1989) ("for Younger purposes, the State's trial-and-appeals process is treated as a unitary system"); *Patterson v. Leyden*, 947 F. Supp. 1211, 1219 (N.D. Ill. 1996).

### A. *Younger v. Harris* Abstention Doctrine Applies.

"The term 'abstention' refers to a series of doctrines by which a federal court may decline to exercise its jurisdiction over matters within its subject-matter jurisdiction." *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996). Although abstention is generally deemed the exception rather than the rule, the Supreme Court has explained that such cases as *Younger v. Harris*, 401 U.S. 37 (1971), "and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "The Court's holding in *Younger* 'was based partly on traditional principles of equity, but rested primarily on the even more vital consideration of comity.'" *FreeEats.com, Inc. v. Indiana*, 502 F. 3d 590, 595 (7th Cir. 2007). The doctrine has since been expanded from its roots concerning injunctive actions, and the Seventh Circuit now requires that courts abstain from ruling on Section 1983 damages cases, like the instant one, during the pendency of state criminal proceedings where

5

*Younger* would otherwise apply to promote comity between the federal and state courts and avoid the "federal-state friction" inherent in two courts considering the same subject matter contemporaneously. *See Simpson v. Rowan*, 73 F. 3d 134, 137-38 (7th Cir. 1995) (extending *Younger* to Section 1983 civil rights action seeking damages for misconduct in an underlying state criminal case). Following *Simpson*, "it is generally appropriate under *Younger* [ ] for a district court to stay civil proceedings that may interfere with a pending state criminal case. *Cady v. S. Suburban Coll.*, 152 F. App'x 531, 533 (7th Cir. 2005) (citation omitted).

*Younger* requires federal courts to stay a civil rights action when there are "ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances-like bias or harassment-exist which auger against abstention." *FreeEats.com*, 502 F. 3d at 596 (quotation marks omitted). In other words, federal courts are required by *Younger* "from taking jurisdiction over federal constitutional claims that involve **or call into question ongoing state proceedings**." *Id*. at 595 (emphasis added).

Here, the criminal charges pending against Steven McKinnie in the Circuit Court of Cook County, Illinois, Case No. 22CR065880, clearly fulfill the first requirement under *Younger* regarding state proceedings judicial in nature. Steven McKinnie's criminal proceedings also trigger some of the state's most important interests, including the prosecution of violent crimes such as aggravated sexual assault, which satisfies the second requirement pursuant to *Younger*. With respect to the third requirement, the state proceedings involving Steven McKinnie's sexual assault charges offer an adequate opportunity for review of the underlying constitutional injury presented as the central factual dispute in this case. Finally, no extraordinary circumstances exist and Plaintiff, as the party claiming extraordinary circumstances to make abstention inappropriate,

must demonstrate their existence. *Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002). Neither Plaintiff nor Defendants will not be prejudiced by the delay because the evidence and outcome of the criminal case will assist this civil matter—*i.e.*, the establishment of McKinnie's guilt or not of sexual assault will streamline the claims, defenses, and issues involved in resolving this civil lawsuit which is all about whether the Defendants failed to protect Plaintiff from an alleged sexual assault.

In the beginning stages of this litigation, Defendants denied any liability and investigated the officers' actions, in addition to the alleged issue with the locks, doors, or windows of the occupied cells. However, new reports have caused the investigation to pivot, to which Plaintiff agrees. Dkt. No. 98, at pg. 4, ¶12. Thus, Plaintiff intends to file a Second Amended Complaint to add new parties and allegations that are involved in Steven McKinnie's criminal case, which brings this case back to an embryonic stage. Additional discovery would only cause further interference with pending state judicial proceedings against Steven McKinnie. Even a brief review of the Plaintiff's proposed Second Amended Complaint reveals allegations of a "Rape Trap" stemming from Plaintiff's allegations against Steven McKinnie. Dkt. No. 98-2. There is no dispute that the criminal case against Steven McKinnie directly involves the *same* incident alleged in the above-captioned case. The factual dispute still remains whether Steven McKinnie sexually assaulted Plaintiff in order to cause a constitutional violation. In fact, Plaintiff continuously highlights the ongoing assumption of rape in light of the pending prosecution by the Cook County State's Attorney's Office. Dkt. No. 98, at pg. 2, ¶2. Still, neither Defendants nor Plaintiff are privy to all evidence concerning this case due to the ongoing prosecution.

In light of the vital consideration of comity, any factual rulings that Plaintiff was sexually assaulted by Steven McKinnie in this civil lawsuit could run the substantial risks of inconsistent

7

rulings dealing with the same subject matter of Steven McKinnie's pending criminal case. Without a ruling concerning Steven McKinnie's guilt, the Parties cannot proceed with the assumption that Plaintiff was in fact sexually assaulted or raped. In fact, Steven McKinnie never admitted to raping Plaintiff, has pled not guilty to the criminal charges, and his interview statements drastically differ from Plaintiff's allegations in this lawsuit. Thus, there is a factual dispute regarding the alleged sexually assaulted.

While it is true that discovery has already been conducted in this civil action, it is that discovery which has highlighted the *Younger* issues that are now apparent. Further, the fact that some discovery has been conducted already, which may have an impact on McKinnie's criminal case, is no reason to continue with even more discovery that will have an even greater prejudicial impact on the state court criminal matter. If further discovery in this case ensued—including deposing Assistant State's Attorney Dominique Marshall—the primary concerns for comity between federal courts and state courts would be severely disrupted and blemished by this contemporaneous civil case. *FreeEats.com*, 502 F.3d at 595. All of the evidence in the underlying pending criminal case against Steven McKinnie is the subject of the investigation in this case, and the Parties are not privy to all evidence obtained from the incident. In the interest of finality, consistency, and comity, this Court should permit the state court to complete the criminal proceedings without interference from federal discovery practice, including depositions of witnesses and treaters who were present before and after the incident. Indeed, as the *Horton* court stated, "*Younger* is not optional, when the court finds it applies, as it does here notwithstanding the alleged lack of prejudice to defendants, a stay is mandatory out of respect to the state court proceedings." *Horton ex. rel. Est. of Sago v. Pobjecky*, 2013 U.S. Dist. LEXIS 207948, 10* (N.D. Ill. Sept. 13, 2013).

8

Based on the issues outlined above, this Court has "the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate." *Doe v. City of Chi.*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005) (where the court granted a stay because defendant's alleged action was central to both the civil and criminal cases and was closely related to the plaintiff's claims); *see also Barnhart v. Buckner*, 2013 WL 4038916, 2013 U.S. Dist. LEXIS 112022 at *3 (granting a stay under similar circumstances when a civil suit and criminal charges arose from the same incident, defendant's Fifth Amendment privilege would potentially be threatened by defending his civil suit on the same subject matter as the criminal proceedings, and other defendants would be greatly disadvantaged if they were forced to proceed with litigation without another defendant's involvement).

> "In determining whether a stay should be granted in a civil trial based on the existence or potential existence of a criminal proceeding, the court considers six factors: (1) whether the two actions involved the same subject matter, (2) whether the two actions are brought by the government, (3) the posture of the criminal proceeding, (4) the public interests at stake, (5) the plaintiff's interests and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants."

*Doe*, 360 F. Supp. 2d at 881 (citations omitted).

In addressing each of these factors in turn, virtually all of the factors weigh in favor of imposing a stay. First, this lawsuit and the criminal charges against Steven McKinnie involve the *same* investigation and alleged sexual assault involving Plaintiff's claims on December 30, 2021. Second, the Cook County State's Attorney's Office is tasked with both prosecuting Steven McKinnie's criminal matter and defending the Defendants in this suit.

Third, Steven McKinnie's criminal proceeding is still ongoing but proceeding, whereas the instant civil case is still in the discovery stage and, given that Plaintiff now wants to file a Second Amended Complaint, is in the early stages as to responsive pleadings and discovery involving those

9

new parties. The Parties would have to conduct discovery and also further interfere with key witnesses that provided statements to the Cook County Sherif's Police Department in the pending criminal case. As noted above, even if there is some "delay" while McKinnie's criminal case is prosecuted, the resolution of that matter will decide a key issue in this case (was Plaintiff sexually assaulted), and produce a wealth of discovery in the form of witness statements and physical evidence that will be beneficial to this civil suit. In other words, the criminal prosecution will not be a delay, but is a process that will provide a wealth of discovery for the Parties to use in this suit.

Fourth, the public interest in the unhindered prosecution of crime is very high, without taint from ongoing discovery in the civil litigation. *See Chagolla v. City of Chi*., 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) ("the public has an interest in ensuring that the criminal process can proceed untainted by civil litigation").

Finally, when comparing the prejudice to Plaintiff versus the prejudice to Defendants, Plaintiff's claims are likely to be assisted by the stay as there will be no risk of contradictory testimony or assumption of Steven McKinnie's guilt to a crime.

In weighing these factors, the Court should find that the *Younger v. Harris* abstention doctrine applies, and that the interests of justice would be served by a stay in Plaintiff's pending civil case until after the underlying criminal proceedings are complete.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant a stay of the instant civil proceedings until the underlying criminal matter against Steven McKinnie has been resolved, and any further relief the Court deems fair and just.

Respectfully submitted,

KIMBERLY M. FOXX

State's Attorney of Cook County

By:    */s/ Antonio Lee*
Antonio Lee
James O'Connor
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5439
Antonio.Lee@cookcountyil.gov
James.Oconnor@cookcountyil.gov

## **CERTIFICATE OF SERVICE**

     I, Assistant State's Attorney, Antonio Lee, hereby certify that *Defendants' Motion to Stay* was served upon all parties of record via the CM/ECF filing system on August 18, 2023.

*/s/ Antonio Lee*
Antonio Lee

**Attorneys for Plaintiff**
Cierra Norris
The Law Office of C.N. Norris, LLC
900 W. Jackson Blvd., Suite 7E
Chicago, IL 60607
(312) 625-6129
Email: cierra@cnnorrislaw.com

Devlin Joseph Schoop
Melvin L. Brooks
Henderson Parks, LLC
140 South Dearborn, Suite 1020
Chicago, IL 60602
(312) 262-2914
Email: dschoop@henderson-parks.com
Email: mbrooks@henderson-parks.com

Brian M Orozco
Gregory E. Kulis and Associates, LTD.
134 N. LaSalle St, Suite 444
Chicago, IL 60602
(760) 533-2211
Email: borozco@kulislawltd.com

**Officer Nealon-** *pro se*
Jacquetta Nealon
Jnealon1@gmail.com

**Attorney for Sgt. Baker**
Miguel E. Larios
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-1427
Miguel.larios@cookcountyil.gov