IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELICA JUNIOUS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-CV-3681 |
| | ) | |
| SGT. W. BAKER #3159, | ) | Judge Edmond E. Chang |
| R/O C. CHENGARY #16269, | ) | |
| R/LT PURCELL #758, | ) | Magistrate Judge Maria Valdez |
| OFFICER NEALON #18420, | ) | |
| OFFICER WALZ #18563, | ) | |
| OFFICER RAHN #17086, | ) | |
| OFFICER GLAZIERS, | ) | |
| COOK COUNTY SHERIFF TOM DART, | ) | |
| And COOK COUNTY, ILLINOIS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants, | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY BRIEFING ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, Angelica Junious, through her counsel, file this response in opposition to Defendants' Motion to Stay briefing of Plaintiff's Motion for Leave to File a Second Amended Complaint, stating the following in support:

1. As the Court is aware, the Defendants have moved to stay these civil proceedings in the entirety on the basis of *Younger* abstention. Part of the articulated basis for the belated pursuit of a *Younger* motion being that newly discovered evidence and new allegations raised in Plaintiff's Proposed Second Amended Complaint have triggered an allegedly previously non-existent basis for *Younger* abstention.

2. Defendants' *Younger* motion fails to identify the specific facts alleged in the Second Amended Complaint that constitute the basis for Defendants' *Younger* motion, and have continued to do so in subsequent 37.2 conferences and an appearance before Judge Valdez.

3. As the Court noted, there is an obvious issue about a positional conflict of interest concerning the *seemingly* inconsistent positions taken by the CCSAO about whether Plaintiff was raped. What the Court does not know, but was certainly referenced in Plaintiff's Motion for Leave to Amend – which sought additional miscellaneous relief – is that the factual allegations in the Second Amended Complaint also reveal representational conflicts of interest that would preclude the CCSAO from continued joint representation of existing Individual Defendants and would preclude its joint representation of future, anticipated Defendants if the Court were to grant the motion for leave to file the Second Amended Complaint.

4. Proof that Plaintiff's position about the representational conflicts is not based on conjecture or speculation is how Defendant William Baker's representation had to be switched shortly after the August 10, 2023 disclosure of the Office of Professional Review's report concerning certain individual defendants. It was that abrupt change in counsel that caused Defendants to refuse to produce Baker for his deposition and then file their *Younger* motion. Plaintiff has genuine concerns that in the event the *Younger* motion is denied, the continued risk of representational conflicts will be used as a means to interfere with the orderly administration of discovery, as has been done thus far.

5. The Court referred the "miscellaneous" relief portion of Plaintiff's Motion for Leave, to Judge Valdez. However, when the parties appeared before Judge Valdez on August 22, 2023, it became very clear to her and Plaintiff's counsel that the issues presented in the miscellaneous relief could not be fully resolved until after this Court rules on the *Younger* motion.

Because existing Defendant counsel fail to acknowledge the existence of, much less, address the representational conflicts issue -- which will *also* establish why there is no basis for *Younger* abstention -- it is Plaintiff's position that staying briefing on the motion for leave will unfairly prejudice Plaintiff to fully inform the Court how and why those representational conflicts is clear and convincing evidence that the *Younger* motion should be denied.

6. However, like the Court, Plaintiff's counsel does not want to waste time and prefers to get to the bottom line. To avoid prejudice to Plaintiff, Plaintiff's counsel proposes that Plaintiff be granted leave to file a brief up to and including twenty (20) pages to serve as a "omnibus" response to Defendants' *Younger* motion and "supplemental brief" concerning the CCSAO's <u>positional</u> conflict. Because the <u>positional</u> conflict is inextricably intertwined with the <u>representational</u> conflict and also reveals why *Younger* abstention is improper at this time, Plaintiff respectfully believes it will be a more efficient manner to fully apprise the Court about the scope of the issues in the litigation, which, respectfully, have not been fully and accurately presented in any of the pleadings submitted by Defendants to date. Doing so would also eliminate the need for briefing on the Motion for Leave to file the Proposed Second Amended Complaint.

7. Plaintiff would also respectfully request that if the Court grants Plaintiff leave to file a brief up to twenty (20)[1] pages, that the Court suspend the local rule requirement to include a table of contents in Plaintiff's response. The *Younger* case law is straightforward and Plaintiff anticipates no need to provide new case law about *Younger*. The additional pages would be required solely to develop the factual record to ensure that the facts are put in their proper *context*, which, Plaintiff respectfully suggests, has been underdeveloped by the current state of the briefing. This request will not prejudice Defendants, as Plaintiff would be filing a response to Defendants'

---

[1] Counsel will try to stick to the point and use as few additional pages as possible. But 15 pages could be 1-2 pages too short.

3

*Younger* motion and supplemental conflicts brief, but will also address representational conflicts to which Defendants can address in their reply. Plaintiff is **not** requesting a modification of the existing briefing schedule.

      **WHEREFORE**, to avoid briefing on the Motion for Leave to File a Second Amended Complaint, Plaintiff respectfully requests leave to file a brief in excess of 15 pages, not to exceed 20 pages, to serve as an omnibus response to Defendants' *Younger* motion and the positional and representational conflicts posed by both Defendants' *Younger* motion and recent discovery disclosures. If the Court grants such leave, Plaintiff withdraws her objection to Defendants' motion to stay briefing on the Motion for Leave to File a Second Amended Complaint.

      Respectfully submitted,

      PLAINTIFF ANGELICA JUNIOUS

      By: *Devlin Joseph Schoop*
           Devlin Joseph Schoop
           One of Plaintiff's Attorneys

Melvin L. Brooks
Devlin Joseph Schoop
Colin Q. Commito
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn Street
Suite 1020
Chicago, Illinois 60603
(312) 262-2880
mbrooks@cochranfirm.com
dschoop@henderson-parks.com

Brian Orozco
**GREGORY E. KULIS & ASSOCIATES, LTD.**
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
(312) 580-1830
www.kulislawltd.com

Cierra Norris
**THE LAW OFFICE OF C.N. NORRIS, LLC.**
900 W. Jackson Blvd., Suite 6E
Chicago, IL 60607
P:312.625.6129
F: 312.374.6441

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 23, 2023, the foregoing **Plaintiff's Response in Opposition to Defendant's Motion to Stay Briefing on Plaintiff's Motion for Leave to File a Second Amended Complaint** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

Antonio C. Lee
James O'Conner
Miguel Larios
**Cook County State's Attorney's Office**
50 W. Washington St.
Chicago, IL 60602
(312) 603-5439
antonio.lee@cookcountyil.gov
james.oconnor@cookcountyil.gov
miguel.larios@cookcountyil.gov

/s/ *Devlin Joseph Schoop*