UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Angelica Junious, | |
| Plaintiff, | No. 22 C 3681 |
| v. | Honorable Edmond E. Chang |
| Sgt. W. Baker #3159, et al., | Magistrate Judge Maria Valdez |
| Defendants. | |

**DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION TO STAY**

Defendants LT. PURCELL, OFFICER CHENGARY, OFFICER WALZ, OFFICER RAHN, and COOK COUNTY SHERIFF TOM DART, (collectively, "Defendants"), by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys, ANTONIO LEE and JAMES O'CONNOR, pursuant to Court Order on August 21, 2023, submit the following supplemental brief in support of their Motion to Stay, (Dkt. Nos. 105, 106), and state as follows:

**INTRODUCTION**

On August 18, 2023, Defendants filed a Motion to Stay pursuant to the *Younger v. Harris* abstention doctrine ("Motion"), due to the ongoing criminal prosecution of Steven McKinnie ("McKinnie") through the Cook County State's Attorney's Office's Criminal Prosecution Bureau, regarding the alleged sexual assault by McKinnie against Plaintiff Angelica Junious ("Plaintiff") on December 30, 2021. Dkt. No. 104. As explained in that Motion, Plaintiff's original Complaint and framing of the issues through the course of discovery focused Defendants on allegations of a broken window, lock, door, chuckhole, and other matters unrelated to any underlying criminal prosecution of McKinnie. Discovery, particularly recent discovery, has closed off some theories

1

and suggested new avenues of investigation. It no longer seems possible to litigate the pending civil action by focusing solely on the reasonableness of Defendants' actions. Instead, issues relating to the underlying criminal incident have moved to the foreground. Indeed, Plaintiff has even issued a subpoena to the criminal Assistant State's Attorney prosecuting McKinnie! Because of the shift in focus to McKinnie's criminal prosecution, *Younger* is now implicated in a way that it was not before, because witnesses and material evidence related to the underlying criminal prosecution will now be at issue here, and this ongoing litigation will substantially interfere with that state court criminal prosecution, which has preference under *Younger*.

On August 21, 2023, this Court requested supplemental briefing to Defendants' Motion regarding a potential conflict in relation to the Cook County State's Attorney's Office's representation in both the prosecution of Steven McKinnie and Defendants in this civil lawsuit filed by Plaintiff. Dkt. No. 106.

As an initial matter, Defendants state that they take conflicts of interest seriously, and note that in this matter they have already referred the representations of Officer Nealon and Officer Baker to conflicts counsel when conflicts arose. Dkt. Nos. 56-61, 98, 97, 99. Further, in an abundance of caution, Defendants are also in the process of referring representation of the remaining Defendants to outside counsel not directly affiliated with the State's Attorney's Office, a process which had begun prior to the Court's August 21, 2023 Minute Order.

Despite that abundance of caution, there is no conflict of interest at the present time. Respectfully, the Court's statement that "it appears that one set of ASAs is trying to prove beyond a reasonable doubt that McKinnie committed the sexual assault, while at the same time another set of ASAs is arguing that no assault happened," is not accurate. Dkt. No. 106. Somehow, Plaintiff and McKinnie ended up in the same cell together. The issue in this civil action is not what

2

happened once Plaintiff and McKinnie got in the same cell together, which is what the criminal prosecution will determine, but *how* they got in that cell together in the first place. After pursuing other avenues through discovery, it now appears that the parties must examine what, if any, role Plaintiff and McKinnie played in McKinnie's access to Plaintiff, which is irreparably intertwined with McKinnie's criminal prosecution, and should therefore be stayed pursuant to *Younger*. That does not mean, however, that McKinnie did not commit a sexual assault once he had access, and Defendants have not taken a contrary position. It does mean, however, that this civil action will become irreparably intertwined with McKinnie's criminal prosecution, and should therefore be stayed pursuant to *Younger*.

## DISCUSSION

Rule 1.7 of the Illinois Supreme Court Rules of Professional Conduct provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. Ill. Sup. Ct. R. Prof'l. Conduct, R. 1.7. "A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Here, no concurrent conflict of interests exists because there is no material limitation in advancing the defense of Defendants against Plaintiff's claims in the operative complaint for this civil lawsuit at the same time as McKinnie's prosecution in the Circuit Court of Cook County. Relatedly, Rule 1.7 provides that "[t]he mere fact that advocating a legal position on behalf of one client might create precedent adverse to the interests of a client represented by the lawyer in an unrelated matter does not create a conflict of interest."

3

On July 15, 2022, Plaintiff filed a complaint at law against Defendants asserting claims of failure to protect, state-created danger, willful and wanton negligence, and respondent superior. Dkt. No. 1. Plaintiff alleged that Defendant "had been aware of a pervasive issue involving the lock of the door that connects cells #3149 and #3151." *Id*. at pg. 3. Plaintiff further asserted that officers attempted to remedy a broken window by "placing a COVID medical gown over the broken, *open* window." *Id*. (emphasis added). As a result of placing Plaintiff on a COVID-19 Isolation Tier that housed a male detainee, Plaintiff alleged that the purported conditions, including a broken window on the separating door, malfunctioning chuckhole and lock on the separating door, and lack of supervision resulted in her injuries. *Id*. Plaintiff further asserted that Defendants "strongly suspected facts that Plaintiff would be at risk for sexual assault and eventually harmed." *Id*. at 5. On January 11, 2023, Plaintiff filed a First Amended Complaint with similar allegations, but added new parties. Dkt. No. 42. On February 10, 2023, Defendants answered Plaintiff First Amended Complaint. Dkt. No. 52.

Meanwhile, the Cook County State's Attorney's Office issued charges against Steven McKinnie for the alleged sexual assault against Plaintiff, pending in the Circuit Court of Cook County, Case No. 22CR0658801. Documents and physical evidence used in the criminal prosecution were not shared with Defendants during the investigation of the civil lawsuit. This civil lawsuit did not pose a conflict with the criminal prosecution based on the allegations in Plaintiff's complaints, because it was alleged McKinnie gained access to Plaintiff due to broken equipment and lax supervision.

During discovery, various theories about the Defendants' alleged actions were run to ground and crossed off. Indeed, just two weeks ago, on August 14, 2023, Plaintiff filed a motion seeking leave to file a Second Amended Complaint. Dkt. No. 98. Plaintiff's proposed 89-page

Second Amended Complaint included new parties, excerpts from the OPR report, and newspaper articles. Dkt. No. 98-2. Notably, however, the proposed Second Amended Complaint no longer asserts allegations of a defective or broken lock, open window, or malfunctioning chuckhole, but rather alleges that the "physical configuration of the isolation cells in 3 Southeast Tier pose[d] an obvious and unique danger to female detainees because *between* each isolation cell is a vacant nurse's station." *Id*. at pg. 16. Plaintiff further changed her theory in now alleging that Officer Nealon "did not check the deadbolt locks to the anteroom doors of either Room 3149 or 3141," and relieving individuals failed to check the doors inside the anteroom thereafter. *Id*. at pgs. 22-26.

Crucially, the Second Amended Complaint is silent as to exactly *how* Steven McKinnie's door inside the anteroom became unlocked in the first place. *Id.*, at pgs. 21-22. As Plaintiff's own evolving pleadings demonstrate, questions remain about how McKinnie got access to Plaintiff in the first place, and those questions cannot be answered only by looking at the Defendants, the locks, work orders, etc., as the parties have been doing so far. Instead, the underlying facts surrounding the alleged sexual assault are now at the forefront of this case, and thoroughly examining that question will no doubt interfere with McKinnie's criminal prosecution. That is why this civil action should be stayed pursuant to *Younger*. The fact that those facts and circumstances need to be investigated, however, does not mean that the Defendants in this civil action are contending that McKinnie did not commit unwanted sexual acts against Plaintiff. There is no conflict of interest between McKinnie's criminal prosecution and Defendants' civil defense against the allegations in the operative complaint.

All of these changing circumstances bolster the points made in Defendants' Motion to Stay. The resolution of this civil matter will involve an investigation of facts, circumstances, witnesses,

5

and physical evidence intimately intertwined with McKinnie's criminal prosecution for alleged sexual assault. That will necessarily impact the criminal prosecution, and this case should be stayed pursuant to *Younger*. Similarly, this civil action will be negatively impacted by the fact that some evidence may be unavailable to the parties here, pending McKinnie's criminal prosecution. This matter should be stayed.

## CONCLUSION

The purpose of Defendants' Motion is not to cause undue delay or unfair prejudice to Plaintiff. The fact is, however, that pursuant to *Younger*, and for the reasons set forth in Defendants' Motion, this civil action should be stayed. Once the criminal case is resolved the stay can be lifted, and the facts and evidence developed in the criminal case are likely to benefit all parties here and promote a prompt resolution of this civil action. But based on Plaintiff's change in strategy, including subpoenaing the Assistant State's Attorney prosecuting McKinnie's criminal case, it is now evident that continuing the litigation of this civil lawsuit will impact the criminal prosecution, and that cannot happen pursuant to *Younger*.

As to the Court's specific concerns which called for this Supplement, Defendants do not believe there is a conflict. Nevertheless, facts recently discovered have already led Defendants to begin the process of obtaining new counsel for Defendants.

        Respectfully submitted,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

By:   */s/ Antonio Lee*
      Antonio Lee
      James O'Connor
      Assistant State's Attorneys
      500 Richard J. Daley Center

>Chicago, Illinois 60602
>(312) 603-5439
>Antonio.Lee@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Assistant State's Attorney, Antonio Lee, hereby certify that *Defendants' Supplemental Brief in Support of Their Motion to Stay* was served upon Plaintiff's counsel via the CM/ECF filing system on August 28, 2023.

>*/s/ Antonio Lee*
>Antonio Lee