# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Angelica Junious

                Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No.: 1:22–cv–03681
　　　　　　　　　　　　　　　　　　　Honorable Edmond E. Chang

W. Baker, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 1, 2023:

      MINUTE entry before the Honorable Edmond E. Chang: On review of the docket, R. [113] is terminated as a motion; it is not a motion, it instead is Defendant Baker's supplement on the stay motion, filed as required by R. 106. On review of the supplement on the stay motion filed by the Defendants (other than Nealon and Baker), it appears that those Defendants are in the process of obtaining non–SAO counsel. The Court notes that the supplemental brief filed by those Defendants argues that the potential conflict is no conflict at all. R. 112 at 2. The supplement resists the prior docket entry's characterization that the ASAs defending this case is arguing that no assault happened. Id. The supplement says that "[t]he issue in this civil action is not what happened once Plaintiff and McKinnie got in the cell together, which is what the criminal prosecution will determine, but **how** they got in that cell together in the first place." Id. at 2–3 (emphasis in original). But that is not at all what the Defendants said in the initial stay motion. In the initial motion, the first sentence of the Argument section characterized the sexual assault as a disputed issue in this case: "The factual dispute regarding whether Steven McKinnie sexually assaulted or raped Plaintiff ***remains unresolved in this case,*** yet serves as a main component of Plaintiff's claims against Defendants." R. 104 at 4. And again at page 8: "Without a ruling concerning Steven McKinnie's guilt, the Parties cannot proceed with the assumption that Plaintiff was in fact sexually assaulted or raped. In fact, Steven McKinnie never admitted to raping Plaintiff, has pled not guilty to the criminal charges, and his interview statements drastically differ from Plaintiff's allegations in this lawsuit. Thus, there is a factual dispute regarding the alleged sexually assaulted." Id. at 8. The only way to read those statements (and other parts of the motion) is that the defense here was going to dispute the sexual assault, or at the least was not ready to concede that it happened. For his part, Defendant Baker says that his defense "does not hinge on whether the sexual assault in fact occurred, but rather whether Sgt. Baker acted objectively reasonable at all times given his knowledge of the underlying facts." R. 113 at 3. So Baker's defense does not "hinge" on whether the assault occurred––but will that be a defense, or not? In any event, the Defendants shall file one more concise supplement by 12 p.m. on 09/05/2023, stating whether (1) they concede that the sexual assault happened; (2) they will contest whether the sexual assault happened; or (3) they have not yet decided whether to concede or to contest whether the sexual assault happened. Emailed notice(eec)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.