**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELICA JUNIOUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-3681 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| SGT. W. BAKER #3159, | ) | Magistrate Judge Maria Valdez |
| R/O C. CHENGARY #16269, | ) | |
| R/LT PURCELL #758, | ) | |
| OFFICER NEALON #18420, | ) | |
| OFFICER WALZ #18563, | ) | |
| OFFICER RAHN #17086, | ) | |
| OFFICER GLAZIERS, | ) | |
| COOK COUNTY SHERIFF THOMAS | ) | |
| DART, and COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT REPLY IN SUPPORT
OF THEIR MOTION TO STAY**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, COOK COUNTY, R/O C. CHENGARY, R/LT PURCELL, OFFICER NEALON, OFFICER WALZ, OFFICER RAHN, and OFFICER GLAZIERS, by and through their respective counsels, and submit the following Reply in Support of their Motion to Stay:

**INTRODUCTION**

Plaintiff's Brief in Opposition repeatedly refers to the Cook County State's Attorney's Office "CCSAO" as if it were a party to this case contending that it has taken conflicting positions. The Cook County State's Attorney's Office ("CCSAO") is not a defendant in this case. Assistant State's Attorneys from the Civil Division of the CCSAO previously represented Defendants in this case. Assistant State's Attorneys from the Criminal Division of the CCSAO represents the People of the State of Illinois in the prosecution of McKinnie. Defendants in this case may lack knowledge

and/or otherwise deny the alleged rape and any alleged wrongdoing. McKinnie has pled not guilty and is awaiting trial. Therefore, the criminal investigation is ongoing and discovery in that case is protected from dissemination. There is no dispute that evidence in the criminal case will overlap with the civil case. The criminal case must be allowed to proceed without interference from discovery in the civil case. It is to both parties' benefit in this case to allow the criminal investigation and trial to proceed without interruption in order for that investigation and evidence to later be used in this case.

Both the criminal prosecution and civil case are premised upon the allegation of whether McKinnie raped Plaintiff. The criminal investigation, prosecution and trial of this key issue must be allowed to proceed without interference. That criminal investigation undoubtedly involves the same facts, issues, discovery and witnesses as this civil case. The criminal trial will provide evidence of whether the rape occurred and, if so, how it occurred. This evidence is crucial in assessing the allegations in this case and whether Defendants could be liable.

Plaintiff's Response dedicates 12 of the 20 pages she was granted by this Court, almost 2/3 of the allotted page count, to her background and introduction, wherein she attempts to miscolor and mischaracterize Defendants' representations and conduct before this Court, as well as those of the office of their prior counsel, CCSAO, as being improper, calculating, and purposefully delaying. The tall tale that Plaintiff has woven, and the assertions she has made therefrom in her Response, are unavailing. Defendants did not engage in any purposeful delay in bringing their Motion to Stay Pursuant to *Younger*, and the abstention doctrine described therein attaches and weighs heavily towards application of a stay in consideration of the discretionary factors followed by the Seventh Circuit. *Younger* applies in this case as a result of the potential interference with the McKinnie matter, and a stay should be granted.

## ARGUMENT

The factual dispute regarding whether Steven McKinnie sexually assaulted Plaintiff remains a core issue in this case. Plaintiff argues in her proposed amended complaint that Defendants promulgated policies which allowed unchecked sexual violence to turn the jail into a "rape trap" in which Plaintiff was permitted to be sexually assaulted. (Ex. 5 to Pltf's Response, ECF No. 117-5.) It is undeniable that the very proposition of Plaintiff's argument assumes the truth of the matter of the occurrence of the alleged sexual assault. Defendants are not bound by the CCSAO's decision to prosecute McKinnie. Defendants may lack knowledge or otherwise deny the allegations in Plaintiff's complaint. McKinnie himself has pled not guilty. It is incumbent upon all parties to allow the criminal trial to proceed without interference. That evidence will undoubtedly be crucial to the instant case.

## I.  Younger Attachment Factors are Satisfied.

Plaintiff attempts to muddy the factual record in this case with her twelve-page background section, but her assertions are unable to defeat Defendants' argument for application of the *Younger v. Harris* Abstention doctrine. This Court should find that this case is exactly the type of matter in which the Supreme Court felt strongly "against federal court interference with pending state judicial proceedings[.]" *Middlesex County Ethics Com. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *see also Younger v. Harris*, 401 U.S. 37 (1971).

Regarding the first 2 requirements, Plaintiff states herself that "it is undisputed that there is an ongoing criminal prosecution of McKinnie, and the government always has an interest in prosecuting rapists." (Pltf's Reply, ECF No. 117 at p 13.) Plaintiff then contends that satisfaction of these two factors is "the point" – as the criminal case has always existed and the government has always had this same interest, therefore the failure to bring Defendants' Motion until they did makes it untimely and somehow "conclusive[ly]" representative "that CCSAO knew that the civil

case had no bearing on the criminal case." (*Id.*) Plaintiff can claim that Defendants are "weav[ing] a convoluted narrative rich in conclusions" all she likes, but the fact of the matter is that there are disputed facts in the record and the evidence is contradictory on those points. The fact that CCSAO brought charges against McKinnie does not affect how Defendants will argue in this case, but this case will affect the criminal matter inherently.

Further, Plaintiff fails to understand that the criminal and civil divisions of the Cook County State's Attorney's Office ("CCSAO") are two separate and distinct divisions and represent different clients. Assistant State's Attorneys from Criminal Division represents the People of the State of Illinois in the prosecution of McKinnie. Assistant State's Attorneys from the Civil Division previously represented Defendants in this case. The CCSAO's decision to prosecute McKinnie does not impact Defendants position in this case. Furthermore, Defendants in this case do not have access to the investigation and discovery in the criminal case. No party should have access or otherwise interfere with the investigation as such is privileged until the prosecution has concluded.

There is also no case law to support Plaintiff's contention that Defendants' Motion to stay pursuant to *Younger* was untimely. On the contrary, it is not necessary to move for a stay before the civil case begins interfering with the criminal matter. However, Plaintiff herein began interfering with the criminal case to a major extent when she, for example, issued a subpoena for the deposition of CCSAO Criminal Division ASA Dominique Marshall, who is handling the criminal case, seeking her testimony in the civil case on August 30, 2023. (*See* Ex. B to Defs' Motion to Stay, ECF No. 104-2.) Such action represents a *major* interference in the criminal matter, the likes of which were entirely within the intentions of the Supreme Court in creation of the *Younger* abstention doctrine. Plaintiff also plans to take the depositions of other key witnesses and investigators who will undoubtedly have further parts to play in the criminal matter and such

actions will again further hinder progression of the state court criminal proceedings. Simply put, when Plaintiff began interfering with the state court criminal matter through issuance of subpoenas to Criminal Division prosecutors, as well as when she filed her proposed amended complaint which reasserts and recontextualizes all previous claims with much more inflammatory language and asserting as uncontroverted truth that the alleged sexual assault occurred, the *Younger* issues ripened. Again, McKinnie has pled not guilty. Both parties must wait to learn the outcome of the criminal trial, based upon the evidence presented, to assess Plaintiff's allegations in this case. Whether McKinnie raped Plaintiff, and if so, how that occurred will be fully developed in the criminal trial. That evidence will significantly impact whether Defendants could be liable in this case based upon Plaintiff's allegations.

As discussed above, Plaintiff chose to bring more of the issues of the criminal case into play in the instant matter with the advent of her Proposed Amended Complaint. Whereas prior to this point, Plaintiff centered her claims around the idea that a failure in policy or procedures allowed for a sexual assault to occur, Plaintiff now colors her claims with overly descriptive and assumptive headlining captions for which she has no evidence to support such coloration, and asserts that such failures in policy have amounted to CCDOC "creating a rape trap where male detainees can sexually assault female detainees[:]"

> *Angelica Junious is yet another in a long line of women inside Sheriff Tom Dart's Cook County Jail who have been brutalized and subjected to sexual assault at the hands of male predators who Sheriff Dart, historically, has been unable or unwilling to control, due to this deliberate indifference that was exacerbated by his appalling lack of qualifications to perform the essential functions of Cook County Sheriff.*

(Ex. 5 to Pltf's Response at pp 4, 13.) Plaintiff further asserts many more tabloid-worthy claims without reference to supporting evidence, in such allegations as paragraphs 43 and 45, discussing Sheriff Dart's "hand-picked political cronies" who "impose discipline" through a "sham process" so as to give the "illusion" of fostering transparency and accountability. (*Id.* at pp. 11-12.)

Finally, Plaintiff insists there to be no risk of inconsistent factual findings between the criminal and civil cases, because the standards are different, and while the criminal case involves a burden of proving guilt beyond a reasonable doubt, the civil matter only necessitates a preponderance of evidence standard. While the burdens of proof may differ, the issues significantly overlap. Whether McKinnie raped Plaintiff is the primary focus of both cases. There is no criminal or civil case without an alleged rape. The prosecution and defense in the criminal case will put forth evidence regarding this issue. That evidence will significantly impact liability in the instant case. Undoubtedly, the same and/or overlapping witnesses will be called in each case. Neither party in this case can be permitted to interfere or otherwise prejudice the criminal prosecution of McKinnie.

Defendants' Motion to Stay is not premature, and, as stated by Plaintiff, the first two elements of the *Younger* attachment factors are satisfied.

Plaintiff next asserts that the third *Younger* factor – that the criminal case offer an adequate opportunity for review of constitutional claims – is also not satisfied here. Plaintiff insists this is because the criminal case uses a different burden of proof – beyond reasonable doubt – vs the civil suit herein where the standard is objective reasonableness of corrections facility staff. Plaintiff's assertions are nonsensical and unavailing. The state court case will offer adequate venue of exploring the constitutional claims in that the actual criminal case of the party at issue will be explored and adjudicated, which will answer questions which are disputed and in controversy in

the matter herein. Plaintiff cannot continue to definitively represent that the sexual assault occurred when this is not a known fact, and it is a dispute at the core of the criminal proceeding.

Finally, Plaintiff also insists that that the fourth *Younger* attachment factor – "no extraordinary circumstances" – is also not satisfied here, for the same reasons espoused in *Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995), therefore *Younger* is inapplicable. However, Plaintiff fails to explain how this case explains anything relevant to the instant matter, including how the attachment factor is not satisfied. Instead, Plaintiff incredulously suggests that Plaintiff's sworn testimony and statements in this civil matter concerning the alleged rape can have no bearing on the criminal case: "Plaintiff is not a party to the criminal case and the positions she takes in the civil case concerning whether her constitutional rights were violated .... will have no impact whatsoever about the sole focus in the criminal case: did McKinnie rape Plaintiff?" Yet, Plaintiff's testimony in the criminal case is the focal point of the prosecution – Plaintiff is the complaining witness. McKinnie may also testify in his defense but will certainly not sit for a deposition in this case without asserting his Fifth Amendment right before the criminal prosecution is concluded. Nor should the prosecution or defense counsels actively involved in the criminal case be forced to sit for a deposition to testify regarding an ongoing criminal case. Various individuals, including certain Defendants, may be called to testify in the criminal case. The criminal case must be allowed to proceed without interference and without duel and/or ongoing discovery in both cases.

Plaintiff's citation to *Simpson* is extremely perplexing in light of the context in which it is presented. Plaintiff claims that "the fourth attachment factor ... also negates attachment for the same reasons explained in *Simpson*[,]" but *Simpson* did not deal at all with any question of applicability of the extraordinary circumstances factor. *Id.* Additionally, the Court in *Simpson* found that *Younger* attachment *was* satisfied, so Plaintiff's assertion that the case represents the

reasoning for *denial* of attachment is unavailing. *Id.* Plaintiff's arguments fail for misrepresentation of the Court's holdings in *Simpson*.

Accordingly, as outlined in Defendants' Motion to Stay, as well as right above, pursuant to *Younger* this Court has "the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate." *Doe v. City of Chi.*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005). (where court granted stay because defendant's alleged action was central to both the civil and criminal cases and was closely related to the plaintiff's claims); *see also Barnhart v. Buckner*, 2013 WL 4038916, 2013 U.S. Dist. LEXIS 112022 at *3 (granting stay under similar circumstances when civil suit and criminal charges arose from the same incident, defendant's Fifth Amendment privilege would potentially be threatened by defending his civil suit on the same subject matter as the criminal proceedings, and other defendants would be greatly disadvantaged if they were forced to proceed with litigation without another defendant's involvement).

Accordingly, *Younger* abstention attaches, and it therefore becomes a matter for the court to decide based on the discretionary factors. *Plaintiff's* claims must be stayed as the criminal matter takes precedence and the civil matter cannot be allowed to interfere or interrupt those proceedings, as Plaintiff has already shown willingness and intent to do through discovery.

## II. <u>Younger Discretionary Factors Weigh in Favor of Imposing Stay.</u>

Plaintiff's Response, though scathing in its words and descriptions of Defendants' alleged conduct, as well as that of their counsel, fails to show how the *Younger* discretionary factors do not weigh heavily in favor of imposition of a stay.

The Seventh Circuit has found that six factors are to be considered to determine whether a stay should be granted in a civil matter based on the existence or potential existence of criminal proceedings:

> (1) whether the two actions involved the same subject matter, (2) whether the two actions are brought by the government, (3) the posture of the criminal proceeding, (4) the public interests at stake, (5) the plaintiff's interests and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants.

*Doe*, 360 F. Supp. 2d at 881 (citations omitted).

With regard to the first discretionary factor, Plaintiff makes reference to *Salcedo v. City of Chi.*, No. 09-cv-05354, 2010 WL 2721864, at *2 (N.D. Ill. Jul. 8, 2010)[1], noting that the criminal and state cases *do not* involve the same subject matter as there is no "extensive overlap" between the proceedings. (Response at 15.) The term "extensive overlap" never even appears in the case cited, but, in describing why it leaned *in favor* of a stay with regard to the first factor, stated that it "weigh[ed] in favor of a stay, albeit only slightly[,] because Defendants have not provided extensive briefing as to the extent of the overlap in the cases; indeed, they indicate that the overlap may not be particularly great." So, even where the extent of the overlap "*may not be particularly great,*" any overlap or similarity in the subject matter of the cases clearly weighs heavily for this factor, even without need for discussion or extensive briefing on the same.

Plaintiff sees a distinction between the civil and criminal cases here in that the focus of the civil case is, supposedly, whether Defendants created the conditions that led to a sexual assault, whereas the criminal case is about whether the sexual assault even occurred. (Plaintiff's logic fails here, as it is clear from Plaintiff's own efforts to distinguish the two that the civil case assumes that a sexual assault occurred.) But even if we could follow Plaintiff's logic here, this "narrow"

---

[1] Plaintiff cites to page 6 of the decision, but there are only 5 pages as far as Counsel for Defendants can tell, and no discussion regarding the first discretionary factor can be found at the end of the case.

overlap is enough for this to weigh heavily for imposing a stay. Additionally, realistically, Plaintiff's conduct has now "widened the gap," so to speak. Plaintiff's very interference in the criminal matter through issuance of discovery in this matter constituted the start of interference with the criminal case which was the concern in *Younger* and its progeny and have caused the very "extensive overlap" they claim is not present. It is undisputed that the criminal case remains under investigation and that the pending charges against Steven McKinnie, to which he has pled not guilty, involve the *same* investigation and alleged sexual assault involving Plaintiff's claims on December 30, 2021.

Plaintiff also represents that the second discretionary factor weighs against imposition of a stay because the two actions are not brought by the government. (Response at 16.) Plaintiff follows this up by saying that the government in fact has no involvement in this case just as a result of CCSAO representing some of the defendants, but this ignores that Plaintiff has brought their case against the government itself – Cook County and Sheriff Thomas Dart – who were represented by the CCSAO's Civil Division.

Additionally, Plaintiff's contention that there is little risk of discovery in this civil matter being used unfairly against McKinnie in his criminal matter, misses the point. *Younger* represents the court's desire primarily to avoid "the 'federal-state friction' inherent in two courts considering the same subject matter contemporaneously[,]" *Simpson*, 73 F.3d at 137-38, and to avoid "*interfere*[*nce*] with ... pending state criminal case[s]." *Cady v. S. Suburban Coll.*, 152 F. App'x 531, 533 (7th Cir. 2005) (citation omitted). Discovery) (emphasis added). Issuance of discovery requests, written and oral, to the prosecution or defense in a criminal case is a prime example of such interference. There is undoubtedly overlapping discovery. The criminal case must be allowed to proceed without interference to avoid any "federal-state friction."

Plaintiff's assertions regarding the third factor – the posture of the criminal proceeding – are also unavailing. Plaintiff claims Defendants wrongly assert that this factor weighs in favor of a stay "because civil discovery will 'interfere with key witnesses that provided statements'" in the criminal matter, but the criminal investigation has been concluded since May 12, 2022, therefore the witnesses' statements are already taken.

The criminal investigation has not concluded until the criminal trial has concluded. Merely because a witness gave a statement in the OPR investigation does mean the *criminal* investigation has concluded. The prosecution and defense are free to explore their theories of the case and secure statements and/or other evidence in support of their respective cases. Many of the same individuals who gave statements in the OPR investigation may give statements in the criminal investigation. Any discovery in the criminal case is privileged based upon the ongoing criminal investigation. Plaintiff, certain Defendants, other potential witnesses, and even McKinnie may testify in the criminal case. The criminal case must be allowed to proceed without dueling criminal and civil investigations at the same time.

Plaintiff also claims that because certain witnesses deny knowing anything about the underlying incident, there cannot be interference because they do not have knowledge. Plaintiff cites no case law for the contention that merely denying possessing knowledge of an incident, constitutes having *no knowledge* of the underlying incident at all. To the contrary, their knowledge of the circumstances and situation prior can be presumed to be at least somewhat relevant and constitute relevant information that would help to determine the veracity of any parties' claims, charges, or entered pleas. Furthermore, the criminal trial will provide both Plaintiff and Defendants with significant knowledge of the evidence as to whether McKinnie raped Plaintiff, how that could

11

have occurred and whether Defendants could be liable based upon Plaintiff's allegations in this civil case.

Plaintiff returns to his baseless contentions that Defendants waited too long to bring their Motion to Stay in her argument against the fourth discretionary factor – public interest in the criminal prosecution. She does not dispute that there is always public interest in prosecution of a sexual assailant, but states that Defendants' reasoning is unavailing in light of the delays in filing their motion, the failure to take Plaintiff's deposition regarding her alleged assault, the desire to take McKinnie's deposition, and the contradictory positions taken on whether the alleged sexual assault is assumed to have occurred. First, public interest in the unhindered prosecution of crime is very high, without taint from ongoing discovery in civil litigation. *See Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008). Any alleged delay does not negate the simple fact that a criminal and civil investigation into whether McKinnie raped Plaintiff and, if so, how that occurred involves the same and/or similar evidence and cannot be allowed to proceed simultaneously. The public interest in the prosecution is paramount. Furthermore, the evidence developed in the prosecution will be preserved and used by both parties in this civil case. No party in this case can be permitted to interfere with the criminal case.

For the fifth discretionary factor, the Court looks at potential prejudice to the Plaintiff. Where the Plaintiff suffers no detriment, other than waiting for another crucial element of her case to be determined in a court of law, there is no prejudice. Plaintiff calls a complete stay of proceedings a "drastic relief" which will rob Plaintiff of the power to take depositions to preserve evidence to be admissible later at trial, and to prevent resulting prejudice when witnesses forget or become unavailable. It is notable that Plaintiff now believes these witnesses and parties to have valuable time sensitive information of which she must rush to preserve a record, in light of her

arguments against the third discretionary factor that these witnesses have *no relevant information* as they possess *no knowledge* of the actual occurrence of the underlying incident. Essentially, Plaintiff now wishes to rush to depose the very parties she just claimed had no utility to the sexual assault investigation. It is hard to see how Plaintiff will be prejudiced when the stay is being imposed to allow the criminal case to proceed without interference and that same discovery, statements and testimony in the criminal case will be preserved for use in this civil case once the criminal case is concluded. There is no prejudice to Plaintiff in waiting for the criminal case to conclude. To the contrary, the criminal investigation by both the prosecution and defense may secure evidence which cannot be secured in the civil case at this time and for which may be unknown by the parties in the civil case at this time because of the ongoing criminal investigation.

Finally, Plaintiff argues Defendants would suffer no prejudice if the stay were denied as none of the Defendants claim to have knowledge of the sexual assault, making it unlikely for them to be called in the criminal case. This argument misses the point. Defendants' knowledge or lack thereof is irrelevant to whether they would be prejudiced without the benefit of knowing the evidence elicited in the criminal investigation and at trial. The evidence in the ongoing criminal investigation is currently not discoverable in this case. Both parties will learn more after the criminal case has concluded.

Second, the Seventh Circuit treats actions brought against individual defendants in their official capacities as suits brought against the government entity itself. *See Walker v. Sheahan*, 526 F.3d 973, 976 (7th Cir. 2008); *see also Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) ("the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city. . . . This makes no practical difference; the city is liable for the official actions of its senior policy-making official. . . . But nothing was added by suing the mayor in his official

capacity.") (internal citations omitted); *Davis v. Vill. of Hazel Crest*, Case No. 17-cv-3724, 2018 WL 835224, at *6 (N.D. Ill. Feb. 13, 2018) ("The Court agrees that Plaintiff's federal claims against the Individual Defendants in their official capacities are duplicative of his federal claims against the Village."); *Willis v. Bell*, 726 F. Supp. 1118, 1124 (N.D. Ill. 1989) ("adding the official capacity claim in the present situation 'makes no practical difference,' there is no reason to retain [the Individual Defendants] as ... part[ies] to this action."). Thus, a claim against Sheriff Dart is the same as a claim against the Cook County Sheriff's Office itself. Accordingly, Plaintiff's suit is technically also against the CCSO, whose initial investigation revealed deeply contradicting aspects of Plaintiff's story and testimony with regard to the alleged underlying incident.

The stay will prevent simultaneous adjudication of the same issues encroaching on another courts' jurisdiction and authority. The alleged sexual assault is a core issue in this case of which the truth is being presently adjudicated in the criminal case. This Court must allow the criminal case to proceed without interference by the civil case. The six discretionary factors weigh heavily in favor of a stay pursuant to *Younger*. This Court should grant a stay of these proceedings until the underlying criminal trial has concluded.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Defendants' Motion to Stay is Granted;
2. Case No. 23-cv-1851 is stayed pending resolution of Steven McKinnie's criminal charges pending in the Circuit Court of Cook County, Illinois, Case No. 22CR0658801; and
3. any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By:   */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants Cook

County and Cook County Sheriff's Office

/s/William B. Oberts_____
William B. Oberts
Counsel for Defendants Purcell, Chengary,
Waltz, and Rahn

/s/John C. Coyne_____
John C. Coyne
Counsel for Defendant Nealon

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com

**Tribler Orpett & Meyer, P.C.**
William B. Oberts
225 W. Washington Street, Suite 2550
Chicago, IL 60606
Phone: 312-201-6400
Email: wboberts@tribler.com

**Law Offices of John C. Coyne**
John C. Coyne
53 West Jackson Blvd., Suite 1750
Chicago, IL 60604
jcc@johnccoynelaw.com
Phone: 312-929-4308

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Joint Reply in Support of Their Motion to Stay** was filed on September 27, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

/s/ Zachary Stillman
Zachary Stillman