**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| ANGELICA JUNIOUS | ) | | Case No. 22-CV-03681 |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| W. Baker, *et al.* | ) | | |
| | ) | Judge: | Edmond E. Chang |
| Defendants. | ) | Magistrate: | Maria Valdez |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE FACT DISCOVERY**

Plaintiff Angelica Junious, by and through her attorneys, respectfully submits this Response in Opposition to Defendants' Joint Motion for Extension of Time to Complete Fact Discovery. For the reasons set forth below, the Motion should be denied.

## INTRODUCTION

On December 30, 2021, Angelica Junious was raped in her cell after Cook County Jail employees placed her in a cell next to a male detainee and then left that male detainee's cell door unsecured. On July 15, 2022, she filed this lawsuit. Four years later, after years of delay and just fifteen days prior to the close of fact discovery, Defendants have suddenly manufactured all sorts of excuses to keep discovery open and delay further Plaintiff's day in court.

The close of discovery has not been a surprise. This Court has extended discovery multiple times in the last year. Plaintiffs were not the cause of those extensions – those extensions occurred because of a flurry of last-minute deposition cancellations and Defendants' continuous failure to produce documents as promised. In fact, Plaintiff filed a Motion to Compel for the express purpose of making sure that the fact discovery date would not be extended further. At each of those intervals (and at any point during the last four years), Defendants had every opportunity to raise

the concerns that they raise now. Defendants did not. Instead, they suddenly ambushed Plaintiff with a litany of complaints through late Friday afternoon on the day Plaintiff intended to file the Joint Status Report. Together, they have become Power Rangers of delay, working in unison to deny Plaintiff an opportunity to get justice for the rape she suffered because of Defendants' own negligence.

Keeping the fact discovery deadline also matters for another related reason. On June 10, 2026, Plaintiff asked Judge Chang to set a trial date. Judge Chang indicated that he would consider setting a trial date after the close of discovery. Notably, at the hearing Judge Chang asked Defendants if they intended to file summary judgment motions. Every single Defendant indicated that they intend to do so. Despite such affirmations to Judge Chang, Defendants now suggest that there are more questions of fact to discover. Plaintiff urges this Court to hold steadfast to the discovery deadline in this case, which began *1,490* days ago.

**BACKGROUND**

1. On December 30, 2021, while incarcerated at the Cook County Jail, Plaintiff Angelica Junious was sexually assaulted when a male detainee entered her cell.

2. The assault occurred because Defendants failed to secure the cell door.

3. On July 15, 2022, Plaintiff filed this action.

4. In response to Defendants' First Set of Requests for Production, Plaintiff identified her medical and mental health treatment providers. (Exhibit A.)

5. Defendants' Motion cites that response.

6. The identities of those providers have, therefore, been known to Defendants since that response was served.

7. On April 21, 2026, Plaintiff filed a Motion to Compel seeking, among other things, a concrete deposition schedule that would allow fact discovery to close on time, which the Court denied. (Exhibit B.)

8. On July 6, 2026, this Court entered a Scheduling Order. (*See* Dkt. 240 at Exhibit C.)

9. That Order set the fact discovery deadline at August 19, 2026, and required that all written discovery be issued no later than forty-five days before the close of fact discovery.

10. On August 4, 2026, fifteen days prior to the close of fact discovery, Defendants filed the instant Joint Motion for Extension of Time, seeking a thirty-day extension to September 19, 2026. (*See* Dkt. 245. at Exhibit D.)

11. On August 4, 2026, the same day the Motion was filed, Defendants Karen Purcell, Corinne Chengary, Ryan Walz, and Jessica Rahn issued nine subpoenas *duces tecum* to Plaintiff's medical and mental health providers, commanding production on August 18, 2026. (Exhibit E.)

12. No notice was served on Plaintiff or any other party before those subpoenas were served on the recipients, as Rule 45(a)(4) requires.

13. On August 7, 2026, Defendant Nealon filed a Motion that seeks to force Plaintiff to sit for a second deposition. (Exhibit F.)

14. The parties have submitted several joint status reports and have conducted numerous meet-and-confer conferences over the course of this litigation.

15. The matters Defendants now advance as grounds for an extension were not raised in any of them until the day the joint status report was due to be filed.

**ARGUMENT**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In assessing good cause, the primary consideration is the diligence of the party seeking the modification. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). The good cause standard requires the movant to show that the scheduling order's deadlines cannot be met despite the movant's diligent efforts; and, it obligates the moving party to provide an adequate explanation for any delay. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988-91 (10th Cir. 2019).

The factor on which courts are most likely to focus is the relative diligence of the lawyer who seeks the change. *Id.* Good cause is likely to be found where the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing the request would create a substantial risk of unfairness to that party. *Id.* Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief, and mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause. *Id.*

## I. The Identities of Plaintiff's Treatment Providers Were Disclosed Years Ago.

On August 4, 2026, the same day the Motion for Extension was filed by some Defendants, other Defendants issued nine subpoenas *duces tecum* to the several treatment providers, without the notice Rule 45(a)(4) requires and returnable on the date this Motion is scheduled to be heard. (Exhibit E.) Defendants now ask this Court for more time to obtain records that they have sought improperly, despite having years to issue subpoenas for this very information.

Defendants claim they "do not yet have all records necessary to evaluate Plaintiff's treatment history," and they list ten providers. (Dkt. 245 ¶ 3(b).) Defendants' own footnote supplies the answer to this point: the list comes from Plaintiff's response to Defendants' First Set

of Requests for Production, which was provided to Defendants in 2023. (Dkt. 245 ¶ 3(b) n.1.) Plaintiff identified these providers when Defendants first asked and without delay. Plaintiff simultaneously gave Defendants medical authorization forms to make it even easier for Defendants to collect such records. Defendants sat on their hands for 3 years and did nothing. The subpoenas do not support the extension. If anything, they show that the records could have been sought at any point over the past four years.

Defendants' conduct is the opposite of the diligence Rule 16(b)(4) requires. The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements, and where the record demonstrates that a party made only minimal efforts to satisfy the scheduling order's requirements, there is no need to explore beyond the diligence criterion. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Courts reviewing rulings under Rule 16(b) focus in the first instance, and usually solely, on the diligence of the party who sought modification of the order. *Id.*

Defendants harbored no uncertainty about what records existed, where they were held, or whom to ask. They had the answer to each of those questions from Plaintiff's response to their own first set of requests for production. They waited. The Seventh Circuit has held that a party who knew the facts underlying its request well before the governing deadline, and failed to act in a timely manner, has not shown good cause. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). There, the party conceded that it had harbored the suspicions underlying its proposed amendment months before it filed its original complaint, and the court held that it could not establish good cause for a request made nine months after the prescribed deadline. *Id.*

The same principle governs here. Defendants have had the identities of these providers for years. They served the subpoenas on the day they filed this Motion. That sequence establishes a lack of diligence, not good cause.

**II. Plaintiff Has Responded to Cook County's Second Set of Written Discovery Requests.**

Cook County states that Plaintiff has not yet served responses to a second round of written discovery requests, and that "[u]ntil those responses are received and reviewed, Cook County cannot determine whether additional discovery or related deposition testimony will be necessary." (Dkt. 245 ¶ 3(a).) Last week, Plaintiff responded to those requests. There are no more documents for Plaintiff to produce in response to such requests. This so-called basis for needing an extension is, therefore, moot.

**III. The Rule 30(b)(6) Deposition Is Scheduled to Occur on August 17, 2026.**

Cook County suggests that it needs an extension because it "has objected to the scope of certain topics"; "some topics may require testimony from more than one representative"; and the parties are "continuing to meet and confer." (Dkt. 245 ¶ 3(c).) Oddly enough, Defendants do not highlight to the Court that the 30(b)(6) deposition is already scheduled to take place on Monday, August 17, 2026.

Furthermore, the topics in Plaintiff's amended Rule 30(b)(6) notice are not novel. They address the same subject matters the parties have examined in deposition after deposition in this case: the conditions on the tier, the securing of cell doors, the policies governing detainee supervision, and the response to the assault. Cook County has had this notice since July 23, 2026, and had the original notice long before that. Indeed, the amended notice largely provides more specificity and explains better the general topics that were formerly provided. Objections to deposition topics Cook County has held for weeks (and concerning subjects the parties have

explored throughout discovery) do not justify a thirty-day extension of the case-wide fact discovery deadline. This Court should deny the Motion.

## IV. This Court Should Deny Defendants' Attempt to Depose Plaintiff for a Second Time.

As part of their unified plan of last-second delay, yet another Defendant just filed a motion to seek a *second* deposition of Angelica, who was raped in her cell because of Defendants' own negligence. Plaintiff intends to respond fully to that accompanying motion. In short, Plaintiff should not be deposed again because, among other things: (1) she already sat through an excruciatingly long deposition after being raped, (2) every conceivable topic was covered during that deposition, (3) new counsel does not get to depose previously deposed witnesses just because they are new to a case, (4) Officer Nealon had previous notice of the deposition, and (5) Officer Nealon was even previously represented by Johnson & Bell (who presumably was paid for by the County).

Not only do Defendants lack good cause to depose Angelica for a *second* time, there is also no explanation for Defendants' delay in seeking to depose Angelica for a second time. Defendants waited until the very Friday the last Joint Status Report was due (and just fifteen days prior to the close of discovery) to raise, for the very first time, that they want to depose Angelica for a second time.

## V. All of These Grounds Were Raised, for the Very First Time, on the Day the Joint Status Report Was Due.

This case has produced several joint status reports and many meet-and-confer conferences. Discovery issues of the kind Defendants now describe ordinarily surface in that record as they arise. These did not.

Plaintiff does not ask the Court to draw any conclusion about motive from that sequence. The sequence is relevant for a narrower and more important reason. Rule 16(b)(4) asks whether the party seeking relief was diligent, and diligence is measured by when a party raised a problem, not by when it found the problem useful. Matters raised for the first time on the Friday a status report is due, and just days before close of fact discovery, do not establish diligence.

The Seventh Circuit has held that a party who waited until the last day permitted under a generous schedule acted with insufficient diligence. *Alioto*, 651 F.3d 720. As the court explained, among the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case moving toward trial. *Id.* Defendants have had years to pursue the discovery they now describe. They raised none of it in the prior status reports. They raised none of it in the prior meet and confers. They raised none of it at the many depositions attended by all of the parties. Instead, they raised all of it on the day a joint status report was due, just days before the close of discovery. That timing does not show diligence. This Court should deny Defendants' Motion.

## VI. The Requested Extension Would Postpone the Trial Date and Enlarge, Rather Than Complete, Discovery.

Prejudice to the party opposing modification is a relevant factor in the good cause analysis. *Tesone*, 942 F.3d 989; *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Defendants state that the Motion "is not brought for any improper purpose" and that "[n]o prejudice will result to any party by the granting of this motion." (Dkt. 245 ¶ 4.) Defendants are wrong. The prejudice is the delay; and, that prejudice falls squarely on Plaintiff alone.

The prejudice is concrete and ongoing. Ms. Junious was sexually assaulted on December 30, 2021. She filed this lawsuit on July 15, 2022. She has waited four years for her day in court. As important, the relief Defendants seek would also do more than move one date. On the Motion's own terms, 30 additional days could open the door to further written discovery directed at Plaintiff,

depositions of treating providers "identified through those records," a second deposition of Plaintiff, and whatever "additional discovery" follows from the latest delay strategy. (Dkt. 245 ¶¶ 3(a)-(e).)

Judge Chang made clear that a trial date will be set after fact discovery closes. The extension would, therefore, postpone the setting of a trial date and every other related date. For a plaintiff who has already waited four years, that is certainly prejudice. This Court should deny Defendants' Motion.

## CONCLUSION

For the foregoing reasons, Plaintiff Angelica Junious respectfully requests that this Court deny Defendants' Joint Motion for Extension of Time to Complete Fact Discovery (Dkt. 245), hold the parties to the August 19, 2026 fact discovery deadline set in this Court's July 6, 2026, order (Dkt. 240), and grant such other and further relief as this Court deems just and proper.

**PLAINTIFF, ANGELICA JUNIOUS**
By: /s/ Lindsey D.G. Dates

**THE COCHRAN FIRM – CHICAGO**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Telephone: (312) 262-2880
ldates@henderson-parks.com
mbrooks@cochranfirm.com
Firm No. 62288

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Plaintiff's Response in Opposition to Defendants' Joint Motion for Extension of Time to Complete Fact Discovery** on **August 12, 2026,** with the Clerk of the Court using the CM/ECF system, which will electronically serve all counselors l of record.

/s/ Abie Ikhinmwin