**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANGELICA JUNIOUS,

Plaintiff,

v. No. 2022 CV 3681

SGT. W. BAKER #3159,
R/O C. CHENGARY #16269,
R/LT PURCELL #758,
OFFICER NEALON #18420,
OFFICER WALZ #18563,
OFFICER RAHN #17086,
OFFICER GLAZIERS,
COOK COUNTY SHERIFF TOM DART,
And COOK COUNTY, ILLINOIS,

Defendants.

**DEFENDANT COOK COUNTY'S EMERGENCY MOTION FOR**
**ORDER OF PROTECTION**

Defendant Cook County, by its undersigned attorneys, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 26(c), 30(b)(6), and 37, and Local Rule 37.2, for entry of a protective order staying Plaintiff's currently noticed Rule 30(b)(6) deposition until the parties resolve the scope of the noticed topics and Cook County has a reasonable opportunity to prepare appropriate designees. In support of this Motion, Defendant states as follows:

1. On July 23, 2026, Plaintiff served a Rule 30(b)(6) deposition notice on Cook County identifying thirty-eight topics for examination. (Ex. 1)

2. At no point before or after the notice was served did Plaintiff make any attempt to confer in good faith about the matters for examination as required by Rule 30(b)(6).

3. On August 4, 2026, Defendant served a Rule 37.2 letter objecting to numerous topics as overbroad, vague, compound, disproportionate to the needs of the case, insufficiently particularized under Rule 30(b)(6), and/or beyond the scope of permissible organizational testimony. Defendant also explained that many of the topics potentially implicated distinct entities and areas of responsibility, including Cook County Facilities Management and the Cook County Sheriff's Office. Notwithstanding the objections, Defendant proposed specific meet and confer dates and sought to resolve the dispute without court intervention. (Ex. 2)

4. On August 7, 2026, Plaintiff circulated an amended notice for the 30(b)(6) deposition, this time to all counsel. The amended notice made no substantive changes addressing Defendant's objections. (Ex. 3)

5. On the afternoon of August 13, 2026, less than one business day before the currently noticed deposition, Plaintiff's counsel provided proposed revisions intended to narrow certain Rule 30(b)(6) topics. (Ex. 4)

6. Those proposals did not resolve the objections identified in Cook County's Rule 37.2 correspondence.

7. The burden is compounded by the timing. Plaintiff's proposed revisions were provided shortly before the noticed deposition date, and the parties conducted another deposition in this matter on August 14, 2026. Even assuming the parties could immediately resolve the remaining scope disputes, Defendant has not had a reasonable opportunity to address the revised topics with any Rule 30(b)(6) designees before Monday.

8. Plaintiff's proposed revisions do not resolve Cook County's objections because several topics continue to seek detainee-specific housing and classification decisions, incident-

specific factual narratives, investigative facts, medical issues, and other matters outside the proper scope of Rule 30(b)(6) organizational testimony.

9. Even if Plaintiff's revisions narrowed some topics, Cook County has not had a reasonable opportunity to confer with and prepare any Rule 30(b)(6) designee regarding the revised topics before the noticed deposition date.

10. On August 14, 2026, Cook County advised Plaintiff's counsel that the proposed revisions had not resolved Cook County's objections and that Cook County lacked a reasonable opportunity to address the revised topics with any Rule 30(b)(6) designee before the noticed deposition date. Cook County further advised that it would not proceed with the August 17, 2026 deposition as noticed and would seek a protective order if Plaintiff insisted on proceeding. Plaintiff responded that it intends to proceed with the deposition.

11. Defendant has repeatedly attempted to resolve this dispute without Court intervention.

12. Defendant Cook County remains willing to confer regarding properly narrowed topics and to produce appropriate Rule 30(b)(6) designees after the scope of the deposition is resolved and after it has a reasonable opportunity to prepare any such designees.

13. Good cause exists for protective relief because the noticed deposition, as currently framed and scheduled, would impose undue burden and risk incomplete or improper organizational testimony before the scope of examination has been resolved. A short stay will preserve the parties' ability to complete a proper Rule 30(b)(6) deposition.

WHEREFORE, Defendant Cook County respectfully requests that this Court enter a protective order: (1) staying Plaintiff's currently noticed Rule 30(b)(6) deposition pending resolution of the parties' dispute regarding the scope of the topics; (2) requiring the parties to meet

and confer regarding topics that are reasonably particularized, proportional to the needs of the case, and proper subjects for organizational testimony; (3) allowing Cook County a reasonable opportunity to prepare any appropriate Rule 30(b)(6) designee after the scope is resolved; and (4) granting any other relief the Court deems proper.

Dated: August 14, 2026

Respectfully Submitted,

/s/ Michael J. Schalka

*One of the Attorneys for Cook County and Cook County Sheriff Tom Dart, in his Official Capacity*

Michael J. Schalka
Thomas M. Leinenweber
James V. Daffada
**Leinenweber Daffada & Sansonetti LLC**
120 North LaSalle Street
Suite 2000
Chicago, IL 60602
(312) 663-3003
mjs@ilesq.com
thomas@ilesq.com
jim@ilesq.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 14, 2026, the foregoing Emergency Motion for Order of Protection was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

/s/ Michael J. Schalka