**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELICA JUNIOUS,<br><br>Plaintiff,<br><br>v.<br><br>W. BAKER, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 22-CV-03681<br><br><br><br>Judge: Edmond E. Chang<br><br>Magistrate: Maria Valdez<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO HAVE PLAINTIFF DEPOSED FOR A SECOND TIME**

Plaintiff Angelica Junious, by and through her attorneys, respectfully submits this Response in Opposition to Defendant Officer Jacquetta Nealon's request to have Plaintiff deposed for a second time. For the reasons set forth below, the Motion should be denied.

## INTRODUCTION

On December 30, 2021, Angelica Junious was raped in her cell at the Cook County Jail after jail staff housed a male detainee next to her and left his cell door unsecured. On August 10, 2023, she sat for a full-day deposition and answered hundreds of questions under oath about that assault, her injuries, her treatment, and her time in custody. (Dkt. 247 at Ex. A.) Officer Nealon now asks this Court to make her do it again.

The premise of the Motion is that Officer Nealon was denied the opportunity to have counsel question Plaintiff. The record shows the opposite. Officer Nealon was represented by Johnson & Bell, Ltd. when Plaintiff's deposition was noticed on July 5, 2023. Two Johnson & Bell attorneys signed the notice as "Attorneys for Defendant Nealon." A Johnson & Bell attorney served it. The deposition was set to go forward in Johnson & Bell's own conference room.

(Exhibit A.) On July 28, 2023, less than two weeks before Plaintiff's deposition went forward, Johnson & Bell moved to withdraw. The firm told the Court precisely why: Officer Nealon would not communicate with her lawyers, would not comply with her discovery obligations, and could not be reached by telephone, e-mail, certified mail, or personal service. (Dkt. 78 at ¶¶ 2-4, attached as Exhibit B.)

That is the whole of Officer Nealon's asserted prejudice. It is of her own making. A defendant who will not speak to her lawyers, and whose lawyers withdraw on the eve of a deposition for that reason, does not earn a second deposition of the plaintiff three years later. Rule 30(a)(2) exists to prevent exactly this.

The remainder of the Motion attempts to create a discovery dispute where there is none. More specifically, Officer Nealon contends that she needs to depose Plaintiff to see if Plaintiff's former counsel ever contacted Officer Nealon. In support of that argument, Officer Nealon points to Plaintiff's 2026 interrogatory answers, which state that Plaintiff "is not aware of any such contacts" and claims that such answers are inconsistent with a 2023 status report wherein *Plaintiff's counsel* updated the Court on his efforts to reach Officer Nealon, who had sidestepped the case at every turn (including, apparently, avoiding her own lawyers). There is no inconsistency. More to the point, the theory does not lead where Officer Nealon wants it to go. Officer Nealon was a participant in the communications she asks about now. Plaintiff was not. Deposing Plaintiff cannot produce information about conversations that Plaintiff never had.

Finally, the request is late by any measure. On September 13, 2023, Attorney Coyne appeared for Officer Nealon. (Dkt. 126, attached as Exhibit C.) That was four weeks after the status report — which he now describes as a recent discovery — was filed on the public docket and mailed to the woman who would shortly become his client. On July 31, 2026, just nineteen

days before the close of fact discovery, Officer Nealon raised this issue for the first time. On August 7, 2026, just twelve days before the close of fact discovery, Officer Nealon filed this Motion. This Court should deny the Motion.

## BACKGROUND

On December 30, 2021, while incarcerated at the Cook County Jail, Plaintiff Angelica Junious was sexually assaulted when a male detainee from a neighboring cell entered her cell. On July 15, 2022, Plaintiff filed this action. On January 11, 2023, Plaintiff filed her Amended Complaint, which asserts claims against Officer Nealon for failure to protect, state-created danger, and willful and wanton negligence. (Dkt. 42.) On February 16, 2023, five attorneys from Johnson & Bell, Ltd. filed appearances on behalf of Officer Nealon. On April 17, 2023, Officer Nealon answered the Amended Complaint through that firm. (Dkt. 56-60; Dkt. 69.) Johnson & Bell appeared as Special Assistant State's Attorneys; and the Cook County State's Attorney retained and indemnified the firm on Officer Nealon's behalf. (Dkt. 78, attached as Exhibit B.)

On July 5, 2023, Plaintiff's deposition was noticed for July 25, 2023, *to be taken at Johnson & Bell*, 33 W. Monroe Street, Suite 2700, Chicago, Illinois. (Exhibit A.) Monica Burkoth and Lisa M. McElroy of Johnson & Bell signed that notice above the designation "Attorneys for Defendant Nealon"; and Ms. McElroy executed the proof of service as "One of the attorneys for Defendant Nealon." (Exhibit A.)

On July 28, 2023, Johnson & Bell moved to withdraw as counsel for Officer Nealon. (Dkt. 78, attached as Exhibit B.) The firm stated that "[t]here exists a material breakdown in communication between Defendant Officer Nealon #18420 and her counsel"; that counsel was "unable to adequately represent" her "as a result of this breakdown in communication"; and that "[d]espite numerous attempts to reach Officer Nealon #18420 via telephone, email, certified mail

and personal service, the undersigned has been unable to establish contact with Officer Nealon #18420 or gain compliance from Officer Nealon #18420 with her discovery obligations." (Dkt. 78 at ¶¶ 2-4.) The firm also confirmed that it had previously notified Officer Nealon of its intent to withdraw and had sent her the motion by regular and overnight mail. (Dkt. 78 at ¶ 5.)

On July 31, 2023, an amended notice reset Plaintiff's deposition to August 10, 2023. (Exhibit D.) Johnson & Bell's attorneys remained on the service list for that notice as "Attorneys for Defendant Officer Nealon." (Exhibit D.) On August 2, 2023, the Court granted the motion to withdraw and ordered that Officer Nealon would be deemed in default if she failed to answer outstanding discovery by August 16, 2023. (Dkt. 89.)

On August 10, 2023, Plaintiff was deposed. She answered hundreds of questions from counsel for the Defendants. (Dkt. 247 at Ex. A.) The examination covered the gamut of issues presented in this case.

On August 16, 2023, Plaintiff's then-counsel filed a status report (the same status report that Officer Nealon now complains about), which advised the Court that Officer Nealon had come into substantial compliance with the August 2, 2023, order. (Dkt. 101, attached as Exhibit E.) That status report simply relayed, among other things, that Officer Nealon had no responsive documents and was available to be deposed by Zoom on August 25, 2023. (Dkt. 101 at ¶¶ 3-4.) The report was filed on the public docket and mailed to Officer Nealon at her home address. (Dkt. 101 at 4.)

On July 31, 2026, the day the Joint Status Report was due to be filed, Officer Nealon's counsel stated for the first time that he intended to depose Plaintiff. Plaintiff's counsel objected the same day and asked that the request be presented by motion. On August 3, 2026, Officer Nealon's counsel sent a Rule 37.2 e-mail raising, also for the first time, the asserted inconsistency

between Plaintiff's 2026 interrogatory answers and the August 16, 2023, status report. (Exhibit F.) Plaintiff's counsel responded the same afternoon. (Exhibit G.) On August 7, 2026, just twelve days before the close of fact discovery, Officer Nealon filed this Motion. (Dkt. 247.)

## ARGUMENT

A party must obtain leave of court to depose a person who "has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). The language of Rule 30(a)(2)(A)(ii) is unambiguous: leave to take a successive deposition must be obtained. *In re Sulfuric Acid Antitrust Litig.*, 2005 U.S. Dist. LEXIS 17420 (N.D. Ill. Aug. 19, 2005). Leave is granted only "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). The burden of satisfying that standard rests on the party seeking the second deposition. Officer Nealon has not carried it.

Rule 26(b)(1) permits discovery only to the extent it is proportional to the needs of the case, weighing the burden or expense of the proposed discovery against its likely benefit. *Deal Genius, LLC v. O2Cool, LLC*, 682 F. Supp. 3d 727 (N.D. Ill. 2023) (applying relevance and proportionality limits to contested discovery); *In re Broiler Chicken Antitrust Litig.*, 2018 U.S. Dist. LEXIS 125044 (N.D. Ill. July 25, 2018) (setting out the Rule 26(b)(1) proportionality factors, including whether the burden of the proposed discovery outweighs its likely benefit, and noting the district court's broad discretion in discovery matters).

Rule 26(b)(2)(C) is not permissive. It requires this Court to limit discovery when it "is unreasonably cumulative or duplicative," when it "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). *Prevue Pet Prods., Inc. v. Avian Adventures, Inc.*, 200 F.R.D. 413, 418 (N.D. Ill. 2001) (recognizing the court's authority to limit cumulative or duplicative discovery obtainable

from a more convenient source). Courts weigh the value of the material sought against the burden of providing it, taking into account society's interest in furthering the truth-seeking function. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002).

Because the Motion seeks to add discovery on the eve of a court-ordered deadline, Rule 16(b)(4) also applies. A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The primary consideration in that determination is the diligence of the party seeking the modification. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Ferguson v. Cook Cnty.*, 349 F.R.D. 210 (N.D. Ill. 2025). A party is generally not diligent when in silence it watches a deadline pass even though it has good reason to act. *Allen v. Brown Advisory, LLC*, 41 F.4th 843 (7th Cir. 2022). The timeline of the proceedings is important to the good cause determination. *Adebiyi v. S. Suburban Coll.*, 98 F.4th 886 (7th Cir. 2024). Officer Nealon must, therefore, show more than that a second deposition would be useful to her current lawyer. She has shown neither need nor diligence.

## I. The Reason No Lawyer Appeared for Officer Nealon Was Her Own Refusal to Communicate with the Counsel Who Noticed the Deposition.

### A. Officer Nealon's Own Lawyers Noticed Plaintiff's Deposition and Set It at Their Own Office.

Officer Nealon frames the Motion around a single asserted fact: that "no attorney asked questions on behalf of Defendant Nealon" at Plaintiff's deposition. (Dkt. 247 at ¶ 9.) That framing omits how the deposition came to be scheduled in the first place. On July 5, 2023, when Plaintiff's deposition was noticed, Officer Nealon was represented by five attorneys from Johnson & Bell, Ltd. Her lawyers did not merely receive notice of the deposition. They signed the notice. They served the notice. They set the deposition in their own conference room at 33 W. Monroe Street, Suite 2700. (Exhibit A.) On July 31, 2023, when the deposition was reset to August 10, 2023, Johnson & Bell remained on the service list as counsel for Officer Nealon. (Exhibit D.)

Officer Nealon, therefore, had counsel of record throughout the scheduling of Plaintiff's deposition. Whatever else the record shows, it does not show *a party* who was kept in the dark. Officer Nealon had the "ample opportunity to obtain the information by discovery in the action" that Rule 26(b)(2)(C)(ii) contemplates, through counsel who acted on her behalf.

### B. Johnson & Bell Withdrew Because Officer Nealon Would Not Communicate with Her Lawyers or Comply with Her Discovery Obligations.

The Motion states only that Officer Nealon's "[t]hen-counsel . . . filed a motion to withdraw as her counsel and was granted leave to withdraw on August 2, 2023." (Dkt. 247 at ¶ 6.) The Motion does not tell this Court why, but Johnson & Bell did. On July 28, 2023, Johnson & Bell represented to this Court that there was "a material breakdown in communication" with Officer Nealon, that the firm was "unable to adequately represent" her because of it, and that "[d]espite numerous attempts to reach Officer Nealon #18420 via telephone, email, certified mail and personal service," the firm was "unable to establish contact" with her or to "gain compliance from Officer Nealon #18420 with her discovery obligations." (Dkt. 78 ¶¶ 2-4, attached as Exhibit B.) Officer Nealon has never disputed that account.

### C. A Party Cannot Manufacture Good Cause Out of Her Own Noncooperation.

The chain of events that Officer Nealon relies upon runs entirely through her own conduct. She stopped communicating with her lawyers. Her lawyers withdrew and told the Court why. Her lawyers were not, therefore, present at a deposition they themselves had noticed. Officer Nealon now asks this Court to treat the last link in that chain as an injury inflicted on her by Plaintiff and force Plaintiff to pay the tab.

Rule 30(a)(2)(A)(ii) does not permit that. Its requirement of leave is unambiguous and is given its plain meaning. Nothing in the Rule converts a movant's own failure to cooperate with her counsel into cause for a second examination of her adversary. *In re Sulfuric Acid Antitrust*

*Litig.*, 2005 U.S. Dist. LEXIS 17420 (N.D. Ill. Aug. 19, 2005). If the Motion were granted, the rule this Court would announce is that a defendant may decline to speak to her lawyers, force their withdrawal days before the plaintiff's deposition, and then obtain a second deposition of the plaintiff on the strength of the resulting absence. That is an incentive no discovery rule should create. It is the opposite of the diligence Rule 16(b)(4) requires.

**II. Plaintiff Has Already Testified at Length on the Pertinent Subject Matters.**

Officer Nealon asserts that the absence of her counsel "foreseeably resulted in the factual bases for the claims specifically alleged against Defendant Nealon remaining underdeveloped." (Dkt. 247 at ¶ 9.) The Motion does not identify a single subject Officer Nealon believes was left unexplored, does not cite a page of the transcript it attaches, and does not explain what question a lawyer for Officer Nealon would ask that was not asked.

On August 10, 2023, Plaintiff answered hundreds of questions about the rape, the condition of the cell doors, the officers on the tier, what she observed and reported, her injuries, and her treatment. (Dkt. 247 at Ex. A.) These are the same subjects on which every claim in this case turns, including the claims against Officer Nealon. Plaintiff was one detainee describing one night. Her account does not change depending on which defendant's lawyer asks about it.

Rule 26(b)(2)(C) forecloses discovery that is "unreasonably cumulative or duplicative" or that the requesting party has "had ample opportunity to obtain." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). A second deposition on subjects already covered at the first is the paradigm of both. *In re Broiler Chicken Antitrust Litig.*, 2018 U.S. Dist. LEXIS 125044 (N.D. Ill. July 25, 2018) (court may limit discovery that is unreasonably cumulative or duplicative, obtainable from a more convenient, less burdensome, or less expensive source, or that the party seeking it has had ample

opportunity to obtain); *Prevue Pet Prods., Inc. v. Avian Adventures, Inc.*, 200 F.R.D. 413, 418 (N.D. Ill. 2001) (same).

## III. The Arrival of New Counsel Is Not Good Cause for a Request Officer Nealon Waited Nearly Three Years to Make.

Stripped of its framing, the Motion's argument is that Officer Nealon's *current lawyer* did not personally take Plaintiff's deposition. New counsel does not acquire a fresh deposition of an opposing party merely by appearing in a case. The rules and obligations run with the *parties*, not the lawyers. Were the rules otherwise, every substitution of counsel in a multi-defendant case would reopen every deposition already taken. Rule 30(a)(2)(A)(ii) would mean nothing.

The timing confirms the point. On September 13, 2023, Attorney Coyne appeared for Officer Nealon. (Dkt. 126, attached as Exhibit C.) He appeared four weeks after the August 16, 2023, status report was filed and one month after Plaintiff's deposition. Between that date and July 31, 2026, the parties took numerous depositions, exchanged written discovery, filed joint status reports, and appeared before this Court. Officer Nealon's counsel did not once ask to depose Plaintiff. He did not raise it in a status report. He did not raise it in a meet-and-confer. He did not raise it at any of the depositions the parties attended together. Indeed, Officer Nealon's counsel announced the request for the very first time on July 31, 2026, the very same day the Joint Status Report was due and just days before the close of fact discovery.

Diligence under Rule 16(b)(4) is measured by when a party raised a problem, not by when the party found it useful to raise. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (party that waited until the last day permitted under a generous schedule was insufficiently diligent). A party is not diligent when in silence it watches a deadline approach despite having every reason to act. *Allen v. Brown Advisory, LLC*, 41 F.4th 843 (7th Cir. 2022). Nor is the

requisite diligence established where delay is shown and the movant offers no reason, or no good reason, for it. *Grimes v. Keramida Env't, Inc.*, 344 F.R.D. 341 (S.D. Ind. 2023).

The timeline here is dispositive. *Adebiyi v. S. Suburban Coll.*, 98 F.4th 886 (7th Cir. 2024) (timeline of the proceedings is important in determining good cause). Officer Nealon did not seek to depose Plaintiff until July 31, 2026, more than thirty-four months after her current counsel appeared and days before the close of fact discovery. She had all the information she needed to make this request far earlier. *Cage v. Harper*, 42 F.4th 734 (7th Cir. 2022) (no good cause where the movant possessed the information supporting the request well before seeking relief). A request first made in the closing days of a four-year-old case, on a subject the movant has known about since the day her counsel appeared, is the opposite of diligence.

## IV. The Manufactured Interrogatory Theory Does Not Support Deposing Plaintiff.

### A. There Is No Inconsistency Between Plaintiff's Answers and the 2023 Status Report.

Officer Nealon contends that Plaintiff's answers to her Second Set of Interrogatories are "(provably) incorrect" because they state that Plaintiff "is not aware of any such contacts" with Officer Nealon, while the August 16, 2023, status report describes communications between Plaintiff's then-counsel and Officer Nealon. (Exhibit F; *see also* Dkt. 247 at ¶¶ 13-15.) The two statements are about different people and different things. Plaintiff's interrogatory answers are her own, verified on her own personal knowledge. Plaintiff has not e-mailed, telephoned, written to, or otherwise communicated with Officer Nealon. Her answers say so accurately.

The August 16, 2023, status report is a different kind of document altogether. It was filed three years ago, by a lawyer who is no longer with the firm and before Plaintiff's current counsel joined it. *More importantly*, it was an administrative case management filing whose purpose was to advise the Court that Officer Nealon had come into compliance with the August 2, 2023, Order.

It provided at least two requested administrative updates: Officer Nealon had no responsive documents, and she was available to be deposed. (Dkt. 101 ¶¶ 3-4, attached as Exhibit E.) The status report reflected the administrative knowledge of Plaintiff's then-counsel, not Plaintiff's personal substantive knowledge. Officer Nealon's own Motion concedes as much, acknowledging that "Plaintiff's Answers to Discovery did not deny any such contact." (Dkt. 247 at ¶ 15.)

Plaintiff's counsel did not conceal the fact that he asked Officer Nealon for an update to provide to the Court. The communications Officer Nealon describes appear in a document Plaintiff's then-counsel filed on the public docket and mailed to Officer Nealon at her home four weeks before her present counsel appeared. A party does not hide a fact by docketing it.

### B. Deposing Plaintiff Cannot Produce Information About What Plaintiff's Lawyers Did.

Even accepting Officer Nealon's premise, the relief does not follow from it. Officer Nealon says she needs to know "the nature and extent" of the 2023 communications between Plaintiff's then-counsel and herself. (Dkt. 247 at ¶ 19.) Plaintiff cannot supply that information for three independent reasons.

First, Plaintiff was not a participant in those communications. That is the entire content of her interrogatory answer. A deposition cannot extract from a witness knowledge she does not have. Second, Officer Nealon was a participant. She placed the calls. She provided the verified answers. She is the person who told Plaintiff's then-counsel that Johnson & Bell had never sent her the production requests, that she had no documents, and that she was available for her deposition. Officer Nealon's counsel has had access to her since September 13, 2023. The information he seeks is, therefore, available from a source that is far "more convenient, less burdensome, [and] less expensive" than a second deposition of Plaintiff. Fed. R. Civ. P. 26(b)(2)(C)(i). Third, to the extent the communications are known to anyone on Plaintiff's side,

they are known to lawyers rather than to Plaintiff. Officer Nealon asks for a deposition of Plaintiff that could not answer her question even if every premise of her Motion were sound.

### C. A Rule 26(g) Complaint About Opposing Counsel Is Not a Basis to Depose a Party.

Much of the Motion is devoted to Rule 26(g) and what Officer Nealon contends Plaintiff's counsel should have disclosed. (Dkt. 247 at ¶¶ 15-16, 18.) Whatever the merits of that contention, it is a complaint about lawyers. Rule 26(g) governs the conduct of the attorney who signs a discovery response. It is not satisfied by ordering the opposing party to sit for a second deposition.

Officer Nealon's own words illustrate the gap. She writes that "[w]hat, if any, efforts Plaintiff made to determine whether contact was made between her attorneys and Defendant Nealon is an inquiry that can be made at her deposition." (Dkt. 247 at ¶ 19.) The proportionality of that inquiry answers itself. Officer Nealon proposes a second full deposition of a sexual assault survivor, just twelve days before the close of fact discovery in a four-year-old case, to ask her what steps she took before verifying an interrogatory answer about conversations she did not have. Measured against the Rule 26(b)(1) factors — the importance of the issues at stake, the parties' relative access to the information, and the burden of the discovery sought — that request fails on its own terms. *Deal Genius, LLC v. O2Cool, LLC*, 682 F. Supp. 3d 727 (N.D. Ill. 2023); *In re Broiler Chicken Antitrust Litig.*, 2018 U.S. Dist. LEXIS 125044 (N.D. Ill. July 25, 2018).

## V. Officer Nealon's Authorities Do Not Establish a Right to a Second Deposition.

Officer Nealon offers two sources of authority. Neither supports the Motion. She first invokes "procedural and substantive due process rights pursuant to the Fifth and Fourteenth Amendments," reasoning that Plaintiff's punitive damages claim puts her personal assets at risk. (Dkt. 247 at ¶¶ 11, 20.) Discovery in federal court is governed by the Federal Rules of Civil Procedure, which have the force of statutes and are accorded their plain meaning. *In re Sulfuric*

*Acid Antitrust Litig.*, 2005 U.S. Dist. LEXIS 17420 (N.D. Ill. Aug. 19, 2005). Officer Nealon cites no authority holding that due process entitles a civil defendant to a second deposition of her adversary. Punitive damages exposure does not enlarge Rule 30.

She next cites authority recognizing a right to "have a full and fair opportunity to depose Plaintiff," citing *Johnson v. Statewide Investigative Servs., Inc.*, 2021 WL 825653 (N.D. Ill. Mar. 4, 2021). (Dkt. 247 at ¶ 20.) That citation does not bear the weight placed on it for two reasons. First, the parties have already had a full and fair opportunity to depose Plaintiff. Indeed, Plaintiff has already been deposed. Second, the cited case involved an accusation that counsel had coached a witness off camera during a remote deposition; and, the court declined to find misconduct or grant relief, resolving the dispute with guidance on remote deposition protocols.

## VI. The Burden of a Second Deposition Falls Entirely on Plaintiff.

Rule 26(b)(1) requires this Court to weigh the burden of the proposed discovery against its likely benefit, considering the totality of the circumstances and society's interest in the truth-seeking function. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002). Here, the benefit is unidentified and the incredible burden on Plaintiff is concrete. Every one of those considerations favors Plaintiff. Plaintiff has already given detailed testimony describing being raped in a jail cell. Officer Nealon asks this Court to require her to do it again, in the final days of fact discovery, so that a lawyer who appeared in September 2023 can cover ground his predecessors were not present to cover because their client would not speak to them. Plaintiff is the person this case is about. Plaintiff is the only person in this dispute who did nothing to create the circumstances of her rape or the purported basis for forcing her to relive it again at a second deposition.

## CONCLUSION

For the foregoing reasons, Plaintiff Angelica Junious respectfully requests that this Court deny Defendant Officer Jacquetta Nealon's Opposed Motion for Leave to Depose Plaintiff (Dkt. 247), hold the parties to the August 19, 2026, fact-discovery deadline set in this Court's July 6, 2026, order (Dkt. 240) and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF, ANGELICA JUNIOUS**

By: /s/ Lindsey D. G. Dates
One of Plaintiff's Attorneys

Lindsey D. G. Dates
Melvin L. Brooks
**THE COCHRAN FIRM – CHICAGO**
140 S. Dearborn Street, Suite 1020
Chicago, Illinois 60603
Telephone: (312) 262-2880
ldates@henderson-parks.com
mbrooks@cochranfirm.com
Firm No. 62288

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and a copy of the document to all counselors of record.

/s/ Abie Ikhinmwin