**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELICA JUNIOUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-CV-03681 |
| | ) | |
| v. | ) | |
| | ) | Judge: Edmond E. Chang |
| W. BAKER, *et al.*, | ) | Referral: Maria Valdez |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'JOINT MOTION TO STRIKE PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT**

Plaintiff Angelica Junious, by and through her attorneys, respectfully submits this Response in Opposition to the Joint Motion to Strike Plaintiff's Second Set of Requests to Admit filed by all Defendants (collectively, "Defendants"). (Dkt. 263.) In support of this Response, Plaintiff states as follows.

**SUMMARY OF PLAINTIFF'S ARGUMENTS**

On August 19, 2026, the Court granted a 30-day extension (until September 18, 2026) to allow for limited clean-up discovery. (Dkt. 256.) On that final day, Plaintiff served 22 short clean-up requests to admit on every Defendant. (Dkt. 263-1.) The clean-up requests are timely.

Plaintiff is genuinely befuddled by Defendants' claim that all written discovery had to issue by May 26, 2026. (Dkt. 263 ¶¶ 1-2.) The Court extended fact discovery through September 18, 2026. (Dkt. 256.) Defendants read that extension to cover depositions alone. Defendants do not cite a single order, rule, or case for the notion that "fact discovery" includes oral discovery but excludes written discovery. The Federal Rules do not recognize that distinction.

In any event, these requests to admit, issued at the close of discovery, are not like interrogatories or document requests that parties serve at the start or in the middle of discovery.

Those devices require a party to gather information and collect documents affirmatively. These requests simply require Defendants to admit or deny facts. They seek only to narrow the issues for summary judgment and trial. Defendants acknowledge as much.

The close of discovery is the most appropriate time to serve requests of this nature because discovery has finally run its course. Defendants can no longer hide behind the excuse that they lack enough information. Indeed, Plaintiff served these requests at the close of discovery for this very reason. Tellingly, a court in this district has permitted such requests even after discovery closed. *Kelly v. McGraw-Hill Cos.*, No. 10 C 4229, 2012 WL 386324, at *1-2 (N.D. Ill. Feb. 7, 2012) (permitted requests that sought "admissions of facts already learned through the discovery process").

Defendants' prior discovery responses help illustrate why the requests matter. On December 30, 2021, Angelica Junious was raped in her cell at the Cook County Jail. Jail staff housed her next to a male detainee, Steven McKinnie, and left the door between them unsecured. Nearly five years later, Defendants still will not admit, in writing, that Ms. Junious and McKinnie occupied cells next to each other. They will not admit, in writing, that the door between those cells was unsecured. When Plaintiff first requested those admissions, Defendants objected that the words "door" and "unsecured" were vague. Two Defendants even objected to a request as ambiguous because of the way it spelled McKinnie's name. These requests define the terms that Defendants have called vague.

The requests are also straightforward. The requests, for example, call on Defendants to "[a]dmit that on December 30, 2021, Angelica Junious was detained in Cell #3149," "[a]dmit that on December 30, 2021, Steven McKinnie was detained in Cell #3151," and "[a]dmit that a detainee could not unsecure the Inner Door of Cell #3149 from inside of Cell #3149." (Dkt. 263-1, Request

Nos. 11, 20-21.) Defendants can admit or deny each one in a single sentence. This Court should deny Defendants' Motion to Strike.

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 36(a)(1), "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either." A request to admit is proper, therefore, when it (1) arrives at a time that the case schedule permits, (2) seeks facts, the application of law to fact, or opinions about either, and (3) falls within the scope of Rule 26(b)(1), which reaches nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 36(a)(1). The party that resists a discovery request bears the burden to show why the request is improper. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). District courts have broad discretion in discovery matters. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

The first condition turns on the purpose of the request. The Seventh Circuit has not decided whether requests to admit are a discovery device subject to discovery cutoffs. *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 605 n.2 (7th Cir. 2002). A court in this district has distinguished requests that seek to discover new facts from requests that seek admission of facts already learned in discovery. *Kelly*, 2012 WL 386324, at *1-2 (permitted requests to admit served after the close of discovery because they did not "seek to conduct discovery, but seek to obtain admissions of facts already learned through the discovery process"). Even when requests arrive late, the Court retains discretion to permit them. *Reitz v. Creighton*, No. 15 C 1854, 2019 WL 5798680, at *1 (N.D. Ill. Nov. 12, 2019) (noted that the district judge allowed requests to admit served three months after the close of discovery and ordered the defendants to answer them).

The second condition limits requests to facts, the application of law to fact, and opinions about either. Fed. R. Civ. P. 36(a)(1)(A). A request may not call on a party to vouch for the truth or falsity of a witness's testimony. *Reitz*, 2019 WL 5798680, at *3. The third condition requires that the requests be relevant and proportional. Rule 26(b)(1) weighs "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 36, moreover, "serves two vital purposes, both of which are designed to reduce trial time." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. Admissions "facilitate proof with respect to issues that cannot be eliminated from the case" and "narrow the issues by eliminating those that can be." *Id.* Plaintiff's requests satisfy each condition.

## I. Plaintiff Timely Served the Requests Within the Fact Discovery Period.

Defendants' timeliness argument depends on a line that neither the Federal Rules nor this Court's orders draw. Defendants accept that fact discovery remained open through September 18, 2026. (Dkt. 263 ¶ 1.) They insist, however, that every written request had to issue months earlier. (*Id.* ¶ 2.) Defendants' view would allow only depositions to proceed after May. Defendants do not support that view with any authority. The Federal Rules treat depositions and written requests alike as tools of fact discovery. Fed. R. Civ. P. 26(b)(1), 30, 33, 34.

Defendants concede that Plaintiff served the requests on September 18, 2026, the last day of fact discovery. (Dkt. 263 ¶ 3.) Defendants nonetheless contend that the Court's extension of fact discovery did not permit requests to admit. (*Id.* ¶ 2.) Defendants point to a May 26, 2026, written discovery deadline from an earlier and superseded schedule. (*Id.* ¶ 1.) Defendants do not explain how that date survived two later extensions of fact discovery. (Dkt. 240; Dkt. 256.) Defendants, in effect, read "fact discovery" to include oral discovery but exclude written

discovery. The extension order does not draw that line. Defendants themselves described the extension as one "to complete discovery." (Dkt. 263 ¶ 1.) The order also authorized Defendant Nealon to issue written deposition interrogatories. (Dkt. 256.) Requests to admit, moreover, are not traditional written discovery at all. Defendants concede that courts split on that question. (Dkt. 263 ¶ 5.) The Seventh Circuit has left it open. *Laborers' Pension Fund*, 298 F.3d at 605 n.2.

Defendants also overstate the law in this district. Defendants claim that this district has adopted the majority view. (Dkt. 263 ¶ 5.) The only decision from this district that Defendants cite, *Reitz*, does not support the relief they seek. The court in *Reitz* observed that requests to admit "are not treated as traditional 'discovery devices' by most courts," even though courts apply to them the dates on which discovery closes. *Reitz*, 2019 WL 5798680, at *1 n.1. The court still left in place an order that allowed requests to admit served three months after the close of discovery. *Id.* at *1. *Kelly* goes further. The court permitted requests served after the close of discovery because they sought admission of facts already learned in discovery. *Kelly*, 2012 WL 386324, at *1-2. The court reasoned that a rule that requires such requests 30 days before the cutoff would force the parties to finish the discovery behind those requests 60 or more days early. *Id.*

Plaintiff's requests fall within the category that *Kelly* protects. They do not seek new information. They call on Defendants to admit or deny facts that, in Defendants' own words, witnesses "have already testified to in depositions." (Dkt. 263 ¶ 6.) Defendants cannot describe the requests as duplicative of the record and, in the same Motion, treat them as new discovery.

## II. The Requests Seek Fact Admissions.

Defendants contend, based on *Reitz*, that the requests improperly call on them to "affirm the truth or falsity of testimony." (Dkt. 263 ¶ 6.) The requests do not mention any testimony. The requests in *Reitz* offered the plaintiff's interpretation of deposition testimony and called on the defendants to admit or deny that interpretation. *Reitz*, 2019 WL 5798680, at *3. Plaintiff's

requests, by contrast, address the cells, the doors, the policy, and the events of December 30, 2021. Request No. 20 seeks an admission that Ms. Junious was detained in Cell #3149. Request No. 21 seeks an admission that McKinnie was detained in Cell #3151. Request No. 15 seeks an admission that Cook County Department of Corrections policy required that male and female detainees be separated by sound. (Dkt. 263-1 at 8.) Each request concerns a fact or the application of law to fact. Rule 36(a)(1)(A) permits exactly that.

Witness testimony on the same subjects does not make the requests improper. A matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Rule 36 exists to turn facts that the record already supports into admissions that bind the parties. The parties then need not prove those facts at trial. Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. Defendants also argue that the requests would "alter the evidence of record" because Defendants have already deposed Plaintiff's expert. (Dkt. 263 ¶ 7.) An admission does not alter the record. It removes a fact from dispute. If Defendants admit a fact, the expert's assumption about that fact stands confirmed. If Defendants deny it, the record remains what it was on the day of the expert's deposition. Defendants do not identify any request that would require the expert to revise an opinion.

## III. The Requests Are Relevant and Proportional to the Needs of the Case.

Defendants do not dispute that the requests are relevant. The requests address where the Jail held Ms. Junious and McKinnie, whether the doors between them were secured, what policy required, and what McKinnie did. Those facts sit at the center of Plaintiff's claims. Each proportionality factor also favors the requests.

### A. The Requests Call on Defendants to Admit, in Writing, Facts that Should Now Be Undisputed.

The requests narrow the issues that remain for summary judgment. The record now shows where the Jail held Ms. Junious and McKinnie, how the doors between their cells operated, and what Jail policy required. Defendants, however, have not admitted those facts in writing. On November 25, 2025, Plaintiff served her first set of requests to admit on all Defendants. (Exhibit A, Plaintiff's Requests at 7.) Defendants answered those requests in December 2025 and January 2026. Fact discovery then remained open for more than eight months.

At that time, every Defendant that answered claimed that the information then available was insufficient to admit or deny that McKinnie assaulted Ms. Junious. (*Id.*, Cook County Responses at 3; Dart Responses at 3; Baker Responses at 3; Purcell Responses at 3; Chengary Responses at 3; Walz Responses at 3; Rahn Responses at 3.) Six Defendants did not admit that Ms. Junious occupied a cell that adjoined McKinnie's cell. (*Id.*, Cook County Responses at 2; Dart Responses at 2; Purcell Responses at 1; Chengary Responses at 1; Walz Responses at 1; Rahn Responses at 1.) Cook County and Sheriff Dart objected to a request about McKinnie's plea agreement as "vague and ambiguous" because of the way it spelled McKinnie's name. (*Id.*, Cook County Responses at 5-6; Dart Responses at 5-6.) Five Defendants quarreled with the term "adjoining cells." (*Id.*, Baker Responses at 6; Purcell Responses at 6-7; Chengary Responses at 6-7; Walz Responses at 6-7; Rahn Responses at 6-7.) Defendants Purcell, Chengary, Walz, and Rahn objected that the words "door" and "unsecured" were vague. (*Id.*, Purcell Responses at 2-3; Chengary Responses at 2-3; Walz Responses at 2-3; Rahn Responses at 2-3.)

The requests now at issue put these questions to Defendants on a complete record and in defined terms. Request Nos. 18 through 21 address the cell assignments directly. (Dkt. 263-1 at 8.) The requests define "Inner Door," "Connecting Space," and "secured." (*Id.* at 4.) Request

No. 9 specifically names the offense to which McKinnie pleaded guilty. (*Id.* at 7.) The requests do not revisit Defendants' earlier answers. They call on Defendants to confirm, in writing, what the record now shows. The parties and the Court may then focus summary judgment on the issues that actually remain.

**B. Requests at the Close of Discovery Serve the Purpose of Rule 36.**

Requests to admit at the start of discovery and requests to admit at its close serve different functions. Early requests often seek information that the party who serves them does not yet have. Requests at the close of discovery confirm facts that the record has already established. The parties then need not prove those facts at summary judgment or trial. *Kelly*, 2012 WL 386324, at *1-2. Requests of the second kind advance both purposes that the Advisory Committee identified. They facilitate proof of the issues that remain and eliminate the issues that do not. Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. Written admissions that Ms. Junious occupied Cell #3149 and McKinnie occupied Cell #3151, for example, will spare the parties and the Court the need to establish those facts by other means at summary judgment or trial.

**C. The Requests Impose a Minimal Burden.**

Defendants do not contend that the requests impose an undue burden. They could not. The set contains 22 requests. Each addresses a single fact. (Dkt. 263-1 at 5.) Most concern the cells to which the Jail assigned Ms. Junious and McKinnie, the policy that required the Jail to separate male and female detainees, and the employees who had to secure the doors. (*Id.*, Request Nos. 10, 15-16, 20-21.)

**<u>CONCLUSION</u>**

WHEREFORE, Plaintiff Angelica Junious respectfully requests that this Court: (1) deny Defendants' Joint Motion to Strike Plaintiff's Second Set of Requests to Admit (Dkt. 263); (2)

order each Defendant to answer Plaintiff's Second Set of Requests to Admit within 14 days of the Court's order; and (3) grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF, ANGELICA JUNIOUS**

By: /s/ Lindsey D. G. Dates

Lindsey D. G. Dates
Melvin L. Brooks
**THE COCHRAN FIRM CHICAGO**
140 S. Dearborn Street, Suite 1020
Chicago, Illinois 60603
Telephone: (312) 262-2900
ldates@henderson-parks.com
mbrooks@cochranfirm.com
Firm No. 62288

**CERTIFICATE OF SERVICE**

On October 12, 2026, I electronically filed Plaintiff's Response in Opposition to Defendants' Joint Motion to Strike Plaintiff's Second Set of Requests to Admit with the Clerk of the Court through the CM/ECF system. The CM/ECF system will send notice of this Response to all counsel of record.

/s/ Lindsey D. G. Dates