**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELICA JUNIOUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-CV-03681 |
| | ) | |
| v. | ) | |
| | ) | Judge: Edmond E. Chang |
| W. BAKER, *et al.*, | ) | Referral: Maria Valdez |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO STRIKE THE UNTIMELY REBUTTAL EXPERT REPORT OF HAYDEN P. SMITH**

Pursuant to Federal Rules of Civil Procedure 16(f) and 37(c)(1), Plaintiff Angelica Junious, by and through her attorneys, respectfully moves this Court to strike the rebuttal expert report of Hayden P. Smith, Ph.D., which Defendants served one day after the Court's deadline. Plaintiff further moves for an order that Defendants may not use Dr. Smith or his opinions in this case. In support of this Motion, Plaintiff states as follows.

**INTRODUCTION**

This Court has extended the discovery schedule in this four-year-old case multiple times. (Dkt. 240; Dkt. 256; Dkt. 261.) On September 28, 2026, the Court set October 18, 2026, as the deadline to disclose rebuttal experts. (Dkt. 261.) Defendants missed that October 18, 2026, deadline. On October 19, 2026, they served the rebuttal report of Dr. Smith, one day late. (Exhibit A.) Defendants did not move for more time before or after the deadline. They did not ask Plaintiff to agree to an extension. They did not offer any explanation.

The missed deadline is not an isolated lapse. It caps a sequence that began when Defendants obtained more time from this Court on a promise of an expert opinion that never came. Indeed, on August 4, 2026, Defendants told the Court in their written Motion that they needed

more time to gather information for "the parties' anticipated expert opinions." (Dkt. 245 ¶ 3(b).) Counsel for Defendants also repeated that representation in open court. Based, in part, on such representations, the Court granted the extension. (Dkt. 256.)

The September 11, 2026, deadline for initial expert disclosures came and went, even though Plaintiff's counsel reminded all parties that morning that "all parties should disclose any expert opinions today." (Exhibit B.) Defendants did not disclose an affirmative expert. Instead, Defendants waited for the rebuttal stage *and then missed that deadline too*. Plaintiff requests, therefore, that the Court strike the Smith Report and order that Defendants may not use Dr. Smith or his opinions in this case.

## BACKGROUND

On July 15, 2022, Plaintiff filed this action. On July 6, 2026, this Court set August 19, 2026, as the close of fact discovery, September 11, 2026, as the deadline to disclose initial experts, and October 4, 2026, as the deadline to disclose rebuttal experts. (Dkt. 240.)

On August 4, 2026, Defendants moved for a 30-day extension of fact discovery. (Dkt. 245.) Plaintiff opposed the Motion. (*Id.* ¶ 5.) Defendants told the Court that they needed more time to gather information for "the parties' anticipated expert opinions." (*Id.* ¶ 3(b).) Counsel for Defendants repeated that representation in open court at the hearing on the Motion. On August 19, 2026, the Court granted the Motion and extended fact discovery to September 18, 2026. (Dkt. 256.) The parties later reported to the Court that the Motion "primarily focused on two issues: (1) expert disclosures and (2) Defendant Nealon's request to depose Plaintiff a second time." (Dkt. 260 at 2.)

On September 11, 2026, Plaintiff disclosed her expert, Richard Lichten, and served his report that day. (Exhibit B.) Defendants did not disclose an expert. On September 25, 2026, the

parties jointly reported to the Court that "Defendants have not disclosed an expert." (Dkt. 260 at 3.) Defendants have not disclosed an affirmative expert since.

The Court also extended the rebuttal disclosure deadline by two weeks, "from October 4, 2026, to October 18, 2026." (Dkt. 260 at 3; Dkt. 261.) The Court set October 18, 2026, as the deadline to disclose rebuttal experts and November 1, 2026, as the deadline to depose them. (Dkt. 261.)

On Sunday, October 18, 2026, the rebuttal deadline passed without a disclosure from Defendants. Defendants did not move for more time. They did not ask Plaintiff to agree to an extension. Indeed, at 4:18 p.m. on Monday, October 19, 2026, more than 16 hours after the deadline expired, counsel for Defendants e-mailed a Rule 26(a)(2)(B) disclosure of Dr. Smith with his report (the "Smith Report") and curriculum vitae. (Exhibit A.) The e-mail stated only, "Attached please find Defendants' expert disclosure." (*Id.*) Neither the e-mail nor the disclosure acknowledged the deadline or explained the delay. (*Id.*) The report bears the date October 19, 2026. (Smith Report at 1.) Dr. Smith declared that he executed the report "on October 19, 2026." (*Id.* at 19.)

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), a party "must make these disclosures at the times and in the sequence that the court orders." Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party that fails to make a required disclosure "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). The burden rests on the party that missed the deadline. *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Pursuant

to Federal Rule of Civil Procedure 16(f)(1)(C), the Court may also "issue any just orders" when a party "fails to obey a scheduling or other pretrial order."

## I. Defendants Served the Smith Report After the Court's Deadline.

The Court set October 18, 2026, as the deadline to disclose rebuttal experts. (Dkt. 261.) Defendants served the Smith Report on October 19, 2026. (Exhibit A.) The report was late. Rule 26(a)(2)(D) does not carve out a grace period for delay. The Seventh Circuit has said so plainly: "We live in a world of deadlines. . . . A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

### A. The October 18th Deadline Did Not Roll Forward to Monday.

Defendants may contend that the deadline moved to Monday because October 18, 2026, fell on a Sunday. The deadline did not move. Federal Rule of Civil Procedure 6(a)(1)(C), which extends a time period that ends on a weekend to the next business day, does not apply where, as here, the Court sets a fixed date. As the Advisory Committee has aptly explained, the time-computation provisions "do not apply when a fixed time to act is set." Fed. R. Civ. P. 6 advisory committee's note to 2009 amendment. "If, for example, the date for filing is 'no later than November 1, 2007,' subdivision (a) does not govern." *Id.* Indeed, the Advisory Committee merely adopted the rule of *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005), which held that Rule 6(a) does not reach a deadline that a court sets on a specific calendar date. *Id.*

Here, the Court did not give the parties a period to compute. The Court set a date certain, October 18, 2026. (Dkt. 261.) Defendants ignored the deadline. Dr. Smith did not even sign his report until Monday, October 19, 2026. (Smith Report at 19.)

### B. Defendants Did Not Seek Leave Before or After the Deadline.

A party that needs more time must ask for it. Pursuant to Federal Rule of Civil Procedure 6(b)(1), the Court may extend a deadline for good cause on a request made before the time expires, or "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Defendants did neither. They did not move to extend the deadline before October 18, 2026. They did not move after it passed. Defendants served the report a day late and did not say anything about the delay. (Exhibit A.)

## II. Defendants Obtained an Extension on the Promise of Expert Opinions that They Never Disclosed.

Defendants made the same representation twice, once on paper and once in open court. On August 4, 2026, Defendants represented in their written Motion that they needed more time to gather information for "the parties' anticipated expert opinions." (Dkt. 245 ¶ 3(b).) Counsel for Defendants then repeated that representation to the Court at the hearing on the Motion. The Court granted the extension to, in part, give Defendants more time to prepare expert disclosures. (Dkt. 256.) The parties later confirmed that basis in their Joint Status Report. (Dkt. 260 at 2.)

Defendants did not use the time that their representations bought to disclose affirmative opinions. Defendants waited until the rebuttal period and then missed that deadline as well. (Dkt. 260 at 3; Dkt. 261; Exhibit A.) A party that obtains the Court's indulgence on a promise of expert work, does not deliver it, and then misses the extended deadline cannot ask the Court to excuse the result. "If the court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless." *Spears*, 74 F.3d at 157 (district court order quoted with approval).

## LOCAL RULE 37.2 STATEMENT

Pursuant to Local Rule 37.2, counsel for Plaintiff states that, on October 21, 2026, Lindsey D. G. Dates sent an e-mail to counsel for Defendants in a good faith attempt to resolve the issues raised in this Motion. Plaintiff's counsel had not received a response by the time Plaintiff filed this Motion.

## CONCLUSION

WHEREFORE, Plaintiff Angelica Junious respectfully requests that this Court: (1) strike the Rebuttal Expert Report of Hayden P. Smith, Ph.D., dated October 19, 2026; (2) order that Defendants may not use Dr. Smith or his opinions to supply evidence on a motion, at a hearing, or at trial; and (3) grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF, ANGELICA JUNIOUS**

By: /s/ Lindsey D. G. Dates
Lindsey D. G. Dates
Melvin L. Brooks
**THE COCHRAN FIRM CHICAGO**
140 S. Dearborn Street, Suite 1020
Chicago, Illinois 60603
Telephone: (312) 262-2900
ldates@henderson-parks.com
mbrooks@cochranfirm.com
Firm No. 62288

**CERTIFICATE OF SERVICE**

On October 21, 2026, I electronically filed Plaintiff's Motion to Strike the Untimely Rebuttal Expert Report of Hayden P. Smith with the Clerk of the Court through the CM/ECF system. The CM/ECF system will send notice of this Motion to all counsel of record.

/s/ Lindsey D. G. Dates